**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

———————————————————————

|  |  |  |
|---|---|---|
| **FIDELITY BROKERAGE SERVICES LLC,**<br>**900 Salem Street**<br>**Smithfield, RI 02917,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:20-cv-2133** |
| | : | |
| **JENNIFER TAYLOR,** | : | |
| **606 Prairie Avenue** | : | |
| **Glen Ellyn, IL 60137** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

———————————————————————

## [PROPOSED] INJUNCTION ORDER

This Court, having read and considered the Complaint on file in this action by Fidelity Brokerage Services LLC ("Fidelity"), Fidelity's Motion for a Preliminary Injunction, Fidelity's Memorandum of Law in support thereof, and the Affidavits filed in support thereof, Defendant's Opposition (if any), and being fully advised of the premises, and good cause appearing therefore, hereby finds and orders as follows:

1. Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendant Jennifer Taylor ("Taylor" or "Defendant");

2. Fidelity will suffer irreparable harm if Taylor is permitted to continue to violate her Employee Agreement with Fidelity, and her other legal obligations;

3. Fidelity will suffer irreparable harm if Taylor is permitted to continue to misappropriate and misuse Fidelity's trade secret customer information;

4. Fidelity has no adequate remedy at law;

FP 37494835.1

5.      Greater injury will be inflicted upon Fidelity by denial of injunctive relief than would be inflicted upon Defendant by the granting of such relief;

6.      The issuance of injunctive relief will serve the public interest in the enforcement of valid contracts, protection of proprietary business and customer information and Fidelity's trade secret customer information, and by safeguarding Fidelity's customers' personal and account information; and

7.      Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Fidelity is required to seek interim injunctive relief against Taylor in a court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

For those reasons, **IT IS HEREBY ORDERED THAT**:

1.      The Defendant is hereby enjoined, directly or indirectly, and whether alone or in concert with others, from:

A.      Using, disclosing, transmitting or continuing to possess for any purpose, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, and confidential financial information of Fidelity customers or prospective customers whom Taylor served or whose names became known to her while in the employ of Fidelity; and

B.      Soliciting or inducing, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Taylor served or whose name became known to Taylor while in the employ of Fidelity, including, without limitation, all customers Taylor learned of through her employment with Fidelity.

2

2.      It is further ordered that Defendant, and anyone acting in concert with Defendant, is to return to Fidelity any and all records, information and/or documents in any form, received or removed from Fidelity by Taylor containing information pertaining to customers or prospective customers of Fidelity whom Taylor served or whose name became known to Taylor while in the employ of Fidelity, within five (5) days from the entry of this Court's Order, including any and all copies.  This requirement includes all records, information or documents, in any form, created by Taylor, or anyone acting in concert with her, based on documents or information that was received or removed from Fidelity by Taylor, and any list of Fidelity customer names that may have been created or recreated by Taylor from memory, or derived from a list created or recreated by Taylor from memory;

3.      This Order shall remain in full force and effect until such time as this Court specifically orders otherwise or until a duly appointed panel of arbitrators orders otherwise with respect to Taylor after a full hearing on the merits pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure ("Rule 13804"). Fidelity and Taylor shall immediately proceed toward an expedited arbitration hearing pursuant to Rule 13804 before a duly appointed panel of arbitrators in accordance with Rule 13804.

4.      Taylor shall sit for a deposition no later than three business days prior to the FINRA 13804 hearing as required by the Federal Arbitration Act.  If Taylor so wishes, she may depose one individual from Fidelity no later than three business days prior to the FINRA 13804 hearing.

5.      Defendant shall produce responsive, non-privileged documents in response to no more than five document requests no later than 48 business hours prior to her deposition.  If Taylor so wishes, she may serve no more than five document requests on Fidelity, and Fidelity shall

3

produce responsive, non-privileged documents in response no later than 48 business hours prior to the deposition (if any) to be conducted by Taylor.

6.      This Order is effective immediately and does not require the posting of an injunction bond / Alternatively: This Order is effective immediately and requires the posting of an injunction bond in the amount of $_____.

7.      Defendant shall show cause on _____, 2020, at ____ _.m., why the Court should not enter a Preliminary Injunction so enjoining the Defendant, and any persons or entities acting for them or on their behalf.

**SO ORDERED** this ___ day of _____ 2020.


_____
United States District Judge