IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:20-cv-02133 |
| JENNIFER TAYLOR, | : |
| Defendant. | : |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY**

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") respectfully files this Reply to Defendant's Opposition to Plaintiff's Motion for Limited Expedited Discovery to correct certain misstatements and misleading arguments contained in Defendant's Opposition:

**I. ARGUMENT**

**A. Expedited Discovery Must Be Addressed by the Court In Accordance with Its Rules**

Defendant tries to mislead the court by arguing that FINRA does not allow discovery prior to the permanent injunctive hearing and therefore Fidelity is circumventing the FINRA Rules through its motion. However, what Defendant carefully ignores, and hopes the Court will not realize, is that the FINRA Code of Arbitration Procedure, agreed to by the parties, provides that courts of competent jurisdiction, and not FINRA arbitrators, decide requests for temporary injunctive relief. FINRA has no procedure for deciding requests for temporary injunctive relief, which is why it directs parties to proceed in court. Because FINRA essentially outsources matters of temporary and preliminary injunctive relief to the courts, FINRA of course has no procedures for expedited discovery in aid of temporary restraining orders or preliminary injunction requests.

FP 37569621.1

There would be no reason for FINRA to create rules for expedited discovery for a procedure that its rules provide must be handled elsewhere. Since the parties must go to Court and FINRA does not have any rules around temporary injunctive relief, it is not "circumventing" the FINRA rules to seek expedited discovery, it is simply following the Court procedures, as FINRA has directed.

### B. A Preliminary Injunction is Not the Same as a Permanent Injunction

Defendant also attempts to mislead the Court by referencing a number of FINRA rules and then arguing that the "temporary" injunctive relief that must be sought in Court supposedly does not include preliminary injunctive relief. Rather, Defendant states *with no citation to authority* the falsehood that although the FINRA Code of Arbitration Procedure clearly states that what the arbitration panel handles is "permanent" injunctive relief, nevertheless it is "really" preliminary injunctive relief the panel is handling. Building from this falsehood, Defendant argues that it is improper gamesmanship for Fidelity to be seeking preliminary injunctive relief in court. The FINRA Code is clear on this point, stating clearly that when it refers to parties seeking "temporary injunctive relief" in court, this includes not only a temporary restraining order, but also a preliminary injunction. FINRA Definitions defines a "temporary injunctive order" that must be sought only in court as:

> (dd) Temporary Injunctive Order
> The term "temporary injunctive order" means a temporary restraining order, **preliminary injunction** or other form of initial, temporary injunctive relief.

*See* FINRA Rule 13100(dd)(emphasis added); *see also Merrill Lynch v. Murvin*, No. 09-cv-329, 2009 WL 528605, at *1 (M.D. Fla. Mar. 2, 2009) ("Pursuant to FINRA Rule 13804(b)(1), this [Preliminary Injunction] Order shall be construed as a 'temporary injunctive order' and the FINRA arbitration hearing in this matter shall commence within fifteen (15) days of the entry of this Order."). Accordingly, there is no merit to Defendant's argument that the Rule 13804 hearing is

FINRA's equivalent to a preliminary injunction hearing. The only chance that Fidelity will have at temporary or preliminary injunctive relief is through this Court proceeding.

C. **Defendant Relies on Law Prior to the Change to FINRA's Rules**

Defendant relies almost exclusively on a single case, *Merrill Lynch v. O'Connor*, 194 F.R.D. at 623 (N.D. IL 2000), for the proposition that Fidelity is not entitled to expedited discovery in aid of the preliminary injunction. However, Defendant fails to tell the Court that *O'Connor* was decided in 2000 and FINRA Rule 13804 – which requires the parties to go to Court exclusively for temporary and preliminary injunctive relief – was only adopted in 2007. Importantly, until March 2002, parties could seek temporary injunctive relief under NASD Rule 10335 in court *or* in arbitration (NASD's arbitration forum and rules were the predecessors to today's FINRA). In *O'Connor*, Merrill Lynch had the option to seek the injunctive relief that it was requesting from the arbitration panel. In fact, the Court noted that the parties had already exchanged lists of arbitrators and the arbitration was "well on its way". *Id.* at 621. However, in this case, with the change adopted by FINRA in 2002, Fidelity cannot seek temporary or preliminary injunctive relief in arbitration. The arbitration is not well underway, in fact, FINRA is waiting to see whether injunctive relief is granted before even generating arbitrator ranking lists. Unlike Merrill Lynch in the *O'Connor* case, Fidelity will not have a chance to ask the arbitration panel, in short order, to stop Taylor's solicitation of its customers. Fidelity has one chance at temporary injunctive relief, and it is with this Court. If the Court does not grant injunctive relief, the parties will proceed on a non-expedited track and the next substantive hearing with the Panel will likely be in approximately nine months or more.

### D. Courts Consistently Allow Limited Expedited Discovery In Aid of Preliminary Injunction Proceedings Prior to FINRA Hearings

Defendant erroneously claims that courts do not grant expedited discovery in aid of preliminary injunction proceedings, and certainly not prior to pending arbitration proceedings and definitely not in advance of arbitrations in a forum "like FINRA." This is not the case. In similar disputes involving similar injunctive relief actions filed by FINRA firms, courts across the country have granted the firms' requests for expedited discovery in aid of preliminary injunction proceedings prior to FINRA arbitrations. *See, e.g.*, *Morgan Stanley Smith Barney LLC v. Maloy*, No. C14-5388, 2014 WL 12720908, at *1 (W.D. Wash. May 13, 2014) (granting, *inter alia*, leave to conduct depositions and respond to requests for production of documents in preparation for preliminary injunction hearing in case subject to FINRA Rule 13804); *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008) (permitting up to 15 interrogatories, 5 depositions, and requests for production of documents in a matter subject to FINRA after the denial of a temporary restraining order); *JPMorgan Chase Bank, N.A. v. Soderquist*, No. 11-CV-00445-WYD-CBS, 2011 WL 742549, at *3 (D. Colo. Feb. 24, 2011) (granting "leave to commence expedited discovery immediately in aid of preliminary injunction proceedings before this Court, including the right to depose Defendant and inspect his personal and office computers."); *Prudential Ins. Co. of Am. v. Sandvold*, No. CIV. 12-132 DSD/JJK, 2012 WL 245161 (D. Minn. Jan. 25, 2012), *modified*, 845 F. Supp. 2d 971 (D. Minn. 2012) (granting leave to engage in expedited discovery).

Likewise, in *Charles Schwab & Co., Inc. v. McMurry*, Case No. 2:08-cv-00534-JES-SPC (M.D. Fla. 2008) (attached hereto as Exhibit "A"), the court granted Schwab's motion for expedited discovery. The *McMurry* Court noted that, just like the present case, Schwab was seeking preliminary injunctive relief to enforce a former employee's confidentiality and non-

4

solicitation agreement, and that the employee in question was accused of misappropriating Schwab's confidential information. Exhibit A at 1. Although the court stated that discovery is ordinarily not permitted before the parties hold their Rule 26(f) conference, it held that "[Schwab] has demonstrated sufficient good cause to proceed with the expedited discovery" because "the use [of Schwab's] customer list could result in irreparable injury due to the loss of business potentially associated with the customer information" and because "there is a clear connection between the discovery sought and the alleged potential harm." Exhibit A at 3. The Court ultimately granted Schwab leave to conduct discovery more burdensome than that sought by Fidelity in this case, including 10 document requests, two depositions, and discovery of the defendant's computers.

Consistent with all of this case law, in a recent case involving a broker-dealer seeking injunctive relief pending arbitration, the Honorable Joan B. Gottschall granted Morgan Stanley leave to conduct expedited discovery, and after reviewing the evidence gathered thereby, granted temporary injunctive relief prohibiting the defendant from soliciting clients pending FINRA arbitration. *See Morgan Stanley Smith Barney LLC v. Ouwenga*, 1:18-cv-06373 (N.D. Ill. 2018) (attached hereto as Exhibit "B") (orders granting expedited discovery and thereafter temporary injunctive relief). In *Ouwenga*, the Court initially denied Morgan Stanley's motion for a temporary restraining order, but after submission of evidence garnered in expedited discovery, the Court granted relief virtually identical to what was originally requested. This of course is precisely why Defendant is resisting expedited discovery so aggressively here – she knows full well that she has solicited clients in violation of her agreement, and is fully aware this will come to light under the bright lights of discovery, just as it did in the *Ouwenga* case.

5

### E. Defendant's Unsworn Denials in a Brief Are Entitled to No Weight

Defendant makes numerous allegations in opposition to Fidelity's motion for expedited discovery (and its motion for preliminary injunction), but notably absent is any sworn statement from Defendant, even in the face of reports from customers that she has solicited them, set forth in the declarations filed by Fidelity.

Fidelity urges the Court to take cognizance of the assiduousness with which Defendant is trying to avoid putting her factual assertions under oath. She has put forward multiple factual "defenses," yet has buttressed none of them with an affidavit or declaration. Likewise, she strenuously resists Fidelity's request for narrowly-tailored expedited discovery that would allow the Court and the parties to have the benefit of sworn testimony, from both Plaintiff and Defendant, to aid in its adjudication of the pending request for preliminary injunction. Defendant's careful evasion of being under oath suggests even more strongly the need for limited expedited discovery.

### F. "Remembering" a Trade Secret Does Not Offer a License to Misuse It.

Defendant speciously suggests that if she is able to remember Fidelity's trade secret information, this somehow gives her license to misappropriate and misuse it. This contention is absurd and has been rejected repeatedly by Illinois courts both before and after enactment of the Illinois Uniform Trade Secrets Act. *See, e.g., Stampede Tool Warehouse Inc. v. May*, 651 N.E.2d 209, 216-217 (Ill. App. Ct. 1995) (finding customer list to be a trade secret and ruling that it was misappropriated by employees who used their memory to reconstruct portions of the list, explaining that "taking [of a trade secret] does not have to be a physical taking by actually copying the names. A trade secret can be misappropriated by physical copying or by memorization"); *E*TRADE Financial Corporation v. Pospisil*, No. 18 C 5908, 2018 WL 4205401, at *4 (N.D. Ill. Sept. 4, 2018) ( "Using memorization to rebuild a trade secret does not transform that trade secret

6

from confidential information into non-confidential information"); *First Financial Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819, 845 (C.D. Ill. 2014) ("Bauknecht admitted during his deposition that he created the list of 73 by remembering the names of his past customers and his former colleague Dustin Smith's customers. Memorization is one manner in which a trade secret may be misappropriated. Evidence that a defendant has remembered names of customers is sufficient to establish memorization) (internal citations omitted) (*citing, inter alia*, *Schulenburg v. Signatrol, Inc.*, 212 N.E.2d 865 (Ill. 1965)).

**G. Defendant's Suggestion That Her Conduct Does Not Harm Fidelity is Baseless**

Defendant self-servingly attempts to minimize the impact of her improper solicitation of Fidelity clients by asserting that Fidelity is not harmed because her new firm has its clients custody their assets at Fidelity. What Defendant leaves out is that by soliciting these clients to follow her to her new firm, she is seeking to divert for her own benefit and the benefit of her new firm, Fairhaven, the advisory portion of these clients' business relationships. While the assets remain lodged at Fidelity while a customer is serviced at Fairhaven, it is Fairhaven, not Fidelity, that will enjoy the present and unknown future revenue stream that comes from providing that client with investment advice and guidance. Defendant is not seeking to divert Fidelity clients to service on a pro bono basis – she and Fairhaven of course plan to divert the vast majority of the clients' business relationships away from Fidelity so that she can enjoy that business relationship at Fairhaven. Such a diversion, and the incalculable loss of business resulting from it, is exactly what the Seventh Circuit and trial courts within this District have repeatedly found to constitute irreparable harm. *See*, e.g., *Merrill Lynch v. Salvano*, 999 F.2d 211 (7th Cir. 1993); *Morgan Stanley v. Ouwenga* (N.D. Ill. 2018) (Exhibit "B").

7

## II. <u>CONCLUSION</u>

For the foregoing reasons, Fidelity respectfully requests that the Court issue an Order granting the limited, expedited discovery requested by Fidelity.

Dated: April 14, 2020

Respectfully submitted,

FISHER & PHILLIPS LLP

/s/ Joel W. Rice
Joel W. Rice
Franklin Z. Wolf
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
TEL: (312) 346-8061
FAX: (312) 346-3179
jrice@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Plaintiff*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 14th day of April, 2020, a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY** was served via ECF on the following:

Christopher Griesmeyer
Greiman, Rome & Griesmeyer, LLC
Two N. LaSalle, Suite 1601
Chicago, Illinois 60602

Dated: April 14, 2020                    Respectfully submitted,

FISHER & PHILLIPS LLP


/s/ Joel W. Rice
Joel W. Rice
Franklin Z. Wolf
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
TEL: (312) 346-8061
FAX: (312) 346-3179
jrice@fisherphillips.com
fwolf@fisherphillips.com