## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-2133 |
| | ) | |
| JENNIFER TAYLOR, FAIRHAVEN WEALTH MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| JENNIFER TAYLOR, FAIRHAVEN WEALTH MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIDELITY BROKERAGE SERVICES LLC, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## STATUS REPORT ON DISCOVERY

Defendants/Counter-Plaintiffs, Jennifer Taylor ("Taylor") and Fairhaven Wealth Management, LLC ("Fairhaven"), through their counsel, submit the following Status Report on Discovery pursuant to the Court's November 2, 2020 Order. (Dkt. 60).

### I. PRELIMINARY STATEMENT

Fairhaven and Taylor are mindful of the Court's request for a "joint" status report on discovery. After several weeks of discussion concerning potential mediation, the undersigned engaged Fidelity's lead trial counsel, Susan Guerette, in a telephonic conference to discuss discovery. Following that call, the undersigned submitted a draft "joint status report" to Ms. Guerette, asking her to review and please send any proposed revisions by 12:00 pm today. When

Ms. Guerette failed to do so, the undersigned sent a follow-up e-mail with a revised draft, to which Ms. Guerette responded, "[u]nless you are willing to address the issues that the Court directed, we believe that we will have to submit a separate report so we do not agree to your version." (Ex. A) Minutes later, the undersigned replied to Ms. Guerette, advising her that the Court's Order – entered on November 2, 2020, before the parties had filed their non-arbitrable counterclaims – "requires the parties to submit a joint report on the status of discovery. Our draft accurately reports on the status of discovery. If you have different language that you want to include, please send it." (*Id.*) Ms. Guerette, however, declined to do so, and instead insisted that the parties file separate reports. (*Id.*).

## II. CASE SUMMARY

### A. Brief Summary of the Parties' Allegations

**Fidelity's Claims:** Fidelity alleges Ms. Taylor and Fairhaven have misappropriated Fidelity confidential and trade secret information, and have been using that information to solicit Fidelity clients to transfer their accounts to Fairhaven. Fidelity has asserted claims for:

- Injunctive relief;
- Breach of contract (against Taylor only);
- Violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act;
- Unfair competition;
- Breach of fiduciary duty (against Taylor only);
- Tortious interference with business relations;
- Unjust enrichment; and
- Civil conspiracy. (Dkt. No. 61).

**Taylor's Counterclaims:** In 2018, Fidelity assigned a new branch manager to the Oak Brook branch of Fidelity. Ms. Taylor alleges that he discriminated against her and harassed her on the basis of her sex/gender (female) and age (over 40). When Ms. Taylor complained about

this discrimination and harassment to Fidelity's management, her branch manager began retaliating against her and, in early 2020, constructively discharged her. After she joined Fairhaven, Fidelity continued its campaign of retaliation against Ms. Taylor by, among other things, refusing to provide her contact information to former clients (in violation of its own policies and FINRA rules); cutting off Ms. Taylor's access to "Wealthscape" (a Fidelity application that helps manage Fairhaven client accounts custodied through Fidelity); filing this lawsuit and ancillary FINRA action; and otherwise tortiously interfering with her employment relationship with Fairhaven.

On **November 18, 2020**, the EEOC provided Ms. Taylor with a Notice of Right to Sue, and she filed her counterclaims for:

- Sex discrimination in violation of Title VII and the IHRA;

- Age discrimination in violation of the ADEA, Title VII and IHRA;

- Retaliation (pre- and post-termination) under the ADEA, Title VII and IHRA;

- Wrongful termination – constructive discharge; and

- Tortious interference with:

    o Her employment relationship with Fairhaven;

    o Her business relationships with her existing clients; and

    o Her prospective business/economic advantage with new-and-prospective clients. (Dkt. No. 71).

**Fairhaven's Counterclaims:** Fairhaven is a registered investment advisor that custodies its client accounts through Fidelity. During the course of this lawsuit, before Fidelity sued Fairhaven, Fidelity engaged in an unlawful extortion scheme against Fairhaven. More specifically, Fidelity threatened that if Ms. Taylor defended herself in this lawsuit and refused to agree to an injunction against her, Fidelity would (i) kick Fairhaven off of Fidelity's investment platform, forcing Fairhaven to re-custody all of its client accounts with another brokerage firm; (ii) solicit

all of Fairhaven's clients to cease doing business with Fairhaven; and (iii) sue Fairhaven. Ms. Taylor refused to agree to an injunction. On November 4, 2020, Fidelity followed through on its threats. It added Fairhaven to this lawsuit, provided a 60-day notice of termination, and informed Fairhaven that it would be soliciting Fairhaven's clients to cease working with Fairhaven.

On **November 18, 2020**, Fairhaven filed its counterclaims for:

- Breach of contract;
- Violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act;
- Unfair competition;
- Breach of fiduciary duty;
- Tortious interference with existing business relationships;
- Unjust enrichment;
- Civil conspiracy; and
- Injunctive relief. (Dkt. No. 72).

B. **Jury Trial Requested:** Ms. Taylor and Fairhaven have requested a jury trial on their claims, which cannot be arbitrated before FINRA. Ms. Taylor's employment discrimination and retaliation claims (which encompass and include tortious interference) are not subject to arbitration, and cannot proceed in the ancillary arbitration action. *See*, FINRA Rule 13201(a) ("A claim alleging employment discrimination, including sexual harassment, in violation of a statute, is not required to be arbitrated under the Code."). Similarly, Fairhaven is not a FINRA-member firm (and thus cannot arbitrate in that forum) and has no arbitration agreement with Fidelity.

Counter-plaintiffs estimate that a jury trial will last approximately 8-10 days. During the parties' call, counsel for Fidelity declined to offer any estimate as to the length of the jury trial on the Counterclaims.

C. **Potential for Alternative Dispute Resolution:** The parties are generally in favor of mediation, though they disagree as to the format and timing.

### III. DISCOVERY STATUS

The parties have largely completed the initial written discovery they served in or around May 2020. However, Ms. Taylor takes the position that Fidelity is withholding calendar entries dated after March 6, 2020, which Fidelity agreed to produce during a July 28, 2020, Rule 37.2 conference. The depositions of Fidelity employees Scott Marshall and Charles Meyers are currently noticed for December 28 and 29, 2020. Counter-plaintiffs are willing to conduct those depositions remotely via "zoom," if Fidelity will stipulate under FED. R. CIV. P. 30(a)(2)(A)(ii) that Mr. Marshall and Mr. Meyers may be deposed twice in this lawsuit, so Ms. Taylor can exercise her right to attend the deposition of her sexual harasser – Mr. Marshall – in person. (Ex. A).

Ms. Taylor has provided Fidelity with a series of her earliest available dates for her deposition in December and January. [Unfortunately, the undersigned will be taking and defending a series of six (6) depositions in Roanoke, Virginia, from December 7-11, 2020, followed by a mediation and summary judgment filing (based on the aforementioned depositions), and is not available until after December 18th]. We are waiting for Fidelity's counsel to confer with her client and advise us on her availability.

Based on the counterclaims that have been filed, the parties require discovery concerning, among other things, the circumstances surrounding Fidelity's alleged sex/gender discrimination, harassment, and retaliation. This will include oral and written discovery concerning workplace complaints, disciplinary records, Fidelity's investigation into discriminatory conduct, comparative performance, compensation, and personnel files, the restriction of Ms. Taylor's access to Fidelity's platform, Fidelity's decision to threaten Fairhaven, Fidelity's decision to kick Fairhaven off Fidelity's platform and Fidelity's breach of fiduciary duties and interference with clients. The parties will also require oral and written discovery on the issue of "pre-text" concerning any

5

legitimate non-retaliatory reasons proffered by Fidelity concerning its actions, which will include the facts and circumstances of other financial consultants who left Fidelity and engaged in conduct that is similar to (or worse than) the conduct allegedly engaged in by Taylor, including Fidelity's post-employment conduct vis-à-vis those financial consultants.

A. **Parties' Divergent Views on Discovery:**

**Plaintiff/Counter-Defendant:** Fidelity believes that all discovery – with the exception of limited discovery concerning its motion for preliminary injunction – should be stayed until it has fully litigated its pending FINRA arbitration action against Ms. Taylor to completion. Fidelity bases its position on comments made by Judge Tharp ***before*** any counterclaims had been filed. More specifically, on November 2, 2020, when Fidelity was the only party pursuing claims in this lawsuit, Judge Tharp indicated he was not inclined to allow ***Fidelity*** to simultaneously purse its claims against Fairhaven in this lawsuit in parallel with its arbitration claims against Ms. Taylor before FINRA:

> So the fact that I'm allowing the amended complaint does not mean we're going to be going forward on two separate tracks simultaneously. We're not going to have rush to judgment or race to judgment in a dueling arbitration and lawsuit in this case. Fidelity chose to sue Ms. Taylor originally. It chose to file the complaint originally that sought only preliminary injunctive relief. And we've been embarked now for seven months on a course to pursuing that plan of attack, and that's how we're going to continue to proceed.

> (Dkt. 68, Nov. 2, 2020, Hrg. Tr., pp. 13-14).

Since that time, both Fairhaven and Taylor have filed counterclaims, which cannot be arbitrated and must proceed in this Court.

**Defendants/Counter-Plaintiffs:** It is the Counter-plaintiffs' position that the Court's intention to avoid a "race to judgment in the arbitration versus a race to judgment in this lawsuit" made sense when Fidelity was the only "runner" (plaintiff) participating in the "race." Based on

the fact that: (a) *Fidelity* had a pending FINRA arbitration action against Ms. Taylor, and (b) *Fidelity* had now chosen to sue Ms. Taylor's employer (Fairhaven) in court based on claims that were derivative of those alleged in the pending FINRA arbitration, judicial economy arguably supported a stay of Fidelity's derivative claims against Fairhaven until after its original claims against Ms. Taylor had played out before a panel of FINRA arbitrators. But that was before Fairhaven and Ms. Taylor joined the "race" as counter-plaintiffs.

On November 18, 2020, the scope of this lawsuit changed dramatically, when Fairhaven and Ms. Taylor filed independent counterclaims that ***cannot*** be arbitrated before FINRA, and which ***must*** be litigated in this Court. Those counterclaims will be decided by a jury (not a panel of arbitrators), and it would be unfair and prejudicial to both Ms. Taylor and Fairhaven to delay their right to discovery on those non-arbitrable claims. Accordingly, on **November 19, 2020**:

- **Fairhaven** served written discovery requests (Rule 33 interrogatories and Rule 34 requests), along with a Rule 30 deposition notice. Fairhaven seeks to cooperate with Fidelity concerning discovery deadlines and deposition dates, but is not willing to stay discovery.

- **Ms. Taylor** served written served written discovery requests (Rule 33 interrogatories and Rule 34 requests), along with a Rule 30 deposition notice, focused ***solely*** on her non-arbitrable counterclaims against Fidelity. Ms. Taylor seeks to cooperate with Fidelity concerning discovery deadlines and deposition dates, but is not willing to stay discovery on her counterclaims pending the resolution of Fidelity's arbitration action against her. In particular (and although Fidelity is unlikely to prevail on its arbitration claims), the relief to which Ms. Taylor is entitled under Title VII would be a set-off against any award entered by FINRA. This is particularly important, because FINRA requires all arbitration awards to be fully paid within 30 days, under penalty of suspension of an advisor's securities license. *See*, FINRA Rule 13904(j).

**B. Proposal for Rule 26(a)(1) Disclosures, Discovery Cut-Off:** Counter-plaintiffs propose that the parties exchange the information required by FED. R. CIV. P. 26(a)(1) by December 18, 2020, and further propose a fact discovery deadline of June 30, 2021. During the parties' call, counsel for Fidelity declined to offer any proposed discovery deadlines.

Dated: December 2, 2020                    Respectfully submitted,

                                        **JENNIFER TAYLOR and FAIRHAVEN WEALTH MANAGEMENT, LLC, Defendants / Counter-Plaintiffs**

                                        By: */s/ Christopher S. Griesmeyer*
                                           One if Their Attorneys

                                        GREIMAN, ROME & GRIESMEYER, LLC
                                        205 West Randolph Street, Suite 2300
                                        Chicago, Illinois 60606
                                        (312) 428-2750
                                        cgriesmeyer@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed the foregoing **Status Report on Discovery,** with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including Plaintiff's counsel listed below:

|  |  |
|---|---|
| Joel W. Rice | Susan M. Guerette |
| Franklin Z. Wolf | FISHER & PHILLIPS, LLC |
| FISHER & PHILLIPS, LLC | Two Logan Square, 12th Floor |
| 10 South Wacker Drive, Suite 3450 | 100 N. 18th Street |
| Chicago, Illinois 60606 | Philadelphia, PA 19103 |
| jrice@fisherphillips.com | sguerette@fisherphillips.com |
| fwolf@fisherphillips.com | |

/s/ Christopher S. Griesmeyer
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com

## EXHIBIT A

**TO DEFENDANT/COUNTER-PLAINTIFFS'
STATUS REPORT ON DISCOVERY**

## Chris Griesmeyer

**From:** Guerette, Susan <sguerette@fisherphillips.com>
**Sent:** Wednesday, December 2, 2020 3:09 PM
**To:** Chris Griesmeyer
**Cc:** Rice, Joel; Zachary Mulcrone
**Subject:** Re: Draft Status Report

Chris, it probably makes sense for us to each file our own since it is due today.

Sent from my iPhone

On Dec 2, 2020, at 2:40 PM, Chris Griesmeyer <cgriesmeyer@grglegal.com> wrote:

Hi, Susan.  Following up on my voicemail message, please let me know:

  A.  Are you sending me a revised draft of (or additional language that you would like me to include in) the joint status report?
      -OR-
  B.  Are you going to proceed with your plan to file a separate report (and want us to submit our report separately)?

If I could please hear back from you within the next hour or so, that would be appreciated.

Regards,


**Christopher S. Griesmeyer**
**GREIMAN, ROME & GRIESMEYER, LLC**
205 W. Randolph Street  |  Suite 2300
Chicago, Illinois  60606
(312) 428-2741 (Direct)
(312) 339-7439 (Mobile)

<image001.png>
<image002.png>

**From:** Chris Griesmeyer
**Sent:** Wednesday, December 2, 2020 12:32 PM
**To:** Guerette, Susan <sguerette@fisherphillips.com>
**Cc:** Rice, Joel <jrice@fisherphillips.com>; Zachary Mulcrone <zmulcrone@grglegal.com>
**Subject:** RE: Draft Status Report

The order requires the parties to submit a joint report on the status of discovery.  Our draft accurately reports on the status of discovery.  If you have different language that you want to include, please send it.


**Christopher S. Griesmeyer**

**GREIMAN, ROME & GRIESMEYER, LLC**
205 W. Randolph Street **|** Suite 2300
Chicago, Illinois 60606
(312) 428-2741 (Direct)
(312) 339-7439 (Mobile)

<image003.png>
<image004.png>

---

**From:** Guerette, Susan <sguerette@fisherphillips.com>
**Sent:** Wednesday, December 2, 2020 12:26 PM
**To:** Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Cc:** Rice, Joel <jrice@fisherphillips.com>; Zachary Mulcrone <zmulcrone@grglegal.com>
**Subject:** RE: Draft Status Report

Chris, as we discussed earlier today, your report goes well beyond what we believe the Court was asking us to report on today. Unless you are willing to address the issues that the Court directed, we believe that we will have to submit a separate report so we do not agree to your version.

---

**From:** Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Sent:** Wednesday, December 2, 2020 1:23 PM
**To:** Guerette, Susan <sguerette@fisherphillips.com>
**Cc:** Rice, Joel <jrice@fisherphillips.com>; Zachary Mulcrone <zmulcrone@grglegal.com>
**Subject:** RE: Draft Status Report

Susan, attached is a revised draft of the parties' status report. (The original draft mistakenly stated that Fidelity had not yet noticed Ms. Taylor's deposition). Please let me know if you have any proposed comments or revisions; otherwise, I'll understand that you are OK with our submitting the report.

Also, with respect to the depositions of Marshall & Meyers, if Fidelity is willing to stipulate in writing that we can depose them multiple times in this case, then we will reconsider taking their depositions via "zoom."

Thanks.


**Christopher S. Griesmeyer**
**GREIMAN, ROME & GRIESMEYER, LLC**
205 W. Randolph Street **|** Suite 2300
Chicago, Illinois 60606
(312) 428-2741 (Direct)
(312) 339-7439 (Mobile)

<image003.png>
<image004.png>

---

**From:** Chris Griesmeyer
**Sent:** Wednesday, December 2, 2020 9:19 AM
**To:** 'Guerette, Susan' <sguerette@fisherphillips.com>
**Cc:** Rice, Joel <jrice@fisherphillips.com>; Zach Mulcrone (zmulcrone@grglegal.com)
<zmulcrone@grglegal.com>
**Subject:** Draft Status Report

Susan, following our call this morning, attached is a draft report.  Please send me any proposed comments or revisions before 12pm (CST) today.

Thank you,

**Christopher S. Griesmeyer**
**GREIMAN, ROME & GRIESMEYER, LLC**
205 W. Randolph Street **|** Suite 2300
Chicago, Illinois  60606
(312) 428-2741 (Direct)
(312) 428-2750 (Main)
(312) 332-2781 (Fax)
(312) 339-7439 (Mobile)
cgriesmeyer@grglegal.com
www.grglegal.com

<image003.png>
<image004.png>

This message (and any attachments) may contain information that is privileged and confidential.  If you have received this message in error, please reply to notify us of the error and then immediately delete the message and any attached files.

3

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FIDELITY BROKERAGE SERVICES LLC, )
                                               )
                 Plaintiff, )
                                               )
        v. )        Case No. 1:20-cv-2133
                                               )
JENNIFER TAYLOR, FAIRHAVEN WEALTH )
MANAGEMENT, LLC, )
                                               )
              Defendants. )
_____)
                                               )
JENNIFER TAYLOR, FAIRHAVEN WEALTH )
MANAGEMENT, LLC, )
                                               )
           Counter-Plaintiffs, )
                                               )
        v. )
FIDELITY BROKERAGE SERVICES LLC, )
                                             )
          Counter-Defendant. )

**JOINT STATUS REPORT**

The parties, Plaintiff/Counter-Defendant Fidelity Brokerage Services, LLC ("Fidelity"), and Defendants/Counter-Plaintiffs, Jennifer Taylor ("Taylor") and Fairhaven Wealth Management, LLC ("Fairhaven"), through their counsel, submit the following Joint Status Report pursuant to the Court's November 2, 2020 Order. (Dkt. 60).

**I.   CASE SUMMARY**

    **A.  Brief Summary of the Parties' Allegations**

**Fidelity's Claims:** Fidelity alleges Ms. Taylor and Fairhaven have misappropriated Fidelity confidential and trade secret information, and have been using that information to solicit Fidelity clients to transfer their accounts to Fairhaven. Fidelity has asserted claims for:

- Injunctive relief;

- Breach of contract (against Taylor only);

- Violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act;

- Unfair competition;

- Breach of fiduciary duty (against Taylor only);

- Tortious interference with business relations;

- Unjust enrichment; and

- Civil conspiracy. (Dkt. No. 61).

**Taylor's Counterclaims:** In 2018, Fidelity assigned a new branch manager to the Oak Brook branch of Fidelity. Ms. Taylor alleges that he discriminated against her and harassed her on the basis of her sex/gender (female) and age (over 40). When Ms. Taylor complained about this discrimination and harassment to Fidelity's management, her branch manager began retaliating against her and, in early 2020, constructively discharged her. After she joined Fairhaven, Fidelity continued its campaign of retaliation against Ms. Taylor by, among other things, refusing to provide her contact information to former clients (in violation of its own policies and FINRA rules); cutting off Ms. Taylor's access to "Wealthscape" (a Fidelity application that helps manage Fairhaven client accounts custodied through Fidelity); filing this lawsuit and ancillary FINRA action; and otherwise tortiously interfering with her employment relationship with Fairhaven. On November 18, 2020, the EEOC provided Ms. Taylor with a Notice of Right to Sue, and she filed her counterclaims for:

- Sex discrimination in violation of Title VII and the IHRA;

- Age discrimination in violation of the ADEA, Title VII and IHRA;

- Retaliation (pre- and post-termination) under the ADEA, Title VII and IHRA;

- Wrongful termination – constructive discharge; and

- Tortious interference with:

  o Her employment relationship with Fairhaven;

  o Her business relationships with her existing clients; and

  o Her prospective business/economic advantage with new-and-prospective clients. (Dkt. No. 71).

**Fairhaven's Counterclaims:** Fairhaven is a registered investment advisor that custodies its client accounts through Fidelity. During the course of this lawsuit, before Fidelity sued Fairhaven, Fidelity engaged in an unlawful extortion scheme against Fairhaven. More specifically, Fidelity threatened that if Ms. Taylor defended herself in this lawsuit and refused to agree to an

injunction against her, Fidelity would (i) kick Fairhaven off of Fidelity's investment platform, forcing Fairhaven to re-custody all of its client accounts with another brokerage firm; (ii) solicit all of Fairhaven's clients to cease doing business with Fairhaven; and (iii) sue Fairhaven.  Ms. Taylor refused to agree to an injunction.  On November 4, 2020, Fidelity followed through on its threats.  It added Fairhaven to this lawsuit, provided a 60-day notice of termination, and informed Fairhaven that it would be soliciting Fairhaven's clients to cease working with Fairhaven.  On November 18, 2020, Fairhaven filed its counterclaims for:

- Breach of contract;

- Violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act;

- Unfair competition;

- Breach of fiduciary duty;

- Tortious interference with existing business relationships;

- Unjust enrichment;

- Civil conspiracy; and

- Injunctive relief.  (Dkt. No. 72).

**B.  Jury Trial:**  Ms. Taylor and Fairhaven have requested a jury trial on their claims, which cannot be arbitrated before FINRA.  Ms. Taylor's employment discrimination and retaliation claims (which encompass and include tortious interference) are not subject to arbitration, and cannot proceed in the ancillary arbitration action.  *See*, FINRA Rule 13201(a) ("A claim alleging employment discrimination, including sexual harassment, in violation of a statute, is not required to be arbitrated under the Code.").  Similarly, Fairhaven is not a FINRA-member firm (and thus cannot arbitrate in that forum) and has no arbitration agreement with Fidelity.  The parties estimate that a jury trial will last approximately 8-10 days.

**C.  Potential for Alternative Dispute Resolution:**  The parties are generally in favor of mediation, though they disagree as to the format and timing.

**II.  DISCOVERY STATUS**

The parties have largely completed the initial written discovery they served in or around May 2020.  However, Ms. Taylor takes the position that Fidelity is withholding calendar entries dated after March 6, 2020, which Fidelity agreed to produce during a July 28, 2020, Rule 37.2 conference.  The depositions of Fidelity employees Scott Marshall and Charles Meyers are scheduled for December 28 and 29, 2020.  Fidelity has not yet noticed Ms. Taylor's deposition, and is seeking additional deposition(s) of Fairhaven employee(s).  In addition, with respect to the pending Counterclaims:

**A.  The General Type of Discovery Needed:**  The parties require discovery concerning, among other things, the circumstances surrounding Fidelity's alleged sex/gender discrimination,

harassment, and retaliation. This will include oral and written discovery concerning workplace complaints, disciplinary records, Fidelity's investigation into discriminatory conduct, comparative performance, compensation, and personnel files, the restriction of Ms. Taylor's access to Fidelity's platform, Fidelity's decision to threaten Fairhaven, Fidelity's decision to kick Fairhaven off Fidelity's platform and Fidelity's breach of fiduciary duties and interference with clients. The parties will also require oral and written discovery on the issue of "pre-text" concerning any legitimate non-retaliatory reasons proffered by Fidelity concerning its actions, which will include the facts and circumstances of other financial consultants who left Fidelity and engaged in conduct that is similar to (or worse than) that alleged against Taylor, including Fidelity's post-employment conduct vis-à-vis those financial consultants.

**B. Plan for Rule 26(a)(1) Disclosures:** The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by December 18, 2020.

**C. Fact Discovery Completion Date:** The parties propose a deadline of June 30, 2021, for the completion of fact discovery (oral and written).

**D. Parties' Divergent Views on Discovery:**

**Plaintiff/Counter-Defendant:** Fidelity believes that all discovery (with the exception of limited discovery concerning its motion for preliminary injunction) should be stayed until its pending FINRA arbitration action against Ms. Taylor is complete.

**Defendants/Counter-Plaintiffs:** The counterclaims asserted by Fairhaven and Ms. Taylor are not subject to FINRA arbitration. Accordingly, Fairhaven is entitled to pursue discovery related to: (a) Fidelity's claims against Fairhaven, and (b) Fairhaven's counterclaims. Similarly, Ms. Taylor is entitled to pursue discovery related to her statutory employment discrimination counterclaims. Accordingly, on November 19, 2020:

- **Fairhaven** served written discovery requests (Rule 33 interrogatories and Rule 34 requests), along with a Rule 30 deposition notice. Fairhaven seeks to cooperate with Fidelity concerning discovery deadlines and deposition dates, but is not willing to stay discovery.

- **Ms. Taylor** served written served written discovery requests (Rule 33 interrogatories and Rule 34 requests), along with a Rule 30 deposition notice, focused solely on her non-arbitrable counterclaims against Fidelity. Ms. Taylor seeks to cooperate with Fidelity concerning discovery deadlines and deposition dates, but is not willing to stay discovery on her counterclaims pending the resolution of Fidelity's arbitration action against her.

**III. OTHER ISSUES**

**A. Clawback:** With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order containing "clawback" language as follows:

- Due to the volume of electronic and hard copy data in the possession, custody, or control of the parties and concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against the inadvertent disclosure of attorney-client privileged communications or work product materials.

- The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work- product protection, including but not limited to information or documents that may be considered or contain Confidential Information under any Protective Order entered in this case, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege-holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

- Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work- product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

- This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

**B. Discovery Procedures:** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to in this case:

- Production of electronically stored information ("ESI") will follow the existing protocols utilized in Fairhaven's subpoena response;

- Documents will be produced on a rolling basis;

- The Parties consent to electronic service of disclosures and discovery requests and responses, as permitted by Fed. R. Civ. P. 5(b);

- The Parties will endeavor to use the same court reporter for depositions;

- Exhibits used during depositions will be numbered sequentially, and carry forward to subsequent depositions.

**C. Interrogatories:** There will be a maximum of 30 interrogatories, including all discrete subparts, served by any party on another party.

**D.  Physical Examinations:**  The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

**E.  Supplementation:**  Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures shall be served 60 days before the deadline for completion of all discovery.

Dated: December 2, 2020                              Respectfully submitted,

**FIDELITY BROKERAGE SERVICES,**          **JENNIFER TAYLOR and FAIRHAVEN**
**LLC, Plaintiff / Counter-Defendant**          **WEALTH MANAGEMENT, LLC,**
                                                                    **Defendants / Counter-Plaintiffs**

By: _/s/_ **DRAFT: 12/2/2020 9:18 AM**___          By: _/s/_ **DRAFT: 12/2/2020 9:18 AM**___
      One if Its Attorneys                                       One if Their Attorneys

FISHER & PHILLIPS, LLC                              GREIMAN, ROME & GRIESMEYER, LLC
Two Logan Square, 12th Floor                        205 West Randolph Street, Suite 2300
100 N. 18th Street                                          Chicago, Illinois 60606
Philadelphia, PA 19103                                 (312) 428-2750
sguerette@fisherphillips.com                         cgriesmeyer@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2020, I electronically filed the foregoing *Joint Status Report*, with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including Plaintiff's counsel listed below:

Joel W. Rice
Franklin Z. Wolf
FISHER & PHILLIPS, LLC
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
jrice@fisherphillips.com
fwolf@fisherphillips.com

Susan M. Guerette
FISHER & PHILLIPS, LLC
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
sguerette@fisherphillips.com

/s/ DRAFT: 12/2/2020 9:18 AM
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com

7