IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, ) <br> ) <br>     Plaintiff/Counter-Defendant, ) <br> ) <br>     v. ) <br> ) <br> JENNIFER TAYLOR, FAIRHAVEN WEALTH ) <br> MANAGEMENT, LLC, ) <br> ) <br>     Defendants/Counter-Claimants. ) <br> _____ ) | Case No. 1:20-cv-2133 |

### PLAINTIFF'S REPORT ON STATUS OF EXPEDITED DISCOVERY
### PREVIOUSLY ORDERED BY THE COURT

Fidelity Brokerage Services LLC ("Fidelity") files this Status Report pursuant to the Court's Order dated November 2, 2020 (the "November 2 Order").

### Introduction

Fidelity files this report on a non-joint basis because, despite the clear language of the Court's November 2 Order, Defendants proposed and insisted on a lengthy report covering far more than what the Court instructed in the November 2 Order. Because the parties have been unable to agree on a Joint Report, or even the subjects that should be addressed, Fidelity submits this separate report.

### The Court's November 2 Order

The Court's Order directing the filing of this report stated, "[u]pon completion of the expedited discovery permitted by prior Order, the Court expects to set a briefing schedule on the plaintiff's preliminary injunction motion and to stay further proceedings pending the arbitration of Fidelity's claims against Defendant Taylor." (Dkt. 60). The Court's Order directed the parties to submit a joint report "as to the status of discovery" by 12/2/20. *Id.* The Court had previously

Ordered the parties to exchange narrowly targeted document requests, which they have done, and ordered three depositions: the two Fidelity individuals central to Fidelity's claims and Defendant Taylor. *See* Order dated May 22, 2020 (Dkt. 29).

During the hearing with the parties on November 2, 2020 that led to issuance of the November 2 Order, the Court made clear to the parties that it intends to stay this court action after completion of the limited expedited discovery previously ordered by the Court in connection with the motion for preliminary injunction. Following that hearing, and in the November 2 Order, the Court granted Fidelity's motion to amend its Complaint to add claims against Fairhaven Wealth Management, LLC. During that hearing, the Court stated that, despite the fact that the Court was allowing the complaint to be amended, "we're not going to be going forward on two separate tracks simultaneously. We're not going to have a rush to judgment or race to judgment in a dueling arbitration and lawsuit in this case." *See* Transcript of November 2, 2020 Hearing, page 13. The Court went on to instruct the parties that:

> We're going forward on the same path that we have marked out to this point already, **meaning we're going to finish the limited expedited discovery that's been authorized, and I'm going to stay further proceedings in this case once that happens so that there is a clear track that the arbitration will proceed**. Once the arbitration has proceeded, we'll see what that portends for further litigation in the federal case that is filed in this Court. But we're not going to go forward on two different tracks setting up, you know, again, a race to judgment in the arbitration versus a race to judgment in this lawsuit.

*Id.* at 14 (emphasis added).

During that hearing, counsel for Fidelity requested the ability to take one additional deposition, that of the Fairhaven assistant who also solicited Fidelity's customers, and the Court denied this request. The Court then specifically clarified that even though the claim against Fairhaven would remain in Court "**you're not going to be doing broad discovery that the claim would ordinarily merit while the arbitration on the claims against Ms. Taylor is proceeding**."

*Id.* at page 16.  The Court then concluded the hearing by directing the parties to file a status report "to report on the status of those depositions and to have a picture of when we're going to be done with discovery so that the case can go to arbitration." *Id.* at page 17 (emphasis added).

### **Status of Expedited Discovery Previously Ordered by the Court**

On November 19, 2020, Defendants served sweepingly broad and extensive discovery requests despite the clear directive from the Court that (a) broad discovery was not going to be permitted at this stage, (b) the parties were to finish the limited discovery the Court had previously ordered, (c) after which the case would be stayed following the Preliminary Injunction. Specifically, Defendants served:

- 83 document requests
- 25 interrogatories
- 17 deposition notices for fact witnesses
- 1 Rule 30(b)(6) deposition notice for a Fidelity representative.

Fidelity does not believe that any of the foregoing discovery is authorized at this time in this case pursuant to the Court's clear directive at the November 2 hearing and in the November 2 Order.

With regard to the discovery ordered:

Document Requests Authorized by the Court: The requests were completed and documents produced (contrary to Defendants' assertion, the calendar entries were produced by Fidelity at bates numbers 14006-14556).

Depositions Ordered by the Court:  Since the Court's November 2 Hearing, the parties engaged in settlement discussions, including discussions of a potential mediation, but those efforts were not successful.  Fidelity is prepared to proceed immediately with the three depositions and has provided dates of availability to do so.  Defendants are only available to begin the depositions

on December 29th and today stated that they would not conduct the depositions virtually as had been specifically agreed to by email dated June 12, 2020 (attached hereto as Exhibit **"A"**). Counsel then received an email from Defendants' counsel this afternoon offering to do them by Zoom if the witnesses could be deposed "multiple times," which will need to be discussed further.

**Preliminary Injunctive Relief and Procedural Posture for Arbitration**

Fidelity expects that once those depositions have been conducted, its briefing on the Motion for Preliminary Injunction could be submitted within ten days. If any type of injunctive order is issued by the Court, Fidelity and Defendant Taylor, at minimum, will proceed to an expedited arbitration hearing on the issue of permanent injunctive relief before a three-member FINRA Dispute Resolution Inc. ("FINRA DR") arbitration Panel pursuant to FINRA Code of Arbitration Procedure Rule 13804(b)(1). If the Court does not issue injunctive relief, Fidelity and Taylor will proceed with arbitration at FINRA DR under its standard (non-expedited) rules and procedures.

Dated: December 2, 2020

Respectfully submitted,
FISHER & PHILLIPS LLP

*/s/ Joel W. Rice*
Joel W. Rice
Franklin Z. Wolf
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
TEL: (312) 346-8061
FAX: (312) 346-3179
jrice@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of December, 2020, the foregoing document was filed via the Court's electronic filing system, which sent notice to the following:

Christopher Griesmeyer, Esquire
Zachary Mulcrone, Esquire
Greiman, Rome & Griesmeyer, LLC
Two N. LaSalle, Suite 1601
Chicago, Illinois 60602

*Counsel for Defendants*

                                           */s/ Joel W. Rice*
                                           Attorney for Plaintiff