IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, )<br>)<br>    Plaintiff/Counter-Defendant, )<br>)<br>    v. )<br>)<br>JENNIFER TAYLOR AND FAIRHAVEN )<br>WEALTH MANAGEMENT, LLC, )<br>)<br>    Defendants/Counter-Claimants. )<br>_____) | Case No. 1:20-cv-2133 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

This Court, having read and considered Plaintiff Fidelity Brokerage Services LLC's ("Plaintiff" or "Fidelity") Motion and Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction and other submissions in support thereof, as well as upon consideration of any papers submitted by Defendants Jennifer Taylor ("Taylor") and Fairhaven Wealth Management, LLC ("Fairhaven") in opposition to the motion for a Preliminary Injunction, and any Reply by Fidelity, and being fully advised of the premises, and good cause appearing therefore, hereby finds and orders as follows:

    1.    Fidelity has demonstrated a likelihood of success on the merits of its claims against Defendants;

    2.    Fidelity will suffer irreparable harm if Taylor is permitted to continue to violate her Employee Agreement with Fidelity, and Defendants are permitted to continue to violate their other legal obligations, including their continued misappropriation and misuse of Fidelity's confidential and trade secret information;

3. Fidelity will suffer irreparable harm if Defendants are permitted to continue to misappropriate, misuse and retain Fidelity's trade secret customer information;

4. Fidelity has no adequate remedy at law;

5. Greater injury will be inflicted upon Fidelity by denial of injunctive relief than would be inflicted upon Defendants by the granting of such relief;

6. The issuance of injunctive relief will serve the public interest in the enforcement of valid contracts, protection of proprietary business and customer information and Fidelity's trade secret customer information, and by safeguarding Fidelity's customers' personal information;

For those reasons, **IT IS HEREBY ORDERED THAT**:

1. The Defendants are hereby enjoined, directly or indirectly, and whether alone or in concert with others, from using, disclosing, transmitting or continuing to possess for any purpose, the names, telephone numbers, addresses, and confidential financial information of Fidelity customers or prospective customers whom Taylor served or whose names became known to her while in the employ of Fidelity (other than information provided by customers to Defendants following Taylor's resignation from Fidelity); and

2. It is further ordered that Defendants, and anyone acting in concert with Defendants, are to return to Fidelity and purge from their possession, custody and control, any and all records, information and/or documents in any form, received or removed from Fidelity by Taylor containing information pertaining to customers or prospective customers of Fidelity whom Taylor served or whose name became known to Taylor while in the employ of Fidelity (the "Fidelity Information"), within five (5) days from the entry of this Court's Order, including any and all copies and any documents or information derived from the Fidelity Information. This requirement includes all records, information or documents, in any form, created by Taylor, or anyone acting

in concert with her, based on Fidelity Information, and any list of Fidelity customer names that may have been created or recreated by Taylor from memory, or derived from a list created or recreated by Taylor from memory (other than information provided by customers to Defendants following Taylor's resignation from Fidelity);

      3.      If any documents or information that would have fallen within the ambit of that which is ordered to be returned to Fidelity in this Order has been deleted, destroyed, lost or otherwise rendered unavailable, Defendants shall within five (5) days of issuance of this Order identify to Plaintiff and the Court all such documents or information, including a specification of: (a) a description of the document or information, including any title and brief description of what was in it, e.g., "4 page document listing customers dated approximately November 2020"; (b) when it was deleted, destroyed, lost or otherwise rendered unavailable; (c) the name and, if employed by Defendant Fairhaven, position at Fairhaven, of anyone involved in its deletion, destruction, loss or rendering unavailable; (d) how it was deleted, destroyed, lost or otherwise rendered unavailable, e.g., "intentional deletion by [name of person]", or "deleted by automated computer activity"); (e) why it was deleted, destroyed, lost or otherwise rendered unavailable. The foregoing statement shall be verified as to its facts under penalty of perjury.

      4.      In the event any documents or information required to be returned and purged pursuant to this Order constitute electronically stored information ("ESI"), Defendants and their counsel shall, working with a qualified computer forensic professional, take steps to ensure that any ESI to be deleted or purged from Defendants' systems shall first be preserved for evidence purposes in a forensically sound manner, such forensic images to remain in the possession of Defendants' counsel or their computer forensic expert, with a full forensic copy produced to

3

Fidelity's counsel, so that all such information remains available as evidence in this case and the related arbitration action.

5. This Order shall remain in full force and effect until such time as this Court specifically orders otherwise or until a duly appointed panel of arbitrators orders otherwise with respect to Taylor after a full hearing on the merits pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure ("Rule 13804"). Fidelity and Taylor shall immediately proceed toward an expedited arbitration hearing pursuant to Rule 13804 before a duly appointed panel of arbitrators in accordance with Rule 13804.

6. This Order is effective immediately and does not require the posting of an injunction bond / Alternatively: This Order is effective immediately and requires the posting of an injunction bond in the amount of $_____.

IT IS SO ORDERED this _____ day of _____, 2021.

BY THE COURT:

_____
Honorable John J. Tharp, Jr.
United States District Court Judge