IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JENNIFER TAYLOR, FAIRHAVEN WEALTH )<br>MANAGEMENT, LLC, )<br>)<br>Defendants. ) | Case No. 1:20-cv-2133 |

**DEFENDANT TAYLOR'S MEMORANDUM OF LAW
IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS**

Based on recent events in the parallel arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution, Defendant Jennifer Taylor ("Taylor") respectfully moves this Court to dismiss, under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), the claims that Plaintiff, Fidelity Brokerage Services, LLC ("Fidelity"), has asserted against her in the Amended Complaint (Dkt. 61).

**PRELIMINARY STATEMENT**

The parties agree Fidelity's claims against Ms. Taylor must be arbitrated before FINRA. The parties further agree the ***only*** basis for Fidelity to sue Ms. Taylor in court – the *raison d'être* for this entire lawsuit against her – is to seek preliminary injunctive relief pending a "Rule 13804" injunction hearing before FINRA. That justification no longer exists, by Fidelity's own choosing.

After putting Ms. Taylor and her current employer, Fairhaven Wealth Management, LLC ("Fairhaven"), through more than eight (8) months of discovery, and after fully briefing its motion for preliminary injunction, Fidelity has now voluntarily dismissed its request for injunctive relief before FINRA. Fidelity has decided that, instead of seeking a Rule 13804 hearing, it will proceed with its claims against Ms. Taylor via the "normal" FINRA arbitration route. That decision moots

1

Fidelity's lawsuit against Ms. Taylor, and eliminates any standing Fidelity would have to pursue its claims against Ms. Taylor in this – or any other – court. Accordingly, all claims asserted against Ms. Taylor in the Amended Complaint are moot, and must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

Ms. Taylor was employed as a financial advisor at Fidelity until March 6, 2020. Fidelity is a member of FINRA and Ms. Taylor was registered with FINRA during her employment with Fidelity.[1] Consequently, as required by FINRA Rule 13200(a), any claims Fidelity has against Ms. Taylor can only be resolved through binding arbitration before FINRA.[2] The parties do not dispute that point. (*See, e.g.*, Dkt. 5 at 3-4; Dkt. 61 at ¶ 12). Accordingly, on April 3, 2020, Fidelity filed its Statement of Claim against Ms. Taylor before FINRA, asserting causes of action for breach of contract, misappropriation of trade secrets under federal and state law, unfair competition, breach of loyalty, tortious interference, and unjust enrichment. (Dkt. 61 at ¶ 12).

Consistent with its mandatory arbitration rules, FINRA Rule 13804 allows a party to file an ancillary lawsuit in court for the sole and limited purpose of requesting a temporary or preliminary injunction until the Panel of FINRA Arbitrators can hold a "Rule 13804 permanent injunction hearing."[3] *See,* FINRA Rule 13804(a)(1) ("In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction.").

---

[1] *See* Dkt. 61 at ¶ 1 ("Fidelity is a member firm of FINRA."); Dkt. 61 at ¶ 2 ("Taylor was registered with FINRA during her employment with Fidelity.")

[2] Copies of the FINRA Rules cited in this Motion are attached hereto as <u>Exhibit A</u>.

[3] Rule 13804 refers to a "temporary injunctive order." "The term 'temporary injunctive order' means a temporary restraining order, **preliminary injunction** or other form of initial, temporary injunctive relief." FINRA Rule 13000(dd) (emphasis added).

This rule is in place to facilitate FINRA's mechanism for handling requests for permanent injunctive relief:

- If the party successfully obtains a preliminary injunction in court, the FINRA arbitration panel schedules, within fifteen (15) days, an expedited "Rule 13804 hearing" to determine whether the injunction should remain in place through the remainder of the arbitration, until there is a full hearing on the merits as to damages. *See*, FINRA Rule 13804(b); *see also, J.P. Morgan Sec. LLC v. Weiss*, No. 119CV04163TWPMPB, 2019 WL 6050176, at *3 (S.D. Ind. Nov. 15, 2019) (explaining the FINRA permanent injunction process); *Hilliard v. Clark*, No. 1:07-CV-811, 2007 WL 2458140, at *1 (W.D. Mich. Aug. 24, 2007) (same).

- If, by contrast, a party does not successfully obtain preliminary injunctive relief in court, they are not entitled to a "Rule 13804 hearing," and the arbitration proceeds along its regular arbitration route, until there is a full merits hearing on liability and damages. *Id*.

This is the only way to obtain injunctive relief in a FINRA arbitration. Once the "Rule 13804 hearing" is complete, the arbitration panel will schedule a date for the full merits hearing on damages via the regular course of arbitration, as set forth in Rule 13804(c). If the court does not award preliminary injunctive relief, however, then no "Rule 13804 hearing" is possible, and the arbitration proceeds on its regular course for a full merits hearing on liability and damages.

On April 3, 2020, Fidelity filed this ancillary federal court action seeking preliminary injunctive relief, as a prerequisite to obtaining a Rule 13804 permanent injunction hearing before a FINRA arbitration panel. On that date, Fidelity filed its Complaint (Dkt. 1), its Motion for Preliminary Injunction (Dkts. 4-5), and Motion for Expedited Discovery (Dkts. 6-7). In May 2020, the Court granted Fidelity leave to take expedited discovery. But rather than proceeding expeditiously, Fidelity sought extensive discovery from Ms. Taylor and then third-party (now Defendant/Counter-Plaintiff) Fairhaven. (*See*, Dkt. 90 at p. 21).

Fidelity conducted more than eight (8) months of discovery and then, on February 5, 2021, amended its preliminary injunction motion based on that discovery. (Dkt. 82). Fidelity recognized

3

that Ms. Taylor's one-year non-solicitation period expired on March 6, 2021, and therefore dropped its request to enjoin Ms. Taylor from soliciting clients. (Dkt. 82 at 1; Dkt. 82-1 at 2). Nonetheless, Fidelity's request for a preliminary injunction in aid of – and as a prerequisite to – a Rule 13804 hearing has forced Ms. Taylor and Fairhaven to endure more than eight (8) months of discovery, and to expend hundreds of thousands of dollars (to say nothing of this Court's time) defending against Fidelity's now-pointless preliminary injunction and discovery motions.

All that time and money was for naught. Incredibly, **Fidelity has now voluntarily dismissed its claim for a Rule 13804 injunction before FINRA.** On January 12, 2022, Fidelity notified FINRA that it has decided to drop its request for injunctive relief under FINRA Rule 13804, and that it intends to proceed along the "regular arbitration route." (Exhibit B). Because the sole purpose of Fidelity's lawsuit against Ms. Taylor – and the limited extent of its claims against her in this forum – was to seek an injunction in aid of its FINRA Rule 13804 hearing, Fidelity's decision to withdraw its request for a Rule 13804 injunction moots all of Fidelity's claims against her in this action.

On January 21, 2022, the undersigned spoke with Fidelity's lead counsel, Susan Guerette, regarding Fidelity's decision to forego a Rule 13804 injunction and instead "proceed on the regular arbitration route" before FINRA. Although the "regular arbitration route" renders moot this federal court lawsuit against Ms. Taylor, Fidelity refused to voluntarily dismiss its Amended Complaint, and refused to withdraw its preliminary injunction motion. Fidelity's counsel would not (or could not) explain the rationale behind that decision.

## ARGUMENT

Federal Rule 12(b)(1) allows a party to raise "lack of subject matter jurisdiction" as a defense to any claims that, like Fidelity's claims against Ms. Taylor, have become moot. FED. R. CIV. P. 12(b)(1). "Federal courts lack subject matter jurisdiction when a case becomes moot."

4

*DJL Farm LLC v. U.S. E.P.A.*, 813 F.3d 1048, 1050 (7th Cir. 2016). "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotations omitted); *see also, Speech First, Inc. v. Killeen*, 968 F.3d 628, 645 (7th Cir. 2020) (claim is moot when "there is no effectual relief whatever that the court can order"); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("In an action seeking only injunctive relief, … once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot"); *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of Judicial Conference of U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.").

Fidelity's voluntary dismissal of its request for Rule 13804 injunctive relief has mooted all of its claims against Ms. Taylor in this federal court lawsuit; accordingly, the Court must dismiss Fidelity's Amended Complaint against her for lack of subject matter jurisdiction under Rule 12(b)(1). In the Amended Complaint, Fidelity seeks ***only*** injunctive relief against Ms. Taylor. (*See* Dkt. 61 at 24-25, Prayer for Relief ¶¶ 1-2). Starting with its initial filings and throughout the pendency of this proceeding, Fidelity has made clear that the sole purpose of this lawsuit against Ms. Taylor – and the only basis it has to proceed against her in this forum – is to satisfy a prerequisite for a Rule 13804 injunction hearing before FINRA. Indeed, Fidelity acknowledges in its preliminary injunction motion that the sole purpose of seeking a preliminary injunction here is "to preserve the status quo **pending an expedited arbitration hearing**" under Rule 13804:

> Fidelity and Taylor are required to arbitrate the merits of this dispute under the arbitration rules and regulations of the Financial Industry Regulatory Authority ("FINRA") pursuant to FINRA Rule 13200. Accordingly, concurrently with filing this Motion, Fidelity is also filing a Statement of Claim with FINRA Dispute Resolution, Inc., seeking binding arbitration of this dispute. Although the merits of

5

> this case against Taylor will be resolved in arbitration at FINRA, pursuant to FINRA Rule 13804, Fidelity is required to seek and obtain any desired preliminary injunctive relief in a court of competent jurisdiction, and only after that can an expedited FINRA arbitration proceed. Once an injunction is issued by this Court, an expedited arbitration will be scheduled with FINRA within fifteen days of the entry of the injunction. If no injunction is issued, however, this case cannot be heard by FINRA on an expedited basis and, instead, will be assigned to a standard-track arbitration, with a hearing on the merits likely to occur in a year or later. Consequently, the preliminary relief Fidelity seeks is required to preserve the status quo pending an expedited arbitration hearing, and Fidelity's application demonstrates that it has met the standard applicable for such relief.

(Dkt. 5 at 3-4). Similarly, in its Amended Complaint, Fidelity alleges that the sole purpose of its lawsuit against Ms. Taylor is to obtain an expedited Rule 13804 hearing:

> Although the merits of the case against Taylor are to be resolved in arbitration before FINRA, pursuant to FINRA Rule 13804, Fidelity is required to seek and obtain injunctive relief in a court of competent jurisdiction before an expedited FINRA arbitration is permitted to proceed.

(Dkt. 61 at ¶ 13). Indeed, the proposed order that Fidelity submitted with its preliminary injunction memorandum expressly asked the Court to limit the duration of any preliminary injunction "until a duly appointed panel of arbitrators orders otherwise with respect to Taylor after a full hearing on the merits pursuant to Rule 13804 of the Financial Industry Regulatory Authority Code of Arbitration Procedure ('Rule 13804')." (Dkt. 82-1 at 4 ¶ 5).

The relief Fidelity requests in this federal court lawsuit is ***strictly limited*** to its request for a preliminary injunction in aid of its pending FINRA arbitration. There is no further relief that Fidelity asks the Court to grant against Ms. Taylor, and no further relief the Court ***could*** possibly grant against Ms. Taylor, given FINRA's mandatory binding arbitration rules. More specifically,

6

FINRA Rule 13200(a) of the Code of Arbitration Procedure for Industry Disputes requires Fidelity to arbitrate any dispute with one of its associated persons:

> **Rule 13200. Required Arbitration**
>
> (a) Generally
>
> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
>
> - Members;
>
> - Members and Associated Persons; or
>
> - Associated Persons.

FINRA Rule 13200. Fidelity is a "Member," because it is a "broker or dealer admitted to membership in FINRA." *See,* FINRA Rule 13100(q). Ms. Taylor is an "Associated Person," because she is a "person formerly associated with a member" – *i.e.,* Fidelity. *See*, FINRA Rule 13100(b), 13100(u). Thus, Rule 13200 mandates that Fidelity's claims against Ms. Taylor must be arbitrated before FINRA, and cannot be litigated in this case.[4]

FINRA Rules allow Fidelity to seek relief in court for the sole and limited purpose of requesting a temporary (or preliminary) injunction pending a Rule 13804 injunction hearing. *See,* FINRA Rule 13804(a)(1) ("parties may seek a temporary injunctive order from a court of competent jurisdiction"). Because Fidelity has withdrawn its request for a Rule 13804 injunction

---

[4] FINRA's mandatory arbitration rule, however, ***does not*** apply to Ms. Taylor's employment discrimination claims against Fidelity. FINRA Rule 13201(a) clearly provides that a "claim alleging employment discrimination, including sexual harassment, in violation of a statute, ***is not required to be arbitrated*** under the Code." FINRA Rule 13201(a) (emphasis added). Thus, FINRA Rules mandate that Fidelity's lawsuit against Ms. Taylor be dismissed, while her Title VII & ADEA discrimination and retaliation counterclaims (Dkt. 71) will remain pending and continue to be adjudicated in this Court. Similarly, because Fairhaven is not a FINRA-member firm, the claims (and counterclaims) between Fidelity and Fairhaven can only be adjudicated in this Court.

hearing, its preliminary injunction motion against Ms. Taylor serves no purpose, and its lawsuit against her is now moot.

Moreover, it simply would not make sense for Fidelity to seek preliminary injunctive relief in this Court when it is no longer requesting a permanent injunction before FINRA. *See Hollon v. Mathis Indep. Sch. Dist.*, 491 F.2d 92, 93 (5th Cir. 1974) ("The purpose of a preliminary injunction is to preserve the status quo during litigation to determine the merits of the case for permanent injunction."); *Youngblood v. Levenhagen*, No. 3:11-CV-78 JVB, 2011 WL 1838786, at *3 (N.D. Ind. May 13, 2011) ("A preliminary injunction is designed to preserve the status quo until a final hearing or trial can be held on a request for a permanent injunction."). Nor would it make sense for Fidelity to continue seeking a preliminary injunction against Ms. Taylor when her one-year non-solicitation period expired nearly eleven (11) months ago, on March 6, 2021.

In short, because Fidelity has voluntarily dismissed its request for a Rule 13804 hearing, its motion for a preliminary injunction is now moot. And because the sole relief that Fidelity seeks against Ms. Taylor in this proceeding – indeed, the sole relief that Fidelity could seek against Ms. Taylor in any court proceeding – is a preliminary injunction pending a Rule 13804 hearing, its claims against her are no longer "live." Fidelity has thus mooted its lawsuit against Ms. Taylor, and the Court must dismiss its Amended Complaint for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3), on the basis of mootness. FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3).

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendant Jennifer Taylor respectfully requests that this Court enter an Order:

    A.    Dismissing Fidelity's Amended Complaint (Dkt. 61) and all claims asserted against Ms. Taylor *with prejudice*, pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(h)(3) for lack of subject matter jurisdiction; and

    B.    Awarding to Ms. Taylor any such other and further relief as the Court deems just.

Dated: February 1, 2022　　　　　　　　　　　Respectfully submitted,

                                                      **JENNIFER TAYLOR,**
                                                      **Defendant/Counter-Plaintiff**

                                                      By: _/s/ Christopher S. Griesmeyer_
                                                             One of Her Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I electronically filed the foregoing **Defendant Taylor's Memorandum of Law in Support of Rule 12(b)(1) Motion to Dismiss** with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

Joel W. Rice
Franklin Z. Wolf
FISHER & PHILLIPS, LLC
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
jrice@fisherphillips.com
fwolf@fisherphillips.com

Susan M. Guerette
FISHER & PHILLIPS, LLC
150 N. Radnor Chester Road, Suite C300
Radnor, PA 19087
sguerette@fisherphillips.com

 /s/  Christopher S. Griesmeyer
Christopher S. Griesmeyer (ARDC No. 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com