IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-2133 |
| ) | |
| JENNIFER TAYLOR, FAIRHAVEN WEALTH ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO VOID**
**PRELIMINARY INJUNCTION REQUEST AS MOOT**

Defendants Fairhaven Wealth Management, LLC ("Fairhaven") and Jennifer Taylor ("Taylor"), by their undersigned counsel, respectfully move this Court to void as moot the pending request for preliminary injunctive relief filed by Plaintiff, Fidelity Brokerage Services, LLC ("Fidelity") (Dkt. 4; Dkt. 5; Dkt. 82).[1]

1. Fidelity filed this lawsuit as an ancillary proceeding to aid in its pending arbitration before the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution, so that it could obtain a preliminary injunction with the stated purpose of preserving the status quo until an expedited "Rule 13804" permanent injunction hearing before FINRA.

2. Requests for injunctive relief in FINRA arbitration proceedings are governed by FINRA Rule 13804. A panel of FINRA arbitrators may conduct a Rule 13804 injunction hearing if – but only if – the claimant first obtains preliminary injunctive relief from a court of competent jurisdiction.

---

[1] For the same reason Fidelity's preliminary injunction motion is moot, so too is its lawsuit against Ms. Taylor. Accordingly, Ms. Taylor has also moved to dismiss Fidelity's Amended Complaint against her for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3), on the basis of mootness. Ms. Taylor joins Fairhaven in the instant motion without prejudice to her pending motion to dismiss.

1

3. Moreover, FINRA Rules permit a party to seek injunctive relief in court if – but only if – the party is also seeking an expedited permanent injunction under Rule 13804. Thus, the existence of a pending Rule 13804 hearing request is a necessary condition-precedent to seeking an injunction in court (and, obtaining that injunction in court is a necessary condition-precedent to proceeding with the requested Rule 13804 permanent injunction hearing).

4. On January 12, 2022, Fidelity voluntarily withdrew its request for injunctive relief before FINRA, so that, instead of waiting for its FINRA Rule 13804 hearing, Fidelity can proceed with its arbitration against Ms. Taylor "on the regular arbitration route."

5. Fidelity's decision to withdraw its request for a Rule 13804 permanent injunction before FINRA moots Fidelity's request for a preliminary injunction in this lawsuit, because the sole purpose for that preliminary injunction – i.e., preserving the status quo until a Rule 13804 permanent injunction hearing before FINRA – no longer exists.

6. In further support of this Motion, Defendants submit and incorporate their accompanying Memorandum of Law.

WHEREFORE, for all the reasons set forth above and in their accompanying Memorandum of Law, Defendants Fairhaven Wealth Management, LLC and Jennifer Taylor respectfully request that this Court enter an Order:

A. Voiding Fidelity's request for preliminary injunctive relief (Dkt. 4; Dkt. 5; Dkt. 82) as "moot;" and

B. Awarding to Defendants any such other and further relief as the Court deems just.

Dated: February 1, 2022  Respectfully submitted,

        **FAIRHAVEN WEALTH MANAGEMENT, LLC, and JENNIFER TAYLOR, Defendants/Counter-Plaintiffs**

        By: */s/ Christopher S. Griesmeyer*
            One of Their Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, I electronically filed the foregoing ***Defendants' Motion to Void Preliminary Injunction Request as Moot*** with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

Joel W. Rice
Franklin Z. Wolf
FISHER & PHILLIPS, LLC
10 South Wacker Drive, Suite 3450
Chicago, Illinois 60606
jrice@fisherphillips.com
fwolf@fisherphillips.com

Susan M. Guerette
FISHER & PHILLIPS, LLC
150 N. Radnor Chester Road, Suite C300
Radnor, PA 19087
sguerette@fisherphillips.com

    /s/   Christopher S. Griesmeyer
Christopher S. Griesmeyer (ARDC No. 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com