IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> JENNIFER TAYLOR and FAIRHAVEN ) <br> WEALTH MANAGEMENT, LLC, ) <br> ) <br> Defendants/Counter-Claimants. ) <br> _____) | Case No. 1:20-cv-2133 |

**FIDELITY BROKERAGE SERVICES LLC'S RESPONSE TO DEFENDANTS'
MOTION TO VOID PRELIMINARY INJUNCTION REQUEST AS MOOT**

Fidelity Brokerage Services LLC ("Fidelity") files this response in opposition to Defendants Jennifer Taylor's ("Taylor") and Fairhaven Wealth Management, LLC's ("Fairhaven") Motion to Void Preliminary Injunction Request as Moot (Dkt. 101) (the "Motion").

**PRELIMINARY STATEMENT**

Defendants' Motion is based entirely on the incorrect assumption that "FINRA allows a plaintiff to seek preliminary injunctive relief in court if—but only if—the plaintiff is also seeking an expedited Rule 13804 injunction hearing before FINRA." (Dkt. 102 at pp. 1-2). Defendant cites no law in support of this proposition because none exists. Fidelity's acquiescence to FINRA's request to move forward with the arbitration proceedings in this matter has no effect whatsoever on the Court's jurisdiction or Fidelity's request for preliminary injunctive relief. Indeed, Fidelity continues to seek its requested relief, including the return of its confidential trade secret information, and the procedural posture of the ancillary arbitration proceedings in this matter should have no effect on the Court's ultimate decision on Fidelity's pending request for injunctive relief. Defendants' Motion should be denied.

FP 43105504.1

The key import of FINRA Rule 13804 is that *if* interim injunctive relief is granted by a court of competent jurisdiction, *then* within 15 days of the issuance of the court's injunction FINRA Dispute Resolution will set an expedited hearing with the FINRA arbitration panel at which the arbitration panel is to consider whether to dissolve, extend or modify the court-issued preliminary injunctive relief. But there is nothing in Rule 13804 that provides that the parties cannot proceed with the normal process of appointing an arbitration panel and conducing discovery and otherwise moving toward an arbitration hearing on the merits while a request for preliminary injunctive relief in court remains pending, as is the case here. That would be absurd. Essentially Defendants are arguing that, as a practical matter, the FINRA arbitration action must remain in a state of suspended animation for whatever period of time the court takes to rule, and that the parties somehow cannot accomplish anything toward completion of the arbitration while the motion for preliminary injunction is pending. This makes no sense and finds no support in the rules.

Notwithstanding all of the foregoing, Fidelity recognizes the practicalities of the situation created by the passage of time. Fidelity's motion has been pending for long enough that Taylor's contractual non-solicit period has expired. FINRA presumably will move forward with the appointment of a panel and setting deadlines and procedures for moving toward a final hearing on the merits. While Defendants evidently wish to continue to obfuscate by failing to respond to FINRA's question about whether *they* are agreeable to proceeding with appointment of an arbitration panel under normal Rules, Fidelity has confidence that FINRA at this point will follow its own rules and proceed in the ordinary course unless and until a preliminary injunction is issued by the court. As such, if the Court feels that passage of time in the extraordinary circumstances of the pandemic and its impact on the administration of justice have created a situation where it is better for the Court to now leave the question of injunctive relief to the arbitrators, Fidelity

2

understands that this may make sense. But Fidelity has not and will not abandon its claim for misappropriation, nor its request for injunctive relief requiring return of its information. Whether in court or arbitration or both, Fidelity is entitled to an order requiring that its confidential information be returned.

## COUNTER-STATEMENT OF RELEVANT FACTS

Fidelity initiated this action on April 3, 2020, seeking a preliminary injunction to prevent Defendant Taylor, a former Fidelity Vice President and Financial Consultant, from using Fidelity's confidential and trade secret information to solicit Fidelity customers to transfer their business to her at her new firm, Defendant Fairhaven. Simultaneously, Fidelity filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") as Fidelity and Taylor are required to arbitrate the merits of this dispute under the FINRA rules and regulations pursuant to FINRA Rule 13200.

As a result of Taylor's and Fairhaven's intentional and coordinated efforts to obstruct discovery and prevent Fidelity from obtaining evidence of their misconduct, Defendant successfully delayed injunctive relief so long that the one-year non-solicitation restraint in Taylor's employment agreement expired. As such, Fidelity is no longer asking the Court to enjoin solicitation. Rather, Fidelity is simply asking the Court for an order requiring Taylor and Fairhaven to return Fidelity's customer and other confidential information so that they will be unable to further misuse that information to aid their campaign to divert Fidelity customers to Fairhaven.

In the months since Fidelity initiated FINRA arbitration proceedings, FINRA Dispute Resolution has inquired on many occasions about the status of the matter, and the parties have advised that no ruling has been made by the Court on Fidelity's request for temporary injunctive

relief. That remains the case as the Court has not yet ruled on Fidelity's pending request for preliminary injunctive relief. In an email dated January 10, 2022, FINRA Dispute Resolution asked the parties if this matter can proceed on a regular arbitration route, instead of the expedited proceedings that FINRA reserves for cases in which temporary or preliminary injunctive relief has been granted in court. Fidelity responded by reply email on January 11 that it would be "acceptable to Fidelity to proceed on the regular arbitration route." Fidelity indicated as such because, due to the passage of time, Fidelity believes that it would make sense to (a) proceed with appointing the arbitration panel, and (b) commence discovery and move toward an arbitration hearing while the parties await the Court's ruling. Essentially, Fidelity believes the parties should get to work on moving their arbitration toward hearing – the pendency of the preliminary injunction motion ought not be an impediment to making progress on the other aspects of the case, such as appointing an arbitration panel, conducting discovery, setting dates for ultimate hearings, and the like. To be clear, Fidelity was only agreeing that it was acceptable to it to move forward with the arbitration process in these ways, but that Fidelity was *not* foregoing the opportunity to seek permanent injunctive relief from the arbitration panel, whether through a Rule 13804(b) injunctive hearing (which only occurs if the court issues preliminary injunctive relief) or at the ultimate hearing in the case (which will be the only opportunity to request such relief, if the court either denies or does not rule on the pending request for preliminary injunctive relief). To Fidelity's knowledge, Taylor has not yet replied to FINRA's inquiry and has not stated whether it is acceptable to Taylor to appoint an arbitration panel and start doing the work of moving the case toward hearing, or if for some reason doing that is somehow not acceptable to Taylor.

*Relevant FINRA Rules*

FINRA Rules 13400 – 13406 provide the procedure for selecting an arbitration panel in a

4

normal case by ranking and striking potential arbitrators from a pool of candidates provided to the parties by FINRA staff. The FINRA Rules provide no restrictions on the types of relief that a party may seek under these rules. A party may seek and obtain permanent injunctive relief from a FINRA arbitration panel in any case.

Rule 13804, on the other hand, applies only in very limited circumstances. It governs what happens if one party seeks, and most importantly, if one party obtains, temporary or preliminary injunctive relief in court pending arbitration on the merits. Specifically, FINRA Rule 13804 states that *"[i]f a court issues a temporary injunctive order* an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order" (emphasis added). The Rule also dictates an expedited procedure for choosing the arbitration panel which will be followed if a court issues a temporary injunctive order, limiting the total number of possible arbitrators for each party to rank and reducing both the number of strikes per side and the time frame for arbitrator selection. If the parties do not seek temporary injunctive relief in court pending arbitration, or if a court of competent jurisdiction denies a request for temporary injunctive relief, the parties must proceed on the standard track. Under the standard track, a hearing on the merits typically can take months to over a year to occur.

## ARGUMENT

Defendants' Motion centers on the argument that Fidelity's request for preliminary injunctive relief is now moot in light of the fact that Fidelity has agreed to proceed under the normal FINRA arbitration rules. Defendants have no support for the bald assertion that "Fidelity's decision to withdraw its request for a Rule 13804 permanent injunctive hearing and proceed via the 'regular arbitration route' has mooted its request for a preliminary injunction in this case." (Dkt. 102 at p. 6).

Defendants' argument that the Court should void Fidelity's request for a preliminary injunction because Fidelity allegedly cannot continue to seek preliminary injunctive relief if it is not proceeding under FINRA Rule 13804 fails in at several respects. First, Fidelity is not foregoing permanent injunctive relief by agreeing to move from an expedited hearing expedited to a hearing conducted in the normal course. Nor has Fidelity abandoned its request for injunctive relief at FINRA. Quite the opposite, Fidelity fully intends to continue to seek permanent injunctive relief through FINRA arbitration, regardless of the outcome of its Motion for a Preliminary Injunction – absent court-issued preliminary injunctive relief, Fidelity will simply be seeking an injunction as part of its requested relief at trial (hearing) after proving its case before the arbitration panel. Second, contrary to Defendants' claim, Fidelity continues to have a strong and important business interest in obtaining return of its confidential business information, and from preventing any further misuse of its information by Defendants. It does not matter that the contractual non-solicit period may have expired. Fidelity's trade secret client list and client information should be returned. Indeed, Fidelity stands to suffer significant irreparable harm if Defendants are not ordered to return Fidelity's confidential and trade secret information.

### A. Fidelity Has Not Abandoned Its Request for Injunctive Relief

Fidelity has not voluntarily dismissed its request for either preliminary or permanent injunctive relief as Defendants falsely claim. In fact, Fidelity never said it is no longer seeking injunctive relief—temporary, permanent, or otherwise.

Rather, after months of waiting for a decision from the Court on its pending motion for a preliminary injunction, Fidelity simply responded to FINRA Dispute Resolution's January 10 inquiry by stating that proceeding in the normal course at this time is acceptable to Fidelity. Fidelity made this decision so that arbitrators can be appointed, and the parties can get

6

FP 43105504.1

started with pre-hearing procedures as provided for under the Code of Arbitration Procedure. Nothing in the Code of Arbitration Procedure precludes all of that from happening while the parties await the outcome an application for injunctive relief in Court, especially given the amount of time that has passed while the application has been pending.

Fidelity has not surrendered its right to seek injunctive relief by merely agreeing to move forward toward arbitration on FINRA's normal track while awaiting a ruling from the court on preliminary relief. Defendant's argument, if accepted, would mean that the parties must stand still, and the arbitration must remain in a state of suspended animation, while any request for court-issued temporary or preliminary injunctive relief remains pending. This of course makes no sense. And there is no support in the FINRA Code of Arbitration Procedure for such a position. To the contrary, absent issuance of court-ordered temporary relief, FINRA Code Rule 13804 does not govern the manner in which the parties should proceed. At this point, the parties' arbitration action has been pending and it is more than appropriate for FINRA to proceed with moving the case forward. And if at some point, the Court were to issue a preliminary injunction, then the terms of Rule 13804 would kick in, and require FINRA staff to set up an expedited hearing on the question of whether the court-ordered preliminary injunction ought to be extended, modified or dissolved.

Further, the FINRA Code of Arbitration Procedure even contemplates that a panel appointed in the ordinary course under a standard track could end up hearing a Rule 13804(b) expedited injunctive hearing. Rule 13804(a)(1) suggests that parties to a live and pending arbitration could file for temporary injunctive relief mid-case, long after a panel has been appointed, with the only timing limitation being that the panel cannot yet have convened the final hearings in the case:

7

> (1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, **provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this rule has not yet begun**."

Rule 13804(a)(1) (emphasis added). There are no other provisions placing any limitation on the timing of the filing of a motion for temporary injunctive relief in court, which suggests that (i) a party may file a request for temporary injunctive relief in court in the midst of an already pending arbitration case, and (ii) a panel appointed in the ordinary course has the power to set an expedited injunction hearing and hear the request for permanent relief if a court issues a temporary injunction after the panel is in place.

If this Court grants Fidelity's request for temporary injunctive relief, FINRA can and should at that time convene a Rule 13804(b) injunctive hearing within 15 days of the court's order as specified in the Rule, and that hearing can take place before the panel already appointed if one is in place. In the meantime, in the absence of any court-issued temporary injunction, the procedures of Rule 13804(b) are not yet triggered. Absent those procedures and their expedited method of appointing a panel being triggered, the FINRA Code of Arbitration Procedure calls for appointment of arbitrators through the regular route, *i.e.,* in the manner specified in the FINRA Code, particularly Rules 13400 – 13406. Alternatively, if the Court were to deny injunctive relief, then there neither can, not should there be, any Rule 13804(b) injunctive hearing. Instead, the parties would proceed to a hearing on the merits in the ordinary course as provided in the FINRA Code of Arbitration Procedure. Under either scenario, Fidelity intends to seek permanent injunctive relief from the panel in this case.

8

Accordingly, Fidelity has not surrendered its request for injunctive relief and its Motion for a Preliminary Injunction is not moot. Defendants' Motion should be denied.

### B. Fidelity's Request for Preliminary Injunctive Relief Is Necessary and Important

Contrary to Defendants' position that Fidelity's request for preliminary injunctive relief is moot, there can be no doubt that Fidelity will suffer irreparable harm if its requested injunction is not issued. Fidelity stands to suffer immediate irreparable harm because Defendant Taylor has previously admitted that she intends to use trade secret information that she misappropriated from Fidelity to solicit Fidelity's customers. While it is true that Taylor is no longer prohibited from soliciting, she cannot violate her Employee Agreement by using the trade secret customer contact information she stole from Fidelity to do so. The customer contact information at issue is valuable today and will continue to be valuable in the future. If this information is not returned, Defendants will be able to further misuse it to divert customers. In light of Defendants' admissions, it is important that the Court issue an order requiring Defendants to return all information relating to Fidelity's customers because, without the threat of contempt, Defendants have admitted that they will misuse Fidelity's trade secret information.

Moreover, the injunctive relief requested by Fidelity will not stop Taylor from maintaining contact with customers. It will only require her to give back Fidelity's customer information. Taylor can use publicly-available information to contact the customers (as she supposedly did in the first place), customers can freely contact her, and she can continue to service customers. The only difference is that Taylor will have to fairly compete with Fidelity for these customers, instead of unfairly doing so through use of Fidelity's confidential customer information. Thus, Defendant's Motion should be denied.

**CONCLUSION**

Due to the passage of time, Fidelity feels it is best to move forward at arbitration while its Motion for a Preliminary Injunction remains pending. However, Fidelity does not believe that agreeing to FINRA's request to move forward with a normal FINRA arbitration procedures and continuing to seek preliminary injunctive relief through this Court are mutually exclusive endeavors. There is no support in the FINRA rules for the idea that the parties and FINRA must all stand still and do absolutely nothing to move their case forward while awaiting a ruling on one party's request for court-issued preliminary injunctive relief. Fidelity has not withdrawn any of the requests for relief set forth in its Statement of Claim at FINRA, including its request for injunctive relief, and in no way communicated such an intent to FINRA or anyone else. Indeed, Fidelity continues to desire and to seek preliminary injunctive relief from this Court, and permanent injunctive relief from the arbitration panel at FINRA.

In light of the foregoing, along with the facts and law set forth in Fidelity's other briefing in support of its Motion for a Preliminary Injunction and its Motion for Rule 37(e) Spoliation Sanctions, Fidelity respectfully requests that the Court deny Defendants' Motion to Void Preliminary Injunction Request As Moot and instead issue injunctive relief requiring Defendants to return all of Fidelity's confidential and trade secret information.

Dated: February 16, 2022

Respectfully submitted,

FISHER & PHILLIPS LLP

/s/ *Susan M. Guerette*
Susan M. Guerette (admitted *pro hac vice*)
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
TEL: (610) 230-2133
FAX: (610) 230-2151
sguerette@fisherphillips.com

Joel W. Rice
Franklin Z. Wolf
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
TEL: (312) 346-8061
FAX: (312) 346-3179
jrice@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of February, 2022, the foregoing document was filed via the Court's electronic filing system, which sent notice to the following:

Christopher Griesmeyer
Zachary Mulcrone
Greiman, Rome & Griesmeyer, LLC
Two N. LaSalle, Suite 1601
Chicago, Illinois 60602

COUNSEL FOR DEFENDANTS

            */s/ Susan Guerette*
            Attorney for Plaintiff