# EXHIBIT E

# FINRA.

› FINRA DISPUTE RESOLUTION SERVICES

# 13000. CODE OF ARBITRATION PROCEDURE FOR INDUSTRY DISPUTES (printable)

**The Industry Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new code.**

## Table of Contents

- PART I INTERPRETIVE MATERIAL, DEFINITIONS, ORGANIZATION AND AUTHORITY
  - IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes
  - 13100. Definitions
  - 13101. Applicability of Code and Incorporation by Reference
  - 13102. National Arbitration and Mediation Committee
  - 13103. Director of FINRA Dispute Resolution Services
  - 13104. Effect of Arbitration on FINRA Regulatory Activities; Arbitrator Referral During or at Conclusion of Case
  - 13105. Agreement of the Parties
- PART II GENERAL ARBITRATION RULES
  - 13200. Required Arbitration
  - 13201. Statutory Employment Discrimination Claims and Disputes Arising Under a Whistleblower Statute that Prohibits the Use of Predispute Arbitration Agreements
  - 13202. Claims Involving Registered Clearing Agencies
  - 13203. Denial of FINRA Forum
  - 13204. Class Action and Collective Action Claims
  - 13205. Shareholder Derivative Actions
  - 13206. Time Limits
  - 13207. Extension of Deadlines
  - 13208. Representation of Parties
  - 13209. Legal Proceedings
  - 13210. Ex Parte Communications
  - 13211. Direct Communication Between Parties and Arbitrators
  - 13212. Sanctions
  - 13213. Hearing Locations
  - 13214. Payment of Arbitrators
- PART III INITIATING AND RESPONDING TO CLAIMS
  - 13300. Filing and Serving Documents
  - 13301. Service on Associated Persons
  - 13302. Filing and Serving an Initial Statement of Claim
  - 13303. Answering the Statement of Claim
  - 13304. Answering Counterclaims
  - 13305. Answering Cross Claims
  - 13306. Answering Third Party Claims
  - 13307. Deficient Claims
  - 13308. Loss of Defenses Due to Untimely or Incomplete Answer
  - 13309. Amending Pleadings
  - 13310. Answering Amended Claims
  - 13311. Amendments to Amount in Dispute
  - 13312. Multiple Claimants
  - 13313. Multiple Respondents
  - 13314. Combining Claims
- PART IV APPOINTMENT, DISQUALIFICATION, AND AUTHORITY OF ARBITRATORS
  - 13400. Neutral List Selection System and Arbitrator Rosters

- 13401. Number of Arbitrators
- 13402. Composition of Arbitration Panels in Cases Not Involving a Statutory Discrimination Claim
- 13403. Generating and Sending Lists to the Parties
- 13404. Striking and Ranking Arbitrators
- 13405. Combining Lists
- 13406. Appointment of Arbitrators; Discretion to Appoint Arbitrators Not on List
- 13407. Additional Parties
- 13408. Disclosures Required of Arbitrators
- 13409. Arbitrator Recusal
- 13410. Removal of Arbitrator by Director
- 13411. Replacement of Arbitrators
- 13412. Director's Discretionary Authority
- 13413. Jurisdiction of Panel and Authority to Interpret the Code
- 13414. Determinations of Arbitration Panel
- PART V PREHEARING PROCEDURES AND DISCOVERY
  - 13500. Initial Prehearing Conference
  - 13501. Other Prehearing Conferences
  - 13502. Recording Prehearing Conferences
  - 13503. Motions
  - 13504. Motions to Dismiss
  - 13505. Cooperation of Parties in Discovery
  - 13506. Discovery Requests
  - 13507. Responding to Discovery Requests
  - 13508. Objecting to Discovery Requests; Waiver of Objection
  - 13509. Motions to Compel Discovery
  - 13510. Depositions
  - 13511. Discovery Sanctions
  - 13512. Subpoenas
  - 13513. Authority of Panel to Direct Appearances of Associated Person Witnesses and Production of Documents Without Subpoenas
  - 13514. Prehearing Exchange of Documents and Witness Lists, and Explained Decision Requests
- PART VI HEARINGS; EVIDENCE; CLOSING THE RECORD
  - 13600. Required Hearings
  - 13601. Postponement of Hearings
  - 13602. Attendance at Hearings
  - 13603. Failure to Appear
  - 13604. Evidence
  - 13605. Witness Oath
  - 13606. Record of Proceedings
  - 13607. Order of Presentation of Evidence and Arguments
  - 13608. Closing the Record
  - 13609. Reopening the Record
- PART VII TERMINATION OF AN ARBITRATION BEFORE AWARD
  - 13700. Dismissal of Proceedings Prior to Award
  - 13701. Settlement
  - 13702. Withdrawal of Claims
- PART VIII SIMPLIFIED ARBITRATION; DEFAULT PROCEEDINGS; STATUTORY EMPLOYMENT DISCRIMINATION CLAIMS; AND INJUNCTIVE RELIEF
  - 13800. Simplified Arbitration
  - 13801. Default Proceedings
  - 13802. Statutory Employment Discrimination Claims
  - 13803. Coordination of Statutory Employment Discrimination Claims Filed in Court and in Arbitration
  - 13804. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief
  - 13805. Expungement of Customer Dispute Information under Rule 2080
  - 13806. Promissory Note Proceedings
- PART IX FEES AND AWARDS
  - 13900. Fees Due When a Claim Is Filed
  - 13901. Member Surcharge
  - 13902. Hearing Session Fees, and Other Costs and Expenses
  - 13903. Process Fees Paid by Members

- 13904. Awards
- 13905. Submissions After a Case Has Closed

# PART I INTERPRETIVE MATERIAL, DEFINITIONS, ORGANIZATION AND AUTHORITY

## IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the Code as required by the Code;

(b) fail to comply with any injunctive order issued pursuant to the Code;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the Code;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the rules applicable to the arbitration of disputes before FINRA or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by FINRA.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member to require associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure.

> Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Amended by SR-NASD-2007-026 eff. April 16, 2007.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notice:** 07-07, 08-57.

## 13100. Definitions

Unless otherwise defined in the Code, terms used in the Code and interpretive material, if defined in the FINRA By-Laws, shall have the meaning as defined in the FINRA By-Laws.

**(a) Arbitrator and Mediator Portal**

The term "Arbitrator and Mediator Portal" means the web-based system that allows invited arbitrators and mediators to access a secure section of FINRA's website to submit documents and information and view their arbitration and mediation case information and documents.

**(b) Associated Person**

The term "associated person" or "associated person of a member" means a person associated with a member, as that term is defined in paragraph (u).

**(c) Award**

An award is a document stating the disposition of a case.

**(d) Board**

The term "Board" means the Board of Directors of FINRA Regulation.

**(e) Claim**

The term "claim" means an allegation or request for relief.

**(f) Claim Notification Letter**

The term "Claim Notification Letter" means notice provided by the Director to respondent(s) that they have been named as a party in a statement of claim. The notice will provide information about accessing the Party Portal to obtain a copy of the statement of claim filed by the claimant(s) and information about the arbitration, including the hearing location selected by the Director and the deadline for filing a statement of answer.

**(g) Claimant**

The term "claimant" means a party that files the statement of claim that initiates an arbitration under Rule 13302.

**(h) Code**

The term "Code" means the Code of Arbitration Procedure for Industry Disputes. For disputes involving customers, see the FINRA Code of Arbitration Procedure for Customer Disputes.

**(i) Counterclaim**

The term "counterclaim" means a claim asserted against a claimant by a respondent.

**(j) Cross Claim**

The term "cross claim" means a claim asserted by a respondent against another already-named respondent.

**(k) Customer**

A customer shall not include a broker or dealer.

**(l) Day**

Except as otherwise provided, the term "day" means calendar day. If a deadline specified in the Code falls on a Saturday, Sunday or any FINRA holiday, the deadline is extended until the next business day. If a party receives pleadings or other documents on a Saturday, Sunday or any FINRA holiday, the date of receipt shall be the next business day.

**(m) Director**

The term "Director" means the Director of FINRA Dispute Resolution Services. Unless the Code provides that the Director may not delegate a specific function, the term includes FINRA staff to whom the Director has delegated authority.

**(n) Dispute**

The term "dispute" means a dispute, claim or controversy. A dispute may consist of one or more claims.

**(o) Hearing**

The term "hearing" means the hearing on the merits of an arbitration under Rule 13600.

**(p) Hearing Session**

The term "hearing session" means any meeting between the parties and arbitrator(s) of four hours or less, including a hearing or a prehearing conference.

**(q) Member**

For purposes of the Code, the term "member" means any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated, suspended, cancelled, revoked, the member has been expelled or barred from FINRA or the member is otherwise defunct; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and to be treated as members of FINRA for purposes of the Code, whether or not its membership has been terminated, suspended, cancelled, revoked, the member has been expelled or barred from its self-regulatory organization, or the member is otherwise defunct.

**(r) Non-Public Arbitrator**

The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator, and is disqualified from service as a public arbitrator under paragraph (x).

### (s) Panel

The term "panel" means the arbitration panel, whether it consists of one or more arbitrators.

### (t) Party Portal

The term "Party Portal" means the web-based system that is accessible by arbitration and mediation parties and their representatives. The Party Portal allows invited participants to access a secure section of FINRA's website to submit documents and view their arbitration and mediation case information and documents.

### (u) Person Associated with a Member

The term "person associated with a member" means:

> (1) A natural person who is registered or has applied for registration under the Rules of FINRA; or

> (2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA.

For purposes of the Code, a person formerly associated with a member is a person associated with a member.

### (v) Pleadings

A pleading is a statement describing a party's causes of action or defenses. Documents that are considered pleadings are: a statement of claim, an answer, a counterclaim, a cross claim, a third party claim, and any replies.

### (w) Prehearing Conference

The term "prehearing conference" means any hearing session, including an Initial Prehearing Conference, that takes place before the hearing on the merits begins.

### (x) Public Arbitrator

The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator, and is not disqualified from service as an arbitrator, as enumerated by any of the criteria below.

#### Permanent Disqualifications Based on a Person's Own Activities

> (1) A person shall not be designated as a public arbitrator who is, or was, associated with, including registered through, under, or with (as applicable):

>> (A) a broker or a dealer (including a government securities broker or dealer or a municipal securities broker or dealer); or

>> (B) the Commodity Exchange Act or the Commodities Future Trading Commission, or a member of the National Futures Association or the Municipal Securities Rulemaking Board; or

>> (C) an entity that is organized under or registered pursuant to the Securities Exchange Act of 1934, Investment Company Act of 1940, or the Investment Advisers Act of 1940; or

>> (D) a mutual fund or a hedge fund; or

>> (E) an investment adviser.

> (2) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional time annually, to any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1).

> (3) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an attorney, accountant, expert witness or other professional who has devoted 20 percent or more of his or her professional time annually to representing or providing services to parties in disputes concerning investment accounts or transactions, or employment relationships within the financial industry.

> (4) A person shall not be designated as a public arbitrator, who was, for a total of 15 years or more, an employee of a bank or other financial institution who effects transactions in securities, including government or municipal securities, commodities, futures, or options or

supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

**Temporary Disqualifications Based on a Person's Own Activities**

(5) A person shall not be designated as a public arbitrator who is employed by, or is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the financial industry unless the affiliation ended more than five calendar years ago.

(6) A person shall not be designated as a public arbitrator who is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional time, in any single calendar year, to any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1) unless the calendar year ended more than five calendar years ago.

(7) A person shall not be designated as a public arbitrator who is an attorney, accountant, expert witness or other professional who has devoted 20 percent or more of his or her professional time, in any single calendar year, to representing or providing services to parties in disputes concerning investment accounts or transactions, or employment relationships within the financial industry unless the calendar year ended more than five calendar years ago.

(8) A person shall not be designated as a public arbitrator if the person is an employee of a bank or other financial institution and the person effects transactions in securities, including government or municipal securities, commodities, futures, or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities unless the affiliation ended more than five calendar years ago.

**Temporary Disqualifications Based on the Activities of Others at a Person's Employer**

(9) A person shall not be designated as a public arbitrator who is an attorney, accountant, or other professional whose firm derived $50,000 or more, or at least 10 percent of its annual revenue, in any single calendar year during the course of the past two calendar years, from any entities listed in paragraph (x)(1) and/or to any persons or entities associated with any of the entities listed in paragraph (x)(1), or from a bank or other financial institution where persons effect transactions in securities including government or municipal securities, commodities, futures, or options. A person whom FINRA would not designate as a public arbitrator under this subparagraph shall also not be designated as a public arbitrator for two calendar years after ending employment at the firm.

(10) A person shall not be designated as a public arbitrator, who is an attorney, accountant, or other professional whose firm derived $50,000 or more, or at least 10 percent of its annual revenue, in any single calendar year during the course of the past two calendar years, from individual and/or institutional investors relating to securities matters. A person whom FINRA would not designate as a public arbitrator under this subparagraph shall also not be designated as a public arbitrator for two calendar years after ending employment at the firm.

**Temporary Disqualification Based on the Financial Industry Affiliation of an Immediate Family Member**

(11) A person shall not be designated as a public arbitrator if his or her immediate family member is an individual whom FINRA would disqualify from serving on the public arbitrator roster. If the person's immediate family member ends the disqualifying affiliation, or the person ends the relationship with the individual so that the individual is no longer the person's immediate family member, the person may, after two calendar years have passed from the end of the affiliation or relationship, be designated as a public arbitrator.

For purposes of this rule, the term immediate family member means:

(A) a person's spouse, partner in a civil union, domestic partner, parent, stepparent, child, or stepchild;

(B) a member of a person's household;

(C) an individual to whom a person provides financial support of more than 50 percent of his or her annual income; or

(D) a person who is claimed as a dependent for federal income tax purposes.

For purposes of the public arbitrator definition, the term "revenue" shall not include mediation fees received by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(y) Related Claim**

For purposes of Rule 13803, the term "related claim" means any claim that arises out of the employment or termination of employment of an associated person.

**(z) Respondent**

The term "respondent" means a party against whom a statement of claim or third party claim has been filed. A claimant against whom a counterclaim has been filed is not a respondent for purposes of the Code.

**(aa) Statement of Claim**

The term "statement of claim" means the initial or amended claim filed by the party or parties initiating the arbitration.

**(bb) Statutory Employment Discrimination Claim**

The term "statutory employment discrimination claim" means a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute.

**(cc) Submission Agreement**

The term "Submission Agreement" means the FINRA Submission Agreement. The FINRA Submission Agreement is a document that parties must sign at the outset of an arbitration in which they agree to submit to arbitration under the Code.

**(dd) Temporary Injunctive Order**

The term "temporary injunctive order" means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

**(ee) Third Party Claim**

The term "third party claim" means a claim asserted against a party not already named in the statement of claim or any other previous pleading.

---

Amended by SR-FINRA-2020-039 eff. Oct. 29, 2020.
Amended by SR-FINRA-2019-027 eff. June 29, 2020.
Amended by SR-FINRA-2017-025 eff. Oct. 9, 2017.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2014-028 eff. June 26, 2015.
Amended by SR-FINRA-2013-003 eff. July 1, 2013.
Amended by SR-FINRA-2009-041 eff. Jan. 18, 2010.
Amended by SR-FINRA-2008-031 eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-021 eff. June 9, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices to Member:** 07-07, 08-22, 08-57, 09-04, 09-74, 13-21, 15-18, 16-04, 17-03, 17-29, 20-11.

---

# 13101. Applicability of Code and Incorporation by Reference

**(a) Applicability of Code**

The Code applies to any dispute that is submitted to arbitration under the Code pursuant to Rules 13200, 13201, or 13202.

**(b) Incorporation by Reference**

When a dispute is submitted to arbitration under the Code pursuant to an arbitration agreement, the Code is incorporated by reference into the agreement.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
 Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13102. National Arbitration and Mediation Committee

(a) Pursuant to Section II of the Plan of Allocation and Delegation of Functions by FINRA to FINRA Regulation, Inc. ("Delegation Plan"), the Board shall appoint a National Arbitration and Mediation Committee ("NAMC").

(1) The NAMC shall consist of no fewer than 10 and no more than 25 members. At least 50 percent of the NAMC shall be Non-Industry members.

(2) The Chairperson of the Board shall name the chairperson of the NAMC.

(b) Pursuant to the Delegation Plan, the NAMC shall have the authority to recommend rules, regulations, procedures and amendments relating to arbitration, mediation, and other dispute resolution matters to the Board. The NAMC shall also establish and maintain rosters of neutrals composed of persons from within and outside of the securities industry. All matters recommended by the NAMC to the Board must have been approved by a quorum, which shall consist of a majority of the NAMC, including at least 50 percent of the Non-Industry committee members. If at least 50 percent of the Non-Industry committee members are either (i) present at or (ii) have filed a waiver of attendance for a meeting after receiving an agenda prior to such meeting, the requirement that at least 50 percent of the Non-Industry committee members be present to constitute the quorum shall be waived. The NAMC has such other power and authority as is necessary to carry out the purposes of the Code.

(c) The NAMC may meet as frequently as necessary, but must meet at least once a year.

---

Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 16-04.

---

# 13103. Director of FINRA Dispute Resolution Services

(a) The Board shall appoint a Director of FINRA Dispute Resolution Services. The Director shall perform all the administrative duties relating to arbitrations submitted under the Code. The Director may delegate his or her duties when it is appropriate, unless the Code provides otherwise.

(b) The Director shall consult with the NAMC at the NAMC's request.

(c) If the Director is unable to perform his or her duties, the President of FINRA Regulation may appoint an interim Director.

---

Amended by SR-FINRA-2020-039 eff. Oct. 29, 2020.
Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 16-04.

---

# 13104. Effect of Arbitration on FINRA Regulatory Activities; Arbitrator Referral During or at Conclusion of Case

(a) Submitting a dispute to arbitration under the Code does not limit or preclude any right, action or determination by FINRA that it would otherwise be authorized to adopt, administer or enforce.

(b) During the pendency of an arbitration, any arbitrator may refer to the Director any matter or conduct that has come to the arbitrator's attention during a hearing, which the arbitrator has reason to believe poses a serious threat, whether ongoing or imminent, that is likely to harm investors unless immediate action is taken. Arbitrators should not make referrals during the pendency of an arbitration based solely on allegations in the statement of claim, counterclaim, cross claim, or third party claim. If a case is nearing completion, the arbitrator should wait until the case concludes to make the referral if, in the arbitrator's judgment, investor protection will not be materially compromised by this delay.

(c) If any arbitrator refers a matter or conduct for investigation under paragraph (b) of this rule, the Director will disclose the act of making the referral to the parties. A party may request that the referring arbitrator(s) recuse themselves, as provided in the Code, no later than three days after the Director notifies the parties of the referral. If a party does not make the recusal request within the prescribed timeframe, the party forfeits the right to request recusal of the referring arbitrator(s).

(d) The Director will evaluate the arbitrator referral to determine whether to transmit it to other divisions of FINRA. Only the Director shall have the authority to act under this paragraph (d).

(e) At the conclusion of an arbitration, any arbitrator may refer to FINRA for investigation any matter or conduct that has come to the arbitrator's attention during and in connection with the arbitration, either from the record of the proceeding or from material or communications related to the arbitration, which the arbitrator has reason to believe may constitute a violation of the rules of FINRA, the federal securities laws, or other applicable rules or laws.

---

Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2014-045 eff. Dec. 1, 2014.
Amended by SR-FINRA-2014-005 eff. Oct. 27, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-42, 16-04.

---

# 13105. Agreement of the Parties

(a) Except as provided in paragraph (b), if the Code provides that the parties may agree to modify a provision of the Code, or a decision of the Director or the panel, the written agreement of all named parties is required.

(b) If the Director or the panel determines that a named party is inactive in the arbitration, or has failed to respond after adequate notice has been given, the Director or the panel may determine that the written agreement of that party is not required while the party is inactive or not responsive. For purposes of this rule, an inactive party could be, but is not limited to: (1) a party that does not answer; (2) a party that answers and then fails to respond to correspondence sent by the Director; (3) a party that answers and then fails to respond to correspondence sent by the panel in cases involving direct communication under Rule 13211; or (4) a party that does not attend pre-hearing conferences.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# PART II GENERAL ARBITRATION RULES

## 13200. Required Arbitration

**(a) Generally**

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

- Members;
- Members and Associated Persons; or
- Associated Persons.

**(b) Insurance Activities**

Disputes arising out of the insurance business activities of a member that is also an insurance company are not required to be arbitrated under the Code.

> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notice:** 07-07, 08-57.

## 13201. Statutory Employment Discrimination Claims and Disputes Arising Under a Whistleblower Statute that Prohibits the Use of Predispute Arbitration Agreements

**(a) Statutory Employment Discrimination Claims**

A claim alleging employment discrimination, including sexual harassment, in violation of a statute, is not required to be arbitrated under the Code. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose. If the parties agree to arbitrate such a claim, the claim will be administered under Rule 13802.

**(b) Disputes Arising Under a Whistleblower Statute that Prohibits the Use of Predispute Arbitration Agreements**

A dispute arising under a whistleblower statute that prohibits the use of predispute arbitration agreements is not required to be arbitrated under the Code. Such a dispute may be arbitrated only if the parties have agreed to arbitrate it after the dispute arose.

> Amended by SR-FINRA-2011-067 eff. May 21, 2012.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57, 12-21.

## 13202. Claims Involving Registered Clearing Agencies

If a registered clearing agency has entered into an agreement to use FINRA's arbitration facilities and procedures, any dispute, claim or controversy involving that registered clearing agency, or participants, pledges or other persons using the facilities of the registered clearing agency will be arbitrated in accordance with such agreement and the rules of the registered clearing agency.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
 Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13203. Denial of FINRA Forum

(a) The Director may decline to permit the use of the FINRA arbitration forum if the Director determines that, given the purposes of FINRA and the intent of the Code, the subject matter of the dispute is inappropriate, or that accepting the matter would pose a risk to the health or safety of arbitrators, staff, or parties or their representatives. Only the Director may exercise the authority under this Rule.

(b) Disputes that arise out of transactions in a readily identifiable market may be referred to the arbitration forum for that market, if the claimant agrees.

Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 16-04.

# 13204. Class Action and Collective Action Claims

## (a) Class Actions

(1) Class action claims may not be arbitrated under the Code.

(2) Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, or that is ordered by a court for class-wide arbitration at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, unless the party bringing the claim files with FINRA one of the following:

(A) a copy of a notice filed with the court in which the class action is pending that the party will not participate in the class action or in any recovery that may result from the class action, or has withdrawn from the class according to any conditions set by the court; or

(B) a notice that the party will not participate in the class action or in any recovery that may result from the class action.

(3) The Director will refer to a panel any dispute as to whether a claim is part of a class action, unless a party asks the court hearing the class action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel.

(4) A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until:

· The class certification is denied;

· The class is decertified;

· The member of the certified or putative class is excluded from the class by the court; or

· The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

## (b) Collective Actions

(1) Collective action claims under the Fair Labor Standards Act, the Age Discrimination in Employment Act, or the Equal Pay Act of 1963 may not be arbitrated under the Code.

(2) Any claim that involves plaintiffs who are similarly-situated against the same defendants as in a court-certified collective action or a putative collective action, or that is ordered by a court for collective action at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, if the party bringing the claim has opted-in to the collective action.

(3) The Director will refer to a panel any dispute as to whether a claim is part of a collective action, unless a party asks the court or other forum hearing the collective action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute

to a panel.

(4) A member or associated person may not enforce an agreement to arbitrate in this forum against a member of a certified or putative collective action with respect to any claim that is the subject of the certified or putative collective action until the collective action certification is denied or the collective action is decertified.

These subparagraphs do not otherwise affect the enforceability of any rights under the Code or any other agreement.

> Amended by SR-FINRA-2012-027 eff. July 9, 2012.
> Amended by SR-FINRA-2011-075 eff. July 9, 2012.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57, 12-28.

# 13205. Shareholder Derivative Actions

Shareholder derivative actions may not be arbitrated under the Code.

> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57.

# 13206. Time Limits

**(a) Time Limitation on Submission of Claims**

No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim. The panel will resolve any questions regarding the eligibility of a claim under this rule.

**(b) Dismissal under Rule**

Dismissal of a claim under this rule does not prohibit a party from pursuing the claim in court. By filing a motion to dismiss a claim under this rule, the moving party agrees that if the panel dismisses a claim under this rule, the non-moving party may withdraw any remaining related claims without prejudice and may pursue all of the claims in court.

(1) Motions under this rule must be made in writing, and must be filed separately from the answer, and only after the answer is filed.

(2) Unless the parties agree or the panel determines otherwise, parties must serve motions under this rule at least 90 days before a scheduled hearing, and parties have 30 days to respond to the motion. Moving parties may reply to responses to motions. Any such reply must be made within 5 days of receipt of a response.

(3) Motions under this rule will be decided by the full panel.

(4) The panel may not grant a motion under this rule unless an in-person or telephonic prehearing conference on the motion is held or waived by the parties. Prehearing conferences to consider motions under this rule will be recorded as set forth in Rule 13606.

(5) If the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation.

(6) If the panel denies a motion under this rule, a party may not re-file the denied motion, unless specifically permitted by panel order.

(7) If the party moves to dismiss on multiple grounds including eligibility, the panel must decide eligibility first.

• If the panel grants the motion to dismiss the case on eligibility grounds on all claims, it shall not rule on any other grounds for the motion to dismiss.

• If the panel grants the motion to dismiss on eligibility grounds on some, but not all claims, and the party against whom the motion was granted elects to move the case to court, the panel shall not rule on any other ground for dismissal for 15 days from the date of service of the panel's decision to grant the motion to dismiss on eligibility grounds.

- If a panel dismisses any claim on eligibility grounds, the panel must record the dismissal on eligibility grounds on the face of its order and any subsequent award the panel may issue.

- If the panel denies the motion to dismiss on eligibility grounds, it shall rule on the other bases for the motion to dismiss the remaining claims in accordance with the procedures set forth in Rule 13504(a).

(8) If the panel denies a motion under this rule, the panel must assess forum fees associated with hearings on the motion against the moving party.

(9) If the panel deems frivolous a motion filed under this rule, the panel must also award reasonable costs and attorneys' fees to any party that opposed the motion.

(10) The panel also may issue other sanctions under Rule 13212 if it determines that a party filed a motion under this rule in bad faith.

**(c) Effect of Rule on Time Limits for Filing Claim in Court**

The rule does not extend applicable statutes of limitations; nor shall the six-year time limit on the submission of claims apply to any claim that is directed to arbitration by a court of competent jurisdiction upon request of a member or associated person. However, when a claimant files a statement of claim in arbitration, any time limits for the filing of the claim in court will be tolled while FINRA retains jurisdiction of the claim.

**(d) Effect of Filing a Claim in Court on Time Limits for Filing in Arbitration**

If a party submits a claim to a court of competent jurisdiction, the six-year time limitation will not run while the court retains jurisdiction of the claim matter.

---

Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2009-013 eff. Aug. 10, 2009.
Amended by SR-FINRA-2007-021 eff. Feb. 23, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-07, 09-36, 11-23.

---

# 13207. Extension of Deadlines

(a) The parties may agree in writing to extend or modify any deadline for:

- Serving an answer;

- Returning arbitrator or chairperson lists;

- Responding to motions; or

- Exchanging documents or witness lists.

If the parties agree to extend or modify a deadline under this rule, they must notify the Director of the new deadline in writing.

(b) The panel may extend or modify any deadline listed in paragraph (a), or any other deadline set by the panel, either on its own initiative or upon motion of a party.

(c) The Director may extend or modify any deadline or time period set by the Code for good cause. The Director may also extend or modify any deadline or time period set by the panel in extraordinary circumstances.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

---

# 13208. Representation of Parties

**(a) Representation by a Party**

Parties may represent themselves in an arbitration held in a United States hearing location. A member of a partnership may represent the partnership; and a bona fide officer of a corporation, trust, or association may represent the corporation, trust, or association.

**(b) Representation by an Attorney**

At any stage of an arbitration proceeding held in a United States hearing location, all parties shall have the right to be represented by an attorney at law in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation.

**(c) Representation by Others**

Parties may be represented in an arbitration by a person who is not an attorney, unless:

- state law prohibits such representation, or
- the person is currently suspended or barred from the securities industry in any capacity, or
- the person is currently suspended from the practice of law or disbarred.

**(d) Qualifications of Representative**

Issues regarding the qualifications of a person to represent a party in arbitration are governed by applicable law and may be determined by an appropriate court or other regulatory agency. In the absence of a court order, the arbitration proceeding shall not be stayed or otherwise delayed pending resolution of such issues.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2006-109 eff. Dec. 24, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 07-57, 08-57.

---

# 13209. Legal Proceedings

During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13210. Ex Parte Communications

(a) Except as provided in Rule 13211, no party, or anyone acting on behalf of a party, may communicate with any arbitrator outside of a scheduled hearing or conference regarding an arbitration unless all parties or their representatives are present.

(b) No party, or anyone acting on behalf of a party, may send or give any written motion, request, submission or other materials directly to any arbitrator, unless the arbitrators and the parties agree, or the Code provides otherwise.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13211. Direct Communication Between Parties and Arbitrators

(a) This rule provides procedures under which parties and arbitrators may communicate directly.

(b) Only parties that are represented by counsel may use direct communication under this rule. If, during the proceeding, a party chooses to appear without counsel, this rule shall no longer apply.

(c) All arbitrators and all parties must agree to the use of direct communication during the Initial Prehearing Conference or a later conference or hearing before it can be used.

(d) Parties may send the arbitrators only items that are listed in an order.

(e) Parties may send items to the arbitrators by first-class mail, overnight mail service, overnight delivery service, hand delivery, email, or facsimile as specified in the Direct Communication Order. All the arbitrators and parties must have facsimile or email capability before such a delivery method may be used.

(f) Copies of all materials sent to arbitrators must also be served on all parties and filed with the Director, pursuant to Rule 13300.

(g) The parties must file with the Director, pursuant to Rule 13300, copies of any orders and decisions made as a result of direct communications among the parties and the arbitrators.

(h) Parties may not communicate orally with any of the arbitrators outside the presence of all parties.

(i) Any party or arbitrator may terminate the direct communication order at any time, after giving written notice to the other arbitrators and the parties.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

## 13212. Sanctions

(a) The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to:

- Assessing monetary penalties payable to one or more parties;
- Precluding a party from presenting evidence;
- Making an adverse inference against a party;
- Assessing postponement and/or forum fees; and
- Assessing attorneys' fees, costs and expenses.

(b) The panel may initiate a disciplinary referral at the conclusion of an arbitration.

(c) The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 13213. Hearing Locations

**(a) U.S. Hearing Location**

(1) The Director will decide which of FINRA's hearing locations will be the hearing location for the arbitration. In cases involving an associated person, the Director will generally select the hearing location closest to where the associated person was employed at the time of

the events giving rise to the dispute, unless the hearing location closest to the associated person's employment is in a different state, in which case the associated person may request a hearing location in his or her state of employment at the time of the events giving rise to the dispute. In cases involving members only or more than one associated person, the Director will consider a variety of factors, including:

> • The parties' signed agreement to arbitrate, if any;

> • Which party initiated the transaction or business in issue; and

> • The location of essential witnesses and documents.

(2) Before arbitrator lists are sent to the parties under Rule 13403, the parties may agree in writing to a hearing location other than the one selected by the Director.

(3) The Director may change the hearing location upon motion of a party, as set forth in Rule 13503.

(4) After the panel is appointed, the panel may decide a motion relating to changing the hearing location.

**(b) Foreign Hearing Location**

(1) If the Director and all parties agree, parties may have their hearing in a foreign hearing location and conducted by foreign arbitrators, provided that the foreign arbitrators have:

(A) met FINRA background qualifications for arbitrators;

(B) received training on FINRA arbitration rules and procedures; and

(C) satisfied at least the same training and testing requirements as those arbitrators who serve in U. S. locations of FINRA.

(2) The parties shall pay an additional surcharge for each day of hearings held in a foreign hearing location. The amount of the surcharge will be determined by the Director and must be agreed to by the parties before the foreign hearing location may be used. This surcharge shall be specified in the agreement to use a foreign hearing location and shall be apportioned equally among the parties, unless they agree otherwise. The foreign arbitrators shall have the authority to apportion this surcharge as provided in Rule 13902(c).

---

Amended by SR-FINRA-2009-073 eff. May 3, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 10-17.

---

# 13214. Payment of Arbitrators

(a) Except as provided in paragraph (b) of this Rule, Rule 13800, and Rule 13806(f), FINRA will pay the panel an honorarium, as follows:

(1) $300 to each arbitrator for each hearing session in which he or she participates;

(2) an additional $125 to the chairperson for each prehearing conference in which he or she participates;

(3) an additional $250 per day to the chairperson for each hearing on the merits;

(4) $50 to each arbitrator for travel to a hearing session that is postponed pursuant to Rule 13601;

(5) $600 to each arbitrator if a hearing session other than a prehearing conference is postponed within 10 days before a scheduled hearing session pursuant to Rules 13601(a)(2) and (b)(2); and

(6) $100 to each arbitrator scheduled to attend a prehearing conference that is cancelled within three business days of the prehearing conference by agreement of the parties or is requested by one or more parties within three business days of the prehearing conference and granted, pursuant to Rules 13500(d) and 13501(d).

(b) The Director may authorize a higher or additional honorarium for the use of a foreign hearing location.

(c) Payment for Deciding Discovery-Related Motions, Contested Subpoena Requests, and Contested Orders for Production or Appearance without a Hearing Session

(1) FINRA will pay each arbitrator an honorarium of $200 to decide without a hearing session: (i) a discovery-related motion, (ii) a motion that contains one or more contested subpoena requests or contested orders for production or appearance; or (iii) a motion that contains

one or more contested subpoena requests and contested orders for production or appearance. This paragraph does not apply to cases administered under Rule 13800 or pursuant to Rule 13806(d)(1).

(2) For purposes of paragraph (c)(1):

i. a discovery-related motion and any replies or other correspondence relating to the motion shall be considered to be a single motion;

ii. a contested motion requesting the issuance of one or more subpoenas shall include the motion, the draft subpoena(s), a written objection from the party opposing the motion, and any other documents supporting a party's position; and

iii. a contested motion requesting the issuance of one or more orders for production or appearance shall include the motion, the draft order(s), a written objection from the party opposing the motion, and any other documents supporting a party's position.

(3) The panel will allocate the cost of the honoraria under paragraph (c)(1) to the parties pursuant to Rule 13902(c).

(d) Payment for Explained Decisions

(1) The chairperson who is responsible for writing an explained decision pursuant to Rule 13904(g) will receive an additional honorarium of $400.

(2) If the panel decides on its own to write an explained decision, then no panel member will receive the additional honorarium of $400.

---

Amended by SR-FINRA-2020-035 eff. April 19, 2021.
Amended by SR-FINRA-2018-026 eff. Jan. 7, 2019.
Amended by SR-FINRA-2018-019 eff. Oct. 29, 2018.
Amended by SR-FINRA-2018-012 eff. Feb. 21, 2018.
Amended by SR-FINRA-2015-003 eff. July 6, 2015.
Amended by SR-FINRA-2014-026 eff. Dec 15, 2014.
Amended by SR-FINRA-2009-015 eff. Sep. 14, 2009.
Amended by SR-FINRA-2008-051 eff. April 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2006-101 eff. April 2, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16, 09-48, 14-49, 15-21, 18-33, 18-40, 21-04.

# PART III INITIATING AND RESPONDING TO CLAIMS

## 13300. Filing and Serving Documents

**(a) Party Portal**

(1) Parties must use the Party Portal to file initial statements of claim and to file and serve pleadings and any other documents on the Director or any other party except as provided in paragraph (a)(2). The Director may exercise authority to permit the use of other means of filing or service in the case of an extended Party Portal outage or in other extraordinary circumstances.

(2) Parties shall not file with FINRA or serve on any other party, through the Party Portal, documents produced during discovery pursuant to the Rule 13500 series. Available service methods for such documents are first-class mail, overnight mail service, overnight delivery service, hand delivery, email, or facsimile.

**(b) Filing**

(1) Except as noted in Rule 13300(a)(2), parties must file initial statements of claim and all pleadings and other documents with the Director through the Party Portal. Parties must file with the Director any written responses relating to discovery requests under Rule 13507, but shall not file any of the documents produced in response to discovery requests as provided in Rule 13300(a)(2).

(2) Parties must file arbitrator ranking lists pursuant to Rule 13404 with the Director through the Party Portal.

(3) Filing under Rule 13300(b) is accomplished on the day of submission through the Party Portal.

**(c) Service**

(1) The Director will serve the Claim Notification Letter on the respondent(s) pursuant to Rule 13302.

(2) Except as noted in Rule 13300(a)(2), parties must serve all pleadings and other documents through the Party Portal.

(3) Service under Rule 13300(c) is accomplished on the day of submission through the Party Portal.

(4) For documents not served through the Party Portal, parties must file proof of service with the Director through the Party Portal.

**(d) General Rules for Filing and Serving Documents**

(1) Redaction of Personal Confidential Information

(A) In filings with the Director, a party must redact any document that contains an individual's Social Security number, taxpayer identification number or financial account number to include only the last four digits of any of these numbers. If the Director receives a claim, including supporting documents, with the full Social Security number, taxpayer identification number or financial account number, the Director will deem the filing deficient under Rule 13307 and will request that the party refile the document in compliance with this paragraph. If a party files with the Director any document not covered by Rule 13307, that contains full numbers as referenced above, the Director will deem the filing improper and will request that the party refile the document within 30 days from the time the party receives notice. If a party refiles the document, the corrected documents will be considered filed on the date the party initially filed the documents with the Director.

(B) The requirements of paragraph (d)(1)(A) above do not apply to documents that parties exchange with each other and do not file with the Director or to documents parties submit to a panel at a hearing on the merits.

(C) The requirements of paragraphs (d)(1)(A) above do not apply to Simplified Arbitrations under Rule 13800.

(2) Update Contact Information

A party must serve any change of email or mailing address during an arbitration on all other parties and file this information with the Director.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2014-008 eff. July 28, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 14-27, 17-03.

# 13301. Service on Associated Persons

(a) The Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the Claim Notification Letter on the associated person at the person's business address.

(b) If a member and a person currently associated with the member are named as respondents to the same arbitration, and the Director cannot complete service as provided in paragraph (a), then the Director may serve the member with the the Claim Notification Letter on behalf of the associated person. If service is made on the member, the member must serve the associated person, even if the member will not be representing the associated person in the arbitration. If the member is not representing the associated person in the arbitration, the member must notify, and provide the associated person's current address to, all parties and the Director.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13302. Filing and Serving an Initial Statement of Claim

**(a) Filing Claim with the Director**

To initiate an arbitration, a claimant must file the following with the Director:

(1) Signed and dated Submission Agreement; and

(2) A statement of claim specifying the relevant facts and remedies requested.

The claimant may include any additional documents supporting the statement of claim.

**(b) Fees**

At the time the statement of claim is filed, the claimant must pay all required filing fees by credit card or automated clearing house (ACH) through the Party Portal.

**(c) Service by Director**

Unless the statement of claim is deficient under Rule 13307, the Director will serve the Claim Notification Letter on the respondent(s) pursuant to Rule 13302. The Director will send a copy of the Submission Agreement, the statement of claim, and any additional materials filed by the claimant to each arbitrator by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile or through the Arbitrator and Mediator Portal, once the panel has been appointed.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2010-050 eff. Sep. 27, 2010.
Amended by SR-FINRA-2008-031 eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-FINRA-2007-042 eff. Dec. 27, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-04, 17-03.

# 13303. Answering the Statement of Claim

(a) Respondent(s) must serve each other party with the following documents within 45 days of receipt of the statement of claim:

(1) Signed and dated Submission Agreement; and

(2) An answer specifying the relevant facts and available defenses to the statement of claim.

The respondent may include any additional documents supporting the answer to the statement of claim. Parties that fail to answer in the time provided may be subject to default proceedings under Rule 13801.

(b) The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. If the answer contains a third party claim, the respondent must serve the third party with the answer containing the third party claim and all documents previously served by any party, or sent to the Director, by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile, and must file proof of service with the Director through the Party Portal. The respondent must file the third party claim with the Director through the Party Portal.

(c) At the same time that the answer to the statement of claim is served on the other parties, the respondent must file copies of the Submission Agreement, the answer to the statement of claim, and any additional documents, with the Director, pursuant to Rule 13300(b).

(d) If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, the respondent must pay all required filing fees.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04, 17-03.

# 13304. Answering Counterclaims

(a) A claimant must serve any answer to a counterclaim on each other party through the Party Portal within 20 days of receipt of the counterclaim. At the same time, the claimant must file the answer to the counterclaim with the Director.

(b) The answer must include the relevant facts and available defenses to the counterclaim. The claimant may include any additional documents supporting the answer to the counterclaim.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13305. Answering Cross Claims

(a) A respondent must serve an answer to a cross claim on each other party within 20 days from the date that the respondent's answer to the statement of claim is due, or from the receipt of the cross claim, whichever is later. At the same time, the respondent must file the answer to the cross claim with the Director.

(b) The answer must include the relevant facts and available defenses to the cross claim. The respondent may include any additional documents supporting the answer to the cross claim.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13306. Answering Third Party Claims

(a) A party responding to a third party claim must serve all other parties with the following documents within 45 days of receipt of the third party claim:

(1) Signed and dated Submission Agreement; and

(2) An answer specifying the relevant facts and available defenses to the third party claim.

The respondent may include any additional documents supporting the answer to the third party claim.

(b) The answer to the third party claim may also include any counterclaims, cross claims, or third party claims, specifying all relevant facts and remedies requested. The answer may also include any additional documents supporting such claim. If the answer contains a third party claim, the respondent must serve the third party with the answer containing the third party claim and all documents previously served by any party, or sent to the parties by the Director, by first-class mail, overnight mail service, overnight delivery service, hand deliver, email or facsimile, and must file proof of service with the Director through the Party Portal. The respondent must file the third party claim with the Director through the Party Portal.

(c) At the same time that the answer to the third party claim is served on the other parties, the third party respondent must also file copies of the Submission Agreement, the answer to the third party claim, and any additional documents, with the Director.

(d) If the answer to the third party claim contains any counterclaim, cross claim or third party claim, the party must also pay all required filing fees.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04, 17-03.

# 13307. Deficient Claims

(a) The Director will not serve any claim that is deficient. The reasons a claim may be deficient include the following:

(1) A Submission Agreement was not filed by each claimant;

(2) The Submission Agreement was not properly signed and dated;

(3) The Submission Agreement does not name all parties named in the claim;

(4) The claim does not specify the claimant's or the claimant's representative's current address;

(5) The claimant did not pay all required filing fees, unless the Director deferred the fees; or

(6) The claim does not comply with the restrictions on filings with personal confidential information under Rule 13300(d)(1).

(b) The Director will notify the claimant in writing if the claim is deficient. If the deficiency is corrected within 30 days from the time the claimant receives notice, the claim will be considered filed on the date the initial statement of claim was filed with the Director under Rule 13300(a). If all deficiencies are not corrected within 30 days, the Director will close the case without serving the claim, and will refund part of the filing fee in the amount indicated in the schedule under Rule 13900(c).

(c) The panel will not consider any counterclaim, cross claim or third party claim that is deficient. The reasons a counterclaim, cross claim or third party claim may be deficient include the reasons listed in paragraph (a). The Director will notify the party making the counterclaim, cross claim or third party claim of any deficiencies in writing. If the deficiency is corrected within 30 days from the time the party receives notice, the

counterclaim, cross claim or third party claim will be considered filed on the date the initial counterclaim, cross claim or third party claim was filed with the Director. If all deficiencies are not corrected within 30 days from the time the party making the counterclaim, cross claim or third party claim receives notice of the deficiency, the panel will proceed with the arbitration as though the deficient counterclaim, cross claim or third party claim had not been made.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2014-008 eff. July 28, 2014.
Amended by SR-FINRA-2009-072 eff. March 22, 2010.
Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04, 10-11, 14-27, 17-03.

---

# 13308. Loss of Defenses Due to Untimely or Incomplete Answer

(a) If a party does not answer within the time period specified in the Code, the panel may, upon motion, bar that party from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Code. The party may also be subject to default proceedings under Rule 13801, if the conditions of Rule 13801(a) apply.

(b) If a party answers a claim that alleges specific facts and contentions with a general denial, or fails to include defenses or relevant facts in its answer that were known to it at the time the answer was filed, the panel may bar that party from presenting the omitted defenses or facts at the hearing.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13309. Amending Pleadings

### (a) Before Panel Appointment

Except as provided in paragraph (c), a party may amend a pleading at any time before the panel has been appointed. Panel appointment occurs when the Director sends notice to the parties of the names of the arbitrators on the panel.

(1) To amend a statement of claim that has been filed but not yet served by the Director, the claimant must file the amended claim with the Director. The Director will then serve the Claim Notification Letter.

(2) To amend any other pleading, a party must serve the amended pleading on each party and file the amended pleading with the Director. If a pleading is amended to add a party to the arbitration, the party amending the pleading must serve the new party with the amended pleading and all documents previously served by any party, or sent to the parties by the Director, by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile, and must file proof of service with the Director through the Party Portal. The party amending the pleading must file the amended pleading with the Director through the Party Portal.

### (b) After Panel Appointment

Once a panel has been appointed, a party may only amend a pleading if the panel grants a motion to amend in accordance with Rule 13503. Motions to amend a pleading must include a copy of the proposed amended pleading. If the panel grants the motion to amend, the amended pleading does not need to be re-served on the other parties, the Director, or the panel, unless the panel determines otherwise.

### (c) Amendments to Add Parties

Once the ranked arbitrator lists are due to the Director under Rule 13404(d), no party may amend a pleading to add a new party to the arbitration until a panel has been appointed and the panel grants a motion to add the party. Motions to add a party after panel appointment must be served on all parties, including the party to be added. The party seeking to amend the pleading may serve the party to be added by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Service by first-class mail or overnight mail service is accomplished on the date of mailing. Service by any other means is accomplished on the date of delivery. The party to be added may respond to

the motion in accordance with Rule 13503 without waiving any rights or objections under the Code. The response may be filed with the Director and served on all other parties by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile.

**(d) Responding to an Amended Pleading**

Any party may file a response to an amended pleading, provided the response is filed and served within 20 days of receipt of the amended pleading, unless the panel determines otherwise.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

---

# 13310. Answering Amended Claims

(a) If a claim is amended before it has been answered, the respondent's original time to answer is extended by 20 days.

(b) If a claim is amended after it has been answered, but before a panel has been appointed, the respondent has 20 days from receipt of the amended claim to serve an amended answer.

(c) If a claim is amended after a panel has been appointed, the respondent has 20 days from the time the respondent receives notice that the panel has granted the motion to amend the claim to serve an amended answer.

(d) The amended answer must be served on each other party. At the same time, the amended answer must also be filed with the Director.

(e) If the amended claim adds a new party to the arbitration, the new party's time to answer is governed by Rule 13303 or Rule 13306.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

---

# 13311. Amendments to Amount in Dispute

If an amended pleading increases the amount in dispute, all filing fees, surcharges and process fees required by the Code will be recalculated based on the new amount in dispute.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13312. Multiple Claimants

(a) One or more parties may join multiple claims together in the same arbitration if the claims contain common questions of law or fact and:

- The claims assert any right to relief jointly and severally; or

- The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.

(b) After all responsive pleadings have been served, claims joined together under paragraph (a) of this rule may be separated into two or more arbitrations by the Director before a panel is appointed, or by the panel after the panel is appointed. A party whose claims were separated by the Director may make a motion to the panel in the lowest numbered case to reconsider the Director's decision.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 13313. Multiple Respondents

(a) One or more parties may name one or more respondents in the same arbitration if the claims contain any questions of law or fact common to all respondents and:

- The claims are asserted against the respondents jointly and severally; or

- The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.

(b) After all responsive pleadings have been served, claims joined together under paragraph (a) of this rule may be separated into two or more arbitrations by the Director before a panel is appointed, or by the panel after the panel is appointed. A party whose claims were separated by the Director may make a motion to the panel in the lowest numbered case to reconsider the Director's decision.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 13314. Combining Claims

Before ranked arbitrator lists are due to the Director under Rule 13404(d), the Director may combine separate but related claims into one arbitration. Once a panel has been appointed, the panel may reconsider the Director's decision upon motion of a party.

Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# PART IV APPOINTMENT, DISQUALIFICATION, AND AUTHORITY OF ARBITRATORS

## 13400. Neutral List Selection System and Arbitrator Rosters

### (a) Neutral List Selection System

The Neutral List Selection System is a computer system that generates, on a random basis, lists of arbitrators from FINRA's rosters of arbitrators for the selected hearing location for each proceeding. The parties will select their panel through a process of striking and ranking the arbitrators on lists generated by the Neutral List Selection System.

### (b) Arbitrator Rosters

FINRA maintains the following roster of arbitrators:

(1) A roster of non-public arbitrators as defined in Rule 13100(r);

(2) A roster of public arbitrators as defined in Rule 13100(x); and

(3) A roster of arbitrators who are eligible to serve as chairperson of a panel as described in paragraph (c). Arbitrators who are eligible to serve as chairperson will also be included in the roster of non-public or public arbitrators, depending on composition of the panel under Rule 13402, but will only appear on one list in a case.

### (c) Eligibility for Chairperson Roster

Arbitrators are eligible to serve as chairperson of panels submitted for arbitration under the Code if they have completed chairperson training provided by FINRA and:

(1) Have a law degree and are a member of a bar of at least one jurisdiction and have served as an arbitrator through award on at least one arbitration administered by a self-regulatory organization in which hearings were held; or

(2) Have served as an arbitrator through award on at least three arbitrations administered by a self-regulatory organization in which hearings were held.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2016-033 eff. Jan. 9, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03, 17-04.

---

## 13401. Number of Arbitrators

### (a) Claims of $50,000 or Less

If the amount of a claim is $50,000 or less, exclusive of interest and expenses, the panel will consist of one arbitrator and the claim is subject to the simplified arbitration procedures under Rule 13800.

### (b) Claims of More Than $50,000 Up To $100,000

If the amount of a claim is more than $50,000 but not more than $100,000, exclusive of interest and expenses, the panel will consist of one arbitrator unless the parties agree in writing to three arbitrators.

### (c) Claims of More Than $100,000; Unspecified or Non-Monetary Claims

If the amount of a claim is more than $100,000, exclusive of interest and expenses, or is unspecified, or if the claim does not request money damages, the panel will consist of three arbitrators, unless the parties agree in writing to one arbitrator.

---

Amended by SR-FINRA-2012-012 eff. July 23, 2012.
Amended by SR-FINRA-2008-047 eff. March 30, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-13, 12-30.

# 13402. Composition of Arbitration Panels in Cases Not Involving a Statutory Discrimination Claim

*For disputes involving statutory employment discrimination claims, see Rule 13802.*

### (a) Disputes Between Members

(1) In an arbitration between members, the panel composition will be as follows:

· If the panel consists of one arbitrator, the arbitrator will be a non-public arbitrator selected from the chairperson roster described in Rule 13400(c), unless the parties agree in writing otherwise.

· If the panel consists of three arbitrators, all will be non-public arbitrators. One of the arbitrators will be selected from the chairperson roster described in Rule 13400(c), unless the parties agree in writing otherwise.

(2) If an arbitration involves only members and a member amends a pleading, pursuant to Rule 13309(c) to add an associated person, the majority of the panel will be public arbitrators, as described in Rule 13402(b). Once an associated person has been added to the proceeding, the rules that apply to cases between associated persons and members will govern list selection and the administration of the arbitration proceeding.

### (b) Disputes Between Associated Persons or Between or Among Members and Associated Persons

· If the panel consists of one arbitrator, the arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.

· If the panel consists of three arbitrators, one will be a non-public arbitrator and two will be public arbitrators. One of the public arbitrators will be selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.

Amended by SR-FINRA-2009-011 eff. Aug. 31, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-43.

# 13403. Generating and Sending Lists to the Parties

*For disputes involving statutory employment discrimination claims, see Rule 13802.*

### (a) Lists Generated in Disputes Between Members

(1) If the panel consists of one arbitrator, the Neutral List Selection System will generate a list of 10 non-public arbitrators from the FINRA non-public chairperson roster.

(2) If the panel consists of three non-public arbitrators, the Neutral List Selection System will generate:

· A list of 20 arbitrators from the FINRA non-public roster; and

· A list of 10 non-public arbitrators from the FINRA non-public chairperson roster.

(3) If the panel consists of three arbitrators, the Neutral List Selection System will generate the non-public chairperson list first. Chair-qualified arbitrators who were not selected for the non-public chairperson list will be eligible for selection on the non-public list. An individual arbitrator cannot appear on both the non-public chairperson list and the non-public list for the same case.

(4) The Neutral List Selection System will exclude arbitrators from the lists based upon current conflicts of interest identified within the Neutral List Selection System.

**(b) Lists Generated in Disputes Between Associated Persons or Between or Among Members and Associated Persons**

(1) If the panel consists of one arbitrator, the Neutral List Selection System will generate a list of 10 public arbitrators from the FINRA public chairperson roster.

(2) If the panel consists of three arbitrators, the Neutral List Selection System will generate:

- A list of 10 arbitrators from the FINRA non-public arbitrator roster;

- A list of 10 arbitrators from the FINRA public arbitrator roster; and

- A list of 10 public arbitrators from the FINRA public chairperson roster.

(3) If the panel consists of three arbitrators, the Neutral List Selection System will generate the public chairperson list first. Chair-qualified arbitrators who were not selected for the public chairperson list will be eligible for selection on the public list. An individual arbitrator cannot appear on both the public chairperson list and the public list for the same case.

(4) The Neutral List Selection System will exclude arbitrators from the lists based upon current conflicts of interest identified within the Neutral List Selection System.

**(c) Sending Lists to Parties**

(1) The Director will send the lists generated by the Neutral List Selection System to all parties at the same time, within approximately 30 days after the last answer is due, regardless of the parties' agreement to extend any answer due date. The parties will also receive employment history for the past 10 years and other background information for each arbitrator listed.

(2) If a party requests additional information about an arbitrator, the Director will request the additional information from the arbitrator, and will send any response to all of the parties at the same time. When a party requests additional information, the Director may, but is not required to, toll the time for parties to return the ranked lists under Rule 13404(d).

Amended by SR-FINRA-2017-009 eff. Sep. 18, 2017.
Amended by SR-FINRA-2010-022 eff. Sep. 27, 2010.
Amended by SR-FINRA-2009-011 eff. Aug. 31, 2009.
Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-43, 10-37, 17-25.

# 13404. Striking and Ranking Arbitrators

(a) Except for lists generated pursuant to Rule 13403(a)(2), each separately represented party may strike up to four of the arbitrators from each list for any reason by crossing through the names of the arbitrators. At least six names must remain on each list.

(b) For lists generated pursuant to Rule 13403(a)(2), each separately represented party may strike up to eight of the arbitrators from the non-public list and up to four of the arbitrators from the non-public chairperson list for any reason by crossing through the names of the arbitrators. At least 12 names must remain on the non-public list and at least six names must remain on the non-public chairperson list.

(c) Each separately represented party shall rank all remaining arbitrators on the lists in order of preference, with a "1" indicating the party's first choice, a "2" indicating the party's second choice, and so on. Each list of arbitrators must be ranked separately.

(d) The ranked lists must be completed via the Party Portal no more than 20 days after the date upon which the Director sent the lists to the parties. If the Director does not receive a party's ranked lists within that time, the Director will proceed as though the party did not want to strike any arbitrator or have any preferences among the listed arbitrators.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2010-022 eff. Sep. 27, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 10-37, 17-03.

# 13405. Combining Lists

For each arbitrator classification (public, non-public, and chairperson), the Director will prepare combined ranked lists of arbitrators based on the parties' numerical rankings, as follows:

· The Director will add the rankings of all claimants together, and the rankings of all respondents together, to produce separate combined ranked lists for the claimants and the respondents.

· The Director will then add the combined rankings of claimants and the respondents together, to produce a single combined ranking number for each arbitrator, excluding all arbitrators stricken by a party.

· The Director will create separate combined ranked lists for each arbitrator classification in cases with both public and non-public arbitrators.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13406. Appointment of Arbitrators; Discretion to Appoint Arbitrators Not on List

*For disputes involving statutory employment discrimination claims, see Rule 13802.*

### (a) Appointment of Arbitrators in Disputes Between Members

(1) If the panel consists of one arbitrator, the Director will appoint the highest-ranked available arbitrator from the combined non-public chairperson list.

(2) If the panel consists of three arbitrators, the Director will appoint a three-arbitrator panel consisting of:

(A) The two highest-ranked available arbitrators from the combined non-public arbitrator list; and

(B) The highest-ranked available arbitrator from the combined non-public chairperson list, who will serve as chairperson of the panel.

### (b) Appointment of Arbitrators in Disputes Between Associated Persons or Between or Among Members and Associated Persons

(1) If the panel consists of one arbitrator, the Director will appoint the highest-ranked available arbitrator from the combined public chairperson list.

(2) If the panel consists of three arbitrators, the Director will appoint a three-arbitrator panel consisting of:

(A) The highest-ranked available arbitrator from the combined non-public arbitrator list;

(B) The highest-ranked available arbitrator from the combined public arbitrator list; and

(C) The highest-ranked available arbitrator from the combined public chairperson list, who will serve as chairperson of the panel.

(c) If the number of arbitrators available to serve from the combined list(s) is not sufficient to fill an initial panel, the Director will appoint one or more arbitrators of the required classification to complete the panel from names generated randomly by the Neutral List Selection System. If the Director must appoint a non-public arbitrator, the Director may not appoint a non-public arbitrator as defined in Rule 13100(r)(2) or (3), unless the parties agree otherwise. The Director will provide the parties information about the arbitrators as provided in Rule 13403 and the parties will have the right to challenge the arbitrators as provided in Rule 13410.

(d) Appointment of arbitrators occurs when the Director sends notice to the parties of the names of the arbitrators on the panel. Before making any decision as an arbitrator or attending a hearing session, the arbitrators must execute FINRA's arbitrator oath or affirmation.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2009-011 eff. Aug. 31, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-43, 17-03.

# 13407. Additional Parties

(a) If a party is added to an arbitration after the Director sends the lists generated by the Neutral List Selection System to the parties, but before the ranked lists are due to the Director, the Director will send the lists to the newly added party, with employment history for the past 10 years and other background information for each arbitrator listed. The newly added party may rank and strike the arbitrators in accordance with Rule 13404. If the Director receives the ranked lists from the newly added party within 20 days after the date upon which the Director sent the lists to the party, the Director will include the new party's lists when combining rankings under Rule 13405. If the Director does not receive the list(s) within that time, the Director will proceed as though the party did not want to strike any arbitrator, or have any preference among the listed arbitrators.

(b) Once the ranked lists are due to the Director under Rule 13404, no party may amend a pleading to add a new party to the arbitration until a panel is appointed and grants a motion to add the party. Motions to add a party must be served on all parties. The party amending the pleading must serve the party to be added by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Service by first-class mail or overnight mail service is accomplished on the date of mailing. Service by any other means is accomplished on the date of delivery. The party to be added may respond to the motion in accordance with Rule 13503 without waiving any rights or objections under the Code. The response may be filed with the Director and served on all other parties by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. If the panel grants the motion to add the party, the newly added party may not strike and rank the arbitrators, but may challenge an arbitrator for cause in accordance with Rule 13410.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13408. Disclosures Required of Arbitrators

(a) Before appointing arbitrators to a panel, the Director will notify the arbitrators of the nature of the dispute and the identity of the parties. Each potential arbitrator must make a reasonable effort to learn of, and must disclose to the Director, any circumstances which might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, including:

(1) Any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) Any existing or past financial, business, professional, family, social, or other relationships or circumstances with any party, any party's representative, or anyone who the arbitrator is told may be a witness in the proceeding, that are likely to affect impartiality or might reasonably create an appearance of partiality or bias;

(3) Any such relationship or circumstances involving members of the arbitrator's family or the arbitrator's current employers, partners, or business associates; and

(4) Any existing or past service as a mediator for any of the parties in the case for which the arbitrator has been selected.

(b) The obligation to disclose interests, relationships, or circumstances that might preclude an arbitrator from rendering an objective and impartial determination described in paragraph (a) is a continuing duty that requires an arbitrator who accepts appointment to an arbitration proceeding to disclose, at any stage of the proceeding, any such interests, relationships, or circumstances that arise, or are recalled or discovered.

(c) The Director will inform the parties to the arbitration of any information disclosed to the Director under this rule unless the arbitrator who disclosed the information declines appointment or voluntarily withdraws from the panel as soon as the arbitrator learns of any interest,

relationship or circumstance that might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, or the Director removes the arbitrator.

> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57.

# 13409. Arbitrator Recusal

Any party may ask an arbitrator to recuse himself or herself from the panel for good cause. Requests for arbitrator recusal are decided by the arbitrator who is the subject of the request.

> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57.

# 13410. Removal of Arbitrator by Director

**(a) Before First Hearing Session Begins**

Before the first hearing session begins, the Director may remove an arbitrator for conflict of interest or bias, either upon request of a party or on the Director's own initiative.

(1) The Director will grant a party's request to remove an arbitrator if it is reasonable to infer, based on information known at the time of the request, that the arbitrator is biased, lacks impartiality, or has a direct or indirect interest in the outcome of the arbitration. The interest or bias must be definite and capable of reasonable demonstration, rather than remote or speculative.

(2) The Director must first notify the parties before removing an arbitrator on the Director's own initiative. The Director may not remove the arbitrator if the parties agree in writing to retain the arbitrator within five days of receiving notice of the Director's intent to remove the arbitrator.

**(b) After First Hearing Session Begins**

After the first hearing session begins, the Director may remove an arbitrator based only on information required to be disclosed under Rule 13408 that was not previously known by the parties. The Director may exercise this authority upon request of a party or on the Director's own initiative. Only the Director may exercise the authority under this paragraph (b).

> Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
> Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notices:** 07-07, 08-57, 16-04.

# 13411. Replacement of Arbitrators

(a) If an arbitrator is removed, or becomes otherwise unable or unwilling to serve, the Director will appoint a replacement arbitrator in accordance with this rule, unless the parties agree in writing to proceed with only the remaining arbitrators.

(b) The Director will appoint as a replacement arbitrator the arbitrator who is the most highly ranked available arbitrator of the required classification remaining on the combined list.

(c) If there are no available arbitrators of the required classification on the consolidated list, the Director will appoint an arbitrator of the required classification to complete the panel from names generated by the Neutral List Selection System. The Director will provide the parties

information about the arbitrator as provided in Rule 13403, and the parties shall have the right to object to the arbitrator as provided in Rule 13410.

 (d) If the Director must appoint a non-public arbitrator under paragraph (c), the Director may not appoint a non-public arbitrator as defined in Rule 13100(r)(2) or (3), unless the parties agree otherwise.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

---

# 13412. Director's Discretionary Authority

 The Director may exercise discretionary authority and make any decision that is consistent with the purposes of the Code to facilitate the appointment of arbitrators and the resolution of arbitrations.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13413. Jurisdiction of Panel and Authority to Interpret the Code

 The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13414. Determinations of Arbitration Panel

 All rulings and determinations of the panel must be made by a majority of the arbitrators, unless the parties agree, or the Code or applicable law provides, otherwise.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# PART V PREHEARING PROCEDURES AND DISCOVERY

## 13500. Initial Prehearing Conference

(a) After the panel is appointed, the Director will schedule an Initial Prehearing Conference before the panel, except as provided in paragraph (c) of this rule.

(b) The Initial Prehearing Conference will generally be held by telephone. Unless the parties agree otherwise, the Director must notify each party of the time and place of the Initial Prehearing Conference at least 20 days before it takes place.

(c) At the Initial Prehearing Conference, the panel will set discovery, briefing, and motions deadlines, schedule subsequent hearing sessions, and address other preliminary matters. The parties may agree to forgo the Initial Prehearing Conference only if they jointly provide the Director with the following information, in writing before the Initial Prehearing Conference is scheduled to be held:

(1) A statement that the parties accept the panel;

(2) Whether any other prehearing conferences will be held, and if so, for each prehearing conference, a minimum of four mutually agreeable dates and times, and whether the chairperson or the full panel will preside;

(3) A minimum of four sets of mutually agreeable hearing dates;

(4) A discovery schedule;

(5) A list of all anticipated motions, with filing and response due dates; and

(6) A determination regarding whether briefs will be submitted, and, if so, the due date for the briefs and any reply briefs.

(d) If a cancellation request is agreed to by the parties or requested by one or more parties within three business days before a scheduled prehearing conference and granted, the party or parties shall be charged a fee of $100 per arbitrator scheduled to attend the prehearing conference. If more than one party requests the cancellation, the arbitrator(s) may allocate the $100 per-arbitrator fee between or among the requesting parties. If one party requests the cancellation, the arbitrator(s) shall allocate the fee to that party; provided, however, the arbitrator(s) may allocate all or a portion of the $100 per-arbitrator fee to the non-requesting party or parties if the arbitrator(s) determine that the non-requesting party or parties caused or contributed to the need for the cancellation. In the event that an extraordinary circumstance prevents a party or parties from making a timely cancellation request, the arbitrator(s) may use their discretion to waive the fee, provided a written explanation of such circumstance is received.

---

Amended by SR-FINRA-2018-019 eff. Oct. 29, 2018.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03, 18-33.

---

## 13501. Other Prehearing Conferences

(a) A prehearing conference may be scheduled upon the joint request of the parties or at the discretion of the Director. The Director will set the time and place of the prehearing conference and appoint a person to preside.

(b) At a party's request, or at the discretion of the panel, the panel may schedule one or more additional prehearing conferences regarding any outstanding preliminary matters, including:

(1) Discovery disputes;

(2) Motions;

(3) Witness lists and subpoenas;

(4) Stipulations of fact;

(5) Unresolved scheduling issues;

(6) Contested issues on which the parties will submit briefs; and

(7) Any other matter that will simplify or expedite the arbitration.

(c) The panel will determine the time and place of any additional prehearing conferences. Prehearing conferences will generally be held by telephone. Unless the full panel is required under Rule 13503, prehearing conferences may be held before a single arbitrator, generally the chairperson.

(d) If a cancellation request is agreed to by the parties or requested by one or more parties within three business days before a scheduled prehearing conference and granted, the party or parties shall be charged a fee of $100 per arbitrator scheduled to attend the prehearing conference. If more than one party requests the cancellation, the arbitrator(s) may allocate the $100 per-arbitrator fee between or among the requesting parties. If one party requests the cancellation, the arbitrator(s) shall allocate the fee to that party; provided, however, the arbitrator(s) may allocate all or a portion of the $100 per-arbitrator fee to the non-requesting party or parties if the arbitrator(s) determine that the non-requesting party or parties caused or contributed to the need for the cancellation. In the event that an extraordinary circumstance prevents a party or parties from making a timely cancellation request, the arbitrator(s) may use their discretion to waive the fee, provided a written explanation of such circumstance is received.

> Amended by SR-FINRA-2018-019 eff. Oct. 29, 2018.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notice:** 07-07, 08-57, 18-33.

## 13502. Recording Prehearing Conferences

(a) Prehearing conferences will not be recorded unless the panel determines otherwise, either on its own initiative or upon motion of a party.

(b) If a prehearing conference is recorded, it may be recorded using any of the methods discussed under Rule 13606. The Director will provide a copy of the recording to any party upon request.

> Amended by SR-FINRA-2016-029 eff. April 3, 2017.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 16, 2007.
>
> **Selected Notice:** 07-07, 08-57, 17-03.

## 13503. Motions

**(a) Motions**

(1) A party may make motions in writing, or orally during any hearing session. Before making a motion, a party must make an effort to resolve the matter that is the subject of the motion with the other parties. Every motion, whether written or oral, must include a description of the efforts made by the moving party to resolve the matter before making the motion.

(2) Written motions are not required to be in any particular form, and may take the form of a letter, legal motion, or any other form that the panel decides is acceptable. Written motions must be served on each other party. Written motions must also be filed with the Director.

(3) Written motions must be served at least 20 days before a scheduled hearing, unless the panel decides otherwise.

(4) Motions to amend a pleading after panel appointment pursuant to Rule 13309(b) must be accompanied by copies of the proposed amended pleading when the motion is served on the other parties and filed with the Director. If the panel grants the motion, the amended pleading does not have to be served again, unless the panel determines otherwise. Motions to amend a pleading to add a party are made pursuant to Rule 13309(c).

**(b) Responding to Motions**

Parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the Director or the panel decides otherwise. Responses to written motions must be served on each other party. Responses to written motions

must also be filed with the Director.

**(c) Replying to Responses to Motions**

Parties have 5 days from the receipt of a response to a motion to reply to the response unless the responding party agrees to an extension of time, or the Director or the panel decides otherwise. Replies to responses must be served on each other party. Replies to responses must also be filed with the Director.

**(d) Authority to Decide Motions**

(1) The Director decides motions relating to use of the forum under Rule 13203 and removal of an arbitrator under Rule 13410.

(2) Motions relating to combining or separating claims or arbitrations, or changing the hearing location, are decided by the Director before a panel is appointed, and by the panel after the panel is appointed.

(3) Discovery-related motions are decided by one arbitrator, generally the chairperson. The arbitrator may refer such motions to the full panel either at his or her own initiative, or at the request of a party. The arbitrator must refer motions relating to privilege to the full panel at the request of a party.

(4) Motions for arbitrator recusal under Rule 13409 are decided by the arbitrator who is the subject of the request.

(5) The full panel decides all other motions, including motions relating to the eligibility of a claim under Rule 13206, unless the Code provides or the parties agree otherwise.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-23, 17-03.

---

# 13504. Motions to Dismiss

**(a) Motions to Dismiss Prior to Conclusion of Case in Chief**

(1) Motions to dismiss a claim prior to the conclusion of a party's case in chief are discouraged in arbitration.

(2) Motions under this rule must be made in writing, and must be filed separately from the answer, and only after the answer is filed.

(3) Unless the parties agree or the panel determines otherwise, parties must serve motions under this rule at least 60 days before a scheduled hearing, and parties have 45 days to respond to the motion. Moving parties may reply to responses to motions. Any such reply must be made within 5 days of receipt of a response.

(4) Motions under this rule will be decided by the full panel.

(5) The panel may not grant a motion under this rule unless an in-person or telephonic prehearing conference on the motion is held or waived by the parties. Prehearing conferences to consider motions under this rule will be recorded as set forth in Rule 13606.

(6) The panel cannot act upon a motion to dismiss a party or claim under paragraph (a) of this rule, unless the panel determines that:

(A) the non-moving party previously released the claim(s) in dispute by a signed settlement agreement and/or written release;

(B) the moving party was not associated with the account(s), security(ies), or conduct at issue; or

(C) The non-moving party previously brought a claim regarding the same dispute against the same party that was fully and finally adjudicated on the merits and memorialized in an order, judgment, award, or decision.

(7) If the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation.

(8) If the panel denies a motion under this rule, the moving party may not re-file the denied motion, unless specifically permitted by panel order.

(9) If the panel denies a motion under this rule, the panel must assess forum fees associated with hearings on the motion against the moving party.

(10) If the panel deems frivolous a motion filed under this rule, the panel must also award reasonable costs and attorneys' fees to any party that opposed the motion.

(11) The panel also may issue other sanctions under Rule 13212 if it determines that a party filed a motion under this rule in bad faith.

**(b) Motions to Dismiss After Conclusion of Case in Chief**

A motion to dismiss made after the conclusion of a party's case in chief is not subject to the procedures set forth in paragraph (a).

**(c) Motions to Dismiss Based on Eligibility**

A motion to dismiss based on eligibility filed under Rule 13206 will be governed by that rule.

**(d) Motions to Dismiss Based on Failure to Comply with Code or Panel Order**

A motion to dismiss based on failure to comply with any provision in the Code, or any order of the panel or single arbitrator filed under Rule 13212 will be governed by that rule.

**(e) Motions to Dismiss Based on Discovery Abuse**

A motion to dismiss based on discovery abuse filed under Rule 13511 will be governed by that rule.

---

Amended by SR-FINRA-2016-030 eff. Jan. 23, 2017.
Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Adopted by SR-FINRA-2007-021 eff. Feb. 23, 2009.

**Selected Notices:** 09-07, 11-23, 17-02.

---

# 13505. Cooperation of Parties in Discovery

The parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13506. Discovery Requests

**(a) Requests for Documents or information**

Parties may request documents or information from any party by serving a written request on the party. Requests for information are generally limited to identification of individuals, entities, and time periods related to the dispute; such requests should be reasonable in number and not require narrative answers or fact finding. Standard interrogatories are generally not permitted in arbitration.

**(b) Making Discovery Requests**

Discovery requests may be served:

(1) On the claimant, or any respondent named in the initial statement of claim, 45 days or more after the Director serves the statement of claim; and

(2) On any party subsequently added to the arbitration, 45 days or more after the statement of claim is served on that party.

The party must serve copies of the request on all other parties. Any request for documents or information should be specific and relate to the matter in controversy.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03.

# 13507. Responding to Discovery Requests

(a) Unless the parties agree otherwise, within 60 days from the date a discovery request is received, the party receiving the request must either:

(1) Produce the requested documents or information to all other parties by serving the requested documents or information by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile;

(2) Identify and explain the reason that specific requested documents or information cannot be produced within the required time, state when the documents will be produced, and serve this response on all parties and file this response with the Director; or

(3) Object as provided in Rule 13508 and serve this response on all parties and file this response with the Director.

(b) A party must act in good faith when complying with paragraph (a) of this rule. "Good faith" means that a party must use its best efforts to produce all documents required or agreed to be produced. If a document cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document.

(c) If a party redacts any portion of a document prior to production, the redacted pages (or range of pages) shall be labeled "redacted."

Amended by SR-FINRA-2016-029 eff. April 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03.

# 13508. Objecting to Discovery Requests; Waiver of Objection

(a) If a party objects to producing any document or information requested under Rule 13506, it must specifically identify which document or requested information it is objecting to and why. Objections must be in writing, and must be served on all other parties. Parties must produce all applicable listed documents, or other requested documents or information not specified in the objection by serving the requested documents or information under Rule 13300.

(b) Any objection not made within the required time is waived unless the panel determines that the party had substantial justification for failing to make the objection within the required time.

(c) In making any rulings on objections, arbitrators may consider the relevance of documents or discovery requests and the relevant costs and burdens to parties to produce this information.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13509. Motions to Compel Discovery

(a) A party may make a motion asking the panel to order another party to produce documents or information if the other party has:

· Failed to comply with Rules 13506 or 13507; or

· Objected to the production of documents or information under Rule 13508.

(b) Motions to compel discovery must be made, and will be decided, in accordance with Rule 13503. Such motions must include the disputed document request, a copy of any objection thereto, and a description of the efforts of the moving party to resolve the issue before making the motion.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13510. Depositions

Depositions are strongly discouraged in arbitration. Upon motion of a party, the panel may permit depositions, but only under very limited circumstances, including:

· To preserve the testimony of ill or dying witnesses;

· To accommodate essential witnesses who are unable or unwilling to travel long distances for a hearing and may not otherwise be required to participate in the hearing;

· To expedite large or complex cases;

· In cases involving claims of statutory employment discrimination, if necessary and consistent with the expedited nature of arbitration; and

· If the panel determines that extraordinary circumstances exist.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13511. Discovery Sanctions

(a) Failure to cooperate in the exchange of documents and information as required under the Code may result in sanctions. The panel may issue sanctions against any party in accordance with Rule 13212(a) for:

· Failing to comply with the discovery provisions of the Code, unless the panel determines that there is substantial justification for the failure to comply; or

· Frivolously objecting to the production of requested documents or information.

(b) The panel may dismiss a claim, defense or proceeding with prejudice in accordance with Rule 13212(c) for intentional and material failure to comply with a discovery order of the panel if prior warnings or sanctions have proven ineffective.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13512. Subpoenas

(a) To the fullest extent possible, parties should produce documents and make witnesses available to each other without the use of subpoenas.

(1) Arbitrators shall have the authority to issue subpoenas for the production of documents or the appearance of witnesses.

(2) Unless circumstances dictate the need for a subpoena, arbitrators shall not issue subpoenas to non-party FINRA members and/or employees or associated persons of non-party FINRA members at the request of FINRA members and/or employees or associated persons of

FINRA members. If the arbitrators determine that the request for the appearance of witnesses or the production of documents should be granted, the arbitrators should order the appearance of such persons or the production of documents from such persons or non-party FINRA members under Rule 13513.

(b) A party may make a written motion requesting that an arbitrator issue a subpoena to a party or a non-party. The motion must include a draft subpoena and must be filed with the Director. The requesting party must serve the motion and draft subpoena on each other party. The requesting party may not serve the motion or draft subpoena on a non-party.

(c) If a party receiving a motion and draft subpoena objects to the scope or propriety of the subpoena, that party shall, within 10 calendar days of service of the motion, file written objections with the Director, and shall serve copies on all other parties. The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the subpoena.

(d) If the arbitrator issues a subpoena, the party that requested the subpoena must serve the subpoena on all parties and, if applicable, on any non-party receiving the subpoena. The party must serve the subpoena on the non-party by overnight mail service, overnight delivery service, hand delivery, email or facsimile.

(e) If a non-party receiving a subpoena objects to the scope or propriety of the subpoena, the non-party may, within 15 calendar days of receipt of the subpoena, file written objections with the Director and the requesting party. The non-party may file the objection by overnight mail service, overnight delivery service, hand delivery, email or facsimile. The Director shall forward a copy of the written objections to all other parties. The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections. The party must serve the response on the non-party and all other parties and file proof of service with the Director pursuant to Rule 13300(c)(4). The Director will send, at the same time, objections and responses to the panel after the reply date has elapsed, unless otherwise directed by the panel. After considering all objections, the arbitrator responsible for issuing the subpoena shall rule promptly on the objections.

(f) Any party that receives documents in response to a subpoena served on a non-party shall serve notice on all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents must be provided within 10 calendar days following receipt of the request by serving them by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Parties must not file the documents with the Director.

(g) If the arbitrators issue a subpoena to a non-party FINRA member and/or any employee or associated person of a non-party FINRA member at the request of a FINRA member and/or employee or associated person of a FINRA member, the party requesting the subpoena shall pay the reasonable costs of the non-party's appearance and/or production, unless the panel directs otherwise.

> Amended by SR-FINRA-2019-004 eff. July 1, 2019.
> Amended by SR-FINRA-2016-029 eff. April 3, 2017.
> Amended by SR-FINRA-2012-041 eff. Feb. 18, 2013.
> Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
> Adopted by SR-NASD-2004-011 eff. April 2, 2007.
>
> **Selected Notices:** 07-07, 07-13, 08-57, 13-04, 17-03, 19-20.

# 13513. Authority of Panel to Direct Appearances of Associated Person Witnesses and Production of Documents Without Subpoenas

(a) Upon motion of a party, the panel may order the following without the use of subpoenas:

(1) The appearance of any employee or associated person of a member of FINRA; or

(2) The production of any documents in the possession or control of such persons or members.

(b) The motion must include a draft order and must be filed with the Director. The requesting party must serve the motion and draft order on each other party. The requesting party may not serve the motion or draft order on a non-party.

(c) If a party receiving a motion and draft order objects to the scope or propriety of the order, that party shall, within 10 calendar days of service of the motion, file written objections with the Director and shall serve copies on all other parties. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the order.

(d) If the arbitrator issues an order, the party that requested the order must serve the order on all parties and, if applicable, on any non-party receiving the order. The party must serve the order on the non-party by overnight mail service, overnight delivery service, hand delivery, email or

facsimile.

(e) If a non-party receiving an order objects to the scope or propriety of the order, the non-party may, within 15 calendar days of receipt of the order, file written objections with the Director and the requesting party. The non-party may file the objection by overnight mail service, overnight delivery service, hand delivery, email or facsimile. The Director shall forward a copy of the written objections to all other parties. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. The party must serve the response on the non-party and all other parties and file proof of service with the Director pursuant to Rule 13300(c)(4). The Director will send, at the same time, objections and responses to the panel after the reply date has elapsed, unless otherwise directed by the panel. After considering all objections, the arbitrator responsible for issuing the order shall rule promptly on the objections.

(f) Any party that receives documents in response to an order served on a non-party shall serve notice to all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents must be provided within 10 calendar days following receipt of the request by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Parties must not file the documents with the Director.

(g) Unless the panel directs otherwise, the party requesting the appearance of witnesses by, or the production of documents from, non-parties under this rule shall pay the reasonable costs of the appearance and/or production.

Amended by SR-FINRA-2019-004 eff. July 1, 2019.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2012-041 eff. Feb 18, 2013.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 13-04, 17-03, 19-20.

# 13514. Prehearing Exchange of Documents and Witness Lists, and Explained Decision Requests

### (a) Documents and Other Materials

At least 20 days before the first scheduled hearing date, all parties must provide all other parties with copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced. The parties should not file the documents with the Director or the arbitrators before the hearing.

### (b) Witness Lists

At least 20 days before the first scheduled hearing date, all parties must provide each other party with the names and business affiliations of all witnesses they intend to present at the hearing. All parties must file their witness lists with the Director.

### (c) Exclusion of Documents or Witnesses

Parties may not present any documents or other materials not produced and or any witnesses not identified in accordance with this rule at the hearing, unless the panel determines that good cause exists for the failure to produce the document or identify the witness. Good cause includes the need to use documents or call witnesses for rebuttal or impeachment purposes based on developments during the hearing. Documents and lists of witnesses in defense of a claim are not considered rebuttal or impeachment information and, therefore, must be exchanged by the parties.

### (d) Explained Decision Request

At least 20 days before the first scheduled hearing date, all parties must file with the Director any joint request for an explained decision under Rule 13904(g).

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16, 17-03.

# PART VI HEARINGS; EVIDENCE; CLOSING THE RECORD

## 13600. Required Hearings

(a) Hearings will be held, unless:

    (1) The arbitration is administered under Rule 13800(c), Rule 13801, or Rule 13806(e)(1);

    (2) The parties agree otherwise in writing; or

    (3) The arbitration has been settled, withdrawn or dismissed.

(b) The panel will decide the time and date of the hearing at the initial prehearing conference or otherwise in another manner.

(c) The Director will notify the parties of the time and place at least 20 days before the hearing begins, unless the parties agree to a shorter time.

---

Amended by SR-FINRA-2018-003 eff. Sept. 17, 2018.
Amended by SR-FINRA-2009-015 eff. Sep. 14, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-48, 18-21.

---

## 13601. Postponement of Hearings

**(a) Postponement of Hearings**

    **(1) When a Hearing Shall Be Postponed**

        · A hearing shall be postponed by agreement of the parties.

    **(2) When a Hearing May Be Postponed**

    A hearing may be postponed:

        · By the Director, in extraordinary circumstances;

        · By the panel, in its own discretion; or

        · By the panel, upon motion of a party.

The panel may not grant a motion to postpone a hearing made within 10 days of the date that the hearing is scheduled to begin, unless the panel determines that good cause exists.

**(b) Postponement Fees**

    (1) Except as otherwise provided, a postponement fee will be charged for each postponement agreed to by the parties, or granted upon request of one or more parties. The fee will equal the applicable hearing session fee under Rule 13902. The panel may allocate the fee among the party or parties that agreed to or requested the postponement. The panel may also assess part or all of any postponement fees against a party that did not request the postponement, if the panel determines that the non-requesting party caused or contributed to the need for the postponement. The panel may waive the fees.

    (2) If a postponement request is made by one or more parties within 10 days before a scheduled hearing session and granted, the party or parties making the request shall pay an additional fee of $600 per arbitrator. If more than one party requests the postponement, the arbitrators shall allocate the $600 per arbitrator fee among the requesting parties. The arbitrators may allocate all or a portion of the $600 per arbitrator fee to the non-requesting party or parties, if the arbitrators determine that the non-requesting party or parties caused or contributed to the need for the postponement. In the event that a request results in the postponement of consecutively scheduled hearing sessions, the additional fee will be assessed only for the first of the consecutively scheduled hearing sessions. In the event that an

extraordinary circumstance prevents a party or parties from making a timely postponement request, arbitrators may use their discretion to waive the fee, provided verification of such circumstance is received.

> (3) No postponement fee will be charged if a hearing is postponed:
>
> > · Because the parties agree to submit the matter to mediation administered through FINRA, except that the parties shall pay the additional fees described in Rule 13601(b)(2) for late postponement requests;
> >
> > · By the panel in its own discretion; or
> >
> > · By the Director in extraordinary circumstances.

**(c) Dismissal of Arbitration Due to Multiple Postponements**

If all parties jointly request, or agree to, more than two postponements, the panel may dismiss the arbitration without prejudice.

---

Amended by SR-FINRA-2015-003 eff. July 6, 2015.
Amended by SR-FINRA-2009-075 eff. May 3, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 10-16, 15-21.

---

# 13602. Attendance at Hearings

(a) The parties and their representatives are entitled to attend all hearings. Absent persuasive reasons to the contrary, expert witnesses should be permitted to attend all hearings.

(b) An attorney for a non-party witness may attend a hearing while that non-party witness is testifying. Unless otherwise authorized by the panel, the attorney's role is limited to the assertion of recognized privileges, such as the attorney client and work product privileges, and the privilege against self-incrimination. The attorney must be in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation.

(c) The panel will decide who else may attend any or all of the hearings.

---

Amended by SR-FINRA-2010-006 eff. Oct. 14, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 10-40.

---

# 13603. Failure to Appear

If a party fails to appear at a hearing after having been notified of the time, date and place of the hearing, the panel may determine that the hearing may go forward, and may render an award as though all parties had been present.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13604. Evidence

(a) The panel will decide what evidence to admit. The panel is not required to follow state or federal rules of evidence.

(b) Production of documents in discovery does not create a presumption that the documents are admissible at the hearing. A party may state objections to the introduction of any document as evidence at the hearing to the same extent that any other objection may be raised in arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

# 13605. Witness Oath

All witnesses must testify under oath or affirmation.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

# 13606. Record of Proceedings

**(a) Tape, Digital, or Other Recording**

(1) Except as provided in paragraph (b), the Director will make a tape, digital, or other recording of every hearing. The Director will provide a copy of the recording to any party upon request.

(2) The panel may order the parties to provide a transcription of the recording. If the panel orders a transcription, copies of the transcription must be provided to each arbitrator, served on each party, and filed with the Director. The panel will determine which party or parties must pay the cost of making the transcription and copies.

(3) The recording is the official record of the proceeding, even if it is transcribed.

**(b) Stenographic Record**

(1) Any party may make a stenographic record of the hearing. Even if a stenographic record is made, the tape, digital, or other recording will be the official record of the proceeding, unless the panel determines otherwise. If the panel determines in advance that the stenographic record will be the official record, the Director will not record the hearing.

(2) If the stenographic record is the official record of the proceeding, a copy must be provided to each arbitrator, served on each other party, and filed with the Director. The cost of making and copying the stenographic record will be borne by the party electing to make the stenographic record, unless the panel decides that one or more other parties should bear all or part of the costs.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 17-03.

# 13607. Order of Presentation of Evidence and Arguments

Generally, the claimant shall present its case, followed by the respondent's defense. The panel has the discretion to vary the order in which the hearing is conducted, provided that each party is given a fair opportunity to present its case.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

# 13608. Closing the Record

(a) The panel will decide when the record is closed. Once the record is closed, no further submissions will be accepted from any party.

(b) In cases in which no hearing is held, the record is presumed to be closed when the Director sends the pleadings to the panel, unless the panel requests, or agrees to accept, additional submissions from any party. If so, the record is presumed to be closed when the last such submission is due.

(c) In cases in which a hearing is held, the panel will generally close the record at the end of the last hearing session, unless the panel requests, or agrees to accept, additional submissions from any party. If so, the panel will inform the parties when the submissions are due and when the record will close.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# 13609. Reopening the Record

The panel may reopen the record on its own initiative or upon motion of any party at any time before the award is rendered, unless prohibited by applicable law.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

---

# PART VII TERMINATION OF AN ARBITRATION BEFORE AWARD

## 13700. Dismissal of Proceedings Prior to Award

(a) The panel must dismiss an arbitration or a claim at the joint request of the parties to that arbitration or claim. The dismissal will be with or without prejudice, depending on the request of the parties.

(b) The panel may dismiss a claim or an arbitration:

- Upon motion of a party under Rule 13206; or

- On its own initiative under Rule 13212(c) or Rule 13601(c).

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 13701. Settlement

(a) Parties to an arbitration may agree to settle their dispute at any time. Parties who settle must file notice with the Director. The Director will continue to administer the arbitration, and fees may continue to accrue, until the Director receives written notice of the settlement. The parties do not need to disclose the terms of the settlement agreement to the Director or to FINRA Dispute Resolution Services, but members and associated persons may have reporting obligations under the rules of FINRA.

(b) Settling parties will remain responsible for fees incurred under the Code. If parties to a settlement fail to agree on the allocation of any outstanding fees, those fees will be divided equally among the settling parties, except member surcharges and prehearing and hearing process fees required by the Code, which will remain the responsibility of the member party or parties.

Amended by SR-FINRA-2020-039 eff. Oct. 29, 2020.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2015-034 eff. Dec. 20, 2015.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 16-04, 17-03.

## 13702. Withdrawal of Claims

(a) Before a claim has been answered by a party, the claimant may withdraw the claim against that party with or without prejudice.

(b) After a claim has been answered by a party, the claimant may only withdraw it against that party with prejudice unless the panel decides, or the claimant and that party agree, otherwise.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

# PART VIII SIMPLIFIED ARBITRATION; DEFAULT PROCEEDINGS; STATUTORY EMPLOYMENT DISCRIMINATION CLAIMS; AND INJUNCTIVE RELIEF

## 13800. Simplified Arbitration

### (a) Applicability of Rule

This rule applies to arbitrations involving $50,000 or less, exclusive of interest and expenses. Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

### (b) Single Arbitrator

All arbitrations administered under this rule will be decided by a single arbitrator appointed from the FINRA chairperson roster in accordance with the Neutral List Selection System, unless the parties agree in writing otherwise.

### (c) Hearings

(1) No hearing will be held in arbitrations administered under this rule unless the claimant requests a hearing.

(2) If no hearing is requested, no initial prehearing conference or other prehearing conference will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties.

(3) If the claimant requests a hearing, the claimant must select between one of two hearing options under this rule.

(A) Option One — the regular provisions of the Code relating to prehearings and hearings, including all fee provisions.

(B) Option Two — a special proceeding, subject to the regular provisions of the Code relating to prehearings and hearings, including all fee provisions, except as modified by subparagraphs (i) through (vii) of this paragraph:

(i) a special proceeding will be held by telephone unless the parties agree to another method of appearance;

(ii) the claimants, collectively, are limited to two hours to present their case and ½ hour for any rebuttal and closing statement, exclusive of questions from the arbitrator and responses to such questions;

(iii) the respondents, collectively, are limited to two hours to present their case and ½ hour for any rebuttal and closing statement, exclusive of questions from the arbitrator and responses to such questions;

(iv) notwithstanding subparagraphs (ii) and (iii) above, the arbitrator has the discretion to cede his or her allotted time to the parties;

(v) in no event shall a special proceeding exceed two hearing sessions, exclusive of prehearing conferences, to be completed in one day;

(vi) the parties may not question the opposing parties' witnesses; and

(vii) members and associated persons may not call an opposing party as a witness.

### (d) Discovery and Additional Evidence

The parties may request documents and other information from each other. All requests for the production of documents and other information must be served on all other parties, and filed with the Director, within 30 days from the date that the last answer is due. Any response or objection to a discovery request must be served on all other parties and filed with the Director within 10 days of the receipt of the requests. The parties receiving the request must produce the requested documents or information to all other parties by serving the requested documents or information by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile. Parties must not file the documents with the Director. The arbitrator will resolve any discovery disputes.

### (e) Increases in Amount in Dispute

If any pleading increases the amount in dispute to more than $50,000, the arbitration will no longer be administered under this rule, and the regular provisions of the Code will apply. If an arbitrator has been appointed, that arbitrator will remain on the panel. If a three-arbitrator panel is required or requested under Rule 13401, the remaining arbitrators will be appointed by the Director in accordance with Rule 13406(b). If no arbitrator has been appointed, the entire panel will be appointed in accordance with the Neutral List Selection System.

**(f) Arbitrator Honoraria**

FINRA will pay the arbitrator an honorarium of $350 for each arbitration decided on the pleadings and other materials submitted by parties. In cases where the claimant requests a hearing, the regular provisions of the Code relating to arbitrator honoraria will apply.

---

Amended by SR-FINRA-2018-003 eff. Sept. 17, 2018.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2012-012 eff. July 23, 2012.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 12-30, 14-49, 17-03, 18-21.

---

# 13801. Default Proceedings

**(a) Applicability of Rule**

A claimant may request default proceedings against any respondent that falls within one of the following categories and fails to file an answer within the time provided by the Code:

(1) A member whose membership has been terminated, suspended, canceled, or revoked;

(2) A member that has been expelled from the FINRA;

(3) A member that is otherwise defunct; or

(4) An associated person whose registration is terminated, revoked, or suspended.

**(b) Initiating Default Proceedings**

(1) To initiate default proceedings against one or more respondents that fail to file a timely answer, the claimant must serve the notification on all other parties and file a written notification with the Director. If there is more than one claimant, all claimants must agree in writing to proceed under this rule against a defaulting respondent before this rule may be used.

(2) If the Director receives written notice from the claimant and determines that the requirements for proceeding under this rule have been met, the Director will:

(A) Notify all parties that the claim against the defaulting respondent will proceed under this rule; and

(B) Appoint a single arbitrator in accordance with the Neutral List Selection System to consider the statement of claim and other documents presented by the claimant.

**(c) Hearings**

No hearing shall be held. The arbitrator may request additional information from the claimant before rendering an award.

**(d) Amendments to Increase Relief Requested**

Claimants may not amend a claim to increase the relief requested from the defaulting respondent after the Director has notified the parties that the claim will proceed under this rule.

**(e) Awards**

(1) The arbitrator may not issue an award based solely on the nonappearance of a party. Claimants must present a sufficient basis to support the making of an award. The arbitrator may not award damages in an amount greater than the damages requested in the statement of claim, and may not award any other relief that was not requested in the statement of claim.

(2) The default award shall have no effect on any non-defaulting party.

**(f) Respondent's Answer**

If a defaulting respondent files an answer after the Director has notified the parties that the claim against that respondent will proceed under this rule but before an award has been issued, the proceedings against that respondent under this rule will be terminated and the claim against that respondent will proceed under the regular provisions in the Code.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03.

# 13802. Statutory Employment Discrimination Claims

**(a) Applicability of Rule**

This rule applies to arbitrations involving a claim of statutory employment discrimination as defined in Rule 13100(bb). Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

**(b) Number of Arbitrators**

(1) Claims of $100,000 or Less

If the amount of a claim in a case involving an employment discrimination claim is $100,000 or less, the panel will consist of one arbitrator.

(2) Claims of More Than $100,000

If the amount of a claim in a case involving an employment discrimination claim is more than $100,000, the panel will consist of three arbitrators, unless the parties agree in writing to one arbitrator.

**(c) Composition of Panel**

(1) One Arbitrator

If the panel consists of one arbitrator, the arbitrator will be a public arbitrator who will meet the qualifications in paragraph (c)(3), unless the parties agree in writing otherwise.

(2) Three Arbitrators

If the panel consists of three arbitrators, the arbitrators will all be public arbitrators, one of whom will meet the qualifications in paragraph (c)(3), unless the parties agree in writing otherwise. The arbitrator who meets the criteria in paragraph (c)(3) will serve as chairperson of the panel.

(3) Special Statutory Discrimination Claim Qualifications

A single arbitrator or chairperson of a three-arbitrator panel in a case involving a statutory discrimination claim must have the following qualifications:

(A) law degree (Juris Doctor or equivalent);

(B) membership in the Bar of any jurisdiction;

(C) substantial familiarity with employment law; and

(D) ten or more years of legal experience, of which at least five years must be in either:

(i) law practice;

(ii) law school teaching;

(iii) government enforcement of equal employment opportunity statutes;

(iv) experience as a judge, arbitrator, or mediator; or

(v) experience as an equal employment opportunity officer or in-house counsel of a corporation.

In addition, a chair or single arbitrator with the above experience may not have represented primarily the views of employers or of employees within the last five years. For purposes of this rule, the term "primarily" shall be interpreted to mean 50% or more of the arbitrator's business or professional activities within the last five years.

(4) Waiver of Special Qualifications

If all parties agree, after a dispute arises, they may waive any of the qualifications set forth in subparagraph (3)(A) or (B) above.

**(d) Fees**

(1) For any claim of statutory employment discrimination submitted to arbitration that is subject to a predispute arbitration agreement, a party who is a current or former associated person shall pay a non-refundable filing fee according to the schedule of fees set forth in Rule 13900(a), provided that:

(A) In no event shall such a person pay more than $200 for a filing fee; and

(B) A member that is a party to such an arbitration proceeding under this rule shall pay the remainder of all applicable arbitration fees set forth in Rules 13900, 13901, 13902(a), 13902(b) and 13903.

(2) The arbitration fees described in subparagraph (1)(B) are not subject to allocation in the award. The panel, however, may assess to a party who is a current or former associated person those costs incurred under Rules 13502, 13510, 13512, 13513, 13514, 13601, and 13606.

**(e) Awards**

The panel may award any relief that would be available in court under the law. The panel must issue an award setting forth a summary of the issues, including the type(s) of dispute(s), the damages or other relief requested and awarded, a statement of any other issues resolved, and a statement regarding the disposition of any statutory claim(s).

**(f) Attorneys' Fees**

The panel may provide for reasonable attorneys' fee reimbursement, in whole or in part, as part of the remedy in accordance with applicable law.

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03.

# 13803. Coordination of Statutory Employment Discrimination Claims Filed in Court and in Arbitration

### (a) Option to Combine Related Claims in Court

(1)(A) If a current or former associated person files a statutory discrimination claim in court against a member or its associated persons, and asserts related claims in arbitration at FINRA against some or all of the same parties, a respondent who is named in both proceedings may, upon motion, compel the claimant to bring the related arbitration claims in the same court proceeding in which the statutory discrimination claim is pending, to the full extent to which the court will accept jurisdiction over the related claims.

(B) The respondent must notify the claimant in writing, before the respondent's time to answer has expired, that it is exercising this option and must file a copy of such notification with the Director. If the respondent files an answer without having exercised this option, it shall have waived its right to compel the claimant to assert related claims in court, except as provided in paragraph (b).

(2)(A) If a member or current or former associated person ("party") has a pending claim in arbitration against a current or former associated person and the current or former associated person thereafter asserts a related statutory discrimination claim in court against the party, the party shall have the option to assert its pending arbitration claims and any counterclaims in court.

(B) The party must notify the current or former associated person in writing, before filing an answer to the complaint in court, that it is exercising this option and must file a copy of such notification with the Director. If the party files an answer in court without having exercised this option, it shall have waived its right to assert the pending arbitration claim in court.

(C) The party may not exercise this option after the first hearing has begun on the arbitration claim.

**(b) Option Extended When Claim is Amended**

(1) If the claimant files an amended statement of claim adding new claims not asserted in the original statement of claim, a respondent named in the amended statement of claim may, upon motion, compel the claimant to assert all related claims in the same court proceeding in which the statutory discrimination claim is pending, to the full extent that the court will accept jurisdiction over the related claims, even if those related claims were asserted in the original statement of claim.

(2) The respondent must notify the claimant in writing, before the time to answer the amended statement of claim has expired, that it is exercising this option and must file a copy of such notification with the Director. If the respondent files an answer to the amended statement of claim without having exercised this option, it shall have waived its right to compel the claimant to assert related claims in court.

**(c) Requirement to Combine All Related Claims**

If a party elects to require a current or former associated person to assert all related claims in court, the party must assert in the same court proceeding all related claims that it has against the associated person to the full extent to which the court will accept jurisdiction over the related claims.

**(d) Right of Respondent to Remain in Arbitration**

(1) If there are multiple respondents and a respondent has exercised an option under paragraph (a) or (b), but another respondent wishes to have the claims against it remain in arbitration, then any remaining party may apply for a stay of the arbitration proceeding.

(2) If a panel has not been appointed, the Director will appoint a single arbitrator to consider the application for a stay. The single arbitrator shall be selected using the Neutral List Selection System and is not required to have the special employment arbitrator qualifications described in Rule 13801(c).

(3) If a panel has been appointed, the panel must stay the arbitration unless the panel determines that the stay would result in substantial prejudice to one or more of the parties.

**(e) Pre-Filing Certification**

(1) Before or at the same time that the statement of claim is filed, a claimant may file with the Director a certification that it communicated unsuccessfully with the respondent concerning the consolidation of all claims in court prior to filing a statement of claim, in an effort to save the expense of arbitration fees. A copy of such certification must be sent to the respondent at the same time and in the same manner as the filing with the Director.

(2) If, after a certification has been filed, all the respondents later exercise the option to consolidate all claims in court, the Director will return the claimant's filing fee, but will retain the member surcharge and any accrued member process fees. If there are any remaining respondents, the filing fee will be adjusted to correspond to the claims against the remaining respondents.

**(f) Motion to Compel Arbitration**

If a member or a current or former associated person files in court a claim against a member or a current or former associated person that includes matters that are subject to mandatory arbitration, either by the rules of FINRA or by private agreement, the defending party may, upon motion, compel arbitration of the claims that are subject to mandatory arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

# 13804. Temporary Injunctive Orders; Requests for Permanent Injunctive Relief

**(a) Temporary Injunctive Orders**

(1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this rule has not yet begun.

(2) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute through the Party Portal. The party seeking temporary injunctive relief must also serve the statement of claim requesting permanent injunctive and all other relief on all other parties by overnight delivery service, hand delivery, email or facsimile. Service must be made on all parties at the same time and in the same manner, unless the parties agree otherwise.

(3) After the Director has invited all relevant parties to access the Party Portal, all parties must serve and file all other documents through the Party Portal. A party obtaining a court-issued temporary injunctive order must serve the other parties and file a notice of the issuance of the order with the Director within one business day.

**(b) Hearing on Request for Permanent Injunctive Relief**

(1) Scheduling of Hearing

If a court issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order. If the 15th day falls on a Saturday, Sunday, or FINRA holiday, the 15-day period shall expire on the next business day. Unless the parties agree otherwise, a hearing lasting more than one day will be held on consecutive days when reasonably possible. The Director will provide to all parties notice of the date, time and place of the hearing at least three days prior to the beginning of the hearing.

(2) Composition of Arbitration Panel

The hearing on the request for permanent injunctive relief will be heard by a panel of three arbitrators. The composition of the panel will be determined in accordance with Rule 13402.

(3) Selection of Arbitrators and Chairperson

(A)(i) In cases in which all of the members of the panel are non-public, the Director will generate and provide to the parties a list of seven arbitrators from the FINRA roster of non-public arbitrators. The Director will send to the parties the employment history for the past 10 years for each listed arbitrator and other background information. At least three of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise one strike to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrator, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director shall consolidate the parties' rankings, and shall appoint arbitrators based on the order of rankings on the consolidated list, subject to the arbitrators' availability and disqualification.

(B)(i) In cases in which the panel consists of a majority of public arbitrators, the Director will generate and provide to the parties a list of nine arbitrators from the FINRA roster of arbitrators. The Director shall send to the parties employment history for the past 10 years for each listed arbitrator and other background information. At least a majority of the arbitrators listed shall be public arbitrators, and at least four of the arbitrators listed shall be lawyers with experience litigating cases involving injunctive relief.

(ii) Each party may exercise two strikes to the arbitrators on the list. Within three days of receiving the list, each party shall inform the Director which arbitrators, if any, it wishes to strike, and shall rank the remaining arbitrators in order of preference. The Director will combine the parties' rankings, and will appoint arbitrators based on the order of rankings on the combined list, subject to the arbitrators' availability and disqualification.

(C)(i) Each party must inform the Director of its preference of chairperson of the panel by the close of business on the next business day after receiving notice of the panel members.

(ii) If the parties do not agree on a chairperson within that time, the Director shall select the chairperson. In cases in which the panel consists of a majority of public arbitrators, the Director will select a public arbitrator as chairperson. Whenever possible, the Director will select as chairperson the lawyer with experience litigating cases involving injunctive relief whom the parties have ranked the highest.

(D) The Director may exercise discretionary authority and make any decision that is consistent with the purposes of this rule and the Code to facilitate the appointment of panels and the selection of chairperson.

(4) Applicable Legal Standard

The legal standard for granting or denying a request for permanent injunctive relief is that of the state where the events upon which the request is based occurred, or as specified in an enforceable choice of law agreement between the parties.

(5) Effect of Pending Temporary Injunctive Order

Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit the parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order. In the event that a panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order.

(6) Fees, Costs and Expenses, and Arbitrator Honorarium

(A) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in the hearing on the request for permanent injunctive relief. The panel may reallocate such costs and expenses among the parties in the award.

(B) Each party seeking a temporary injunctive order in court pursuant to this rule must pay a non-refundable surcharge of $2,500 at the time the party files its statement of claim and request for permanent injunctive relief. In the award, the panel may decide that one or more parties must reimburse a party for part or all of the surcharge. The surcharge is in addition to all other non-refundable filing fees or costs that are required under the Code.

(C) Notwithstanding any other provision in the Code, the chairperson of the panel hearing a request for permanent injunctive relief pursuant to this rule shall receive an honorarium of $375 for each single session, and $700 for each double session, of the hearing. Each other member of the panel shall receive an honorarium of $300 for each single session, and $600 for each double session, of the hearing. The parties shall equally pay the difference between these amounts and the amounts panel members and the chairperson receive under the Code pursuant to Rule 13214. The panel may reallocate such amount among the parties in the award.

**(c) Hearing on Damages or Other Relief**

(1) Upon completion of the hearing on the request for permanent relief, the panel may, if necessary, set a date for any subsequent hearing on damages or other relief, which shall be held before the same panel and which shall include, but not be limited to, the same record.

(2) The parties shall jointly bear reasonable travel-related costs and expenses incurred by arbitrators who are required to travel to a hearing location other than their primary hearing location(s) in order to participate in any subsequent hearings on damages or other relief. The panel may reallocate such costs and expenses among the parties in the award.

---

Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 17-03.

---

# 13805. Expungement of Customer Dispute Information under Rule 2080

In order to grant expungement of customer dispute information under Rule 2080, the panel must:

(a) Hold a recorded hearing session (by telephone or in person) regarding the appropriateness of expungement. This paragraph will apply to cases administered under Rule 13800 even if a claimant did not request a hearing on the merits.

(b) In cases involving settlements, review settlement documents and consider the amount of payments made to any party and any other terms and conditions of a settlement.

(c) Indicate in the arbitration award which of the Rule 2080 grounds for expungement serve(s) as the basis for its expungement order and provide a brief written explanation of the reason(s) for its finding that one or more Rule 2080 grounds for expungement applies to the facts of the case.

(d) Assess all forum fees for hearing sessions in which the sole topic is the determination of the appropriateness of expungement against the parties requesting expungement relief.

---

Amended by SR-FINRA-2009-046 eff. Aug. 17, 2009.
Adopted by FINRA-2008-010 and amended by FINRA-2008-063 eff. Dec. 15, 2008.

**Selected Notice:** 08-79.

---

# 13806. Promissory Note Proceedings

### (a) Applicability of Rule

This rule applies to arbitrations solely involving a member's claim that an associated person failed to pay money owed on a promissory note. To proceed under this rule, a claim may not include any additional allegations. Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

### (b) Number of Arbitrators

(1) The Director will appoint one arbitrator if:

- the associated person does not file an answer;

- the associated person files an answer but does not allege any counterclaims or third party claims; or

- the associated person files an answer which includes any counterclaims or third party claims requesting money damages, and the amount of the counterclaims or third party claims is not more than $100,000, exclusive of interest and expenses.

(2) The Director will appoint three arbitrators if the associated person files any counterclaims or third party claims and the amount of the counterclaims or third party claims is more than $100,000, exclusive of interest and expenses, or is unspecified, or if the counterclaims or third party claims request money damages.

### (c) Composition of Panel

(1) If the panel consists of one arbitrator, the arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.

(2) If the panel consists of three arbitrators, one arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise; one arbitrator will be selected from the roster of public arbitrators; and one arbitrator will be selected from the roster of non-public arbitrators.

(3) If the Director appoints a panel pursuant to (c)(1) above, and an associated person subsequently files a counterclaim or third party claim that requires appointment of a three-arbitrator panel, the appointed arbitrator will remain on the panel, and will serve as chairperson. In addition, one arbitrator will be selected from the roster of public arbitrators; and one arbitrator will be selected from the roster of non-public arbitrators.

### (d) Discovery

(1) If the associated person does not file an answer, discovery will be conducted under Rule 13800(d) concerning Simplified Arbitration.

(2) If the associated person files an answer, discovery will be conducted under the 13500 series of rules.

### (e) Hearings

(1) If the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties.

(2) If the associated person files an answer, a hearing will be held. If a hearing is held, the regular provisions of the Code relating to prehearing conferences and hearings, including fee provisions and payment of arbitrators, will apply.

### (f) Arbitrator Honoraria

FINRA will pay the arbitrator an honorarium of $125 for each arbitration administered under paragraph (e)(1).

---

Amended by SR-FINRA-2011-005 eff. June 6, 2011.
Adopted by SR-FINRA-2009-015 eff. Sep. 14, 2009.

**Selected Notices:** 09-48, 11-22.

---

# PART IX FEES AND AWARDS

## 13900. Fees Due When a Claim Is Filed

**(a) Fees for Claims Filed by Associated Persons**

(1) Associated persons who file a claim, counterclaim, cross claim or third party claim must pay a filing fee in the amount indicated in the schedule below.

**Filing Fees for Claims Filed by Associated Persons**

| Amount of Claim (exclusive of interest and expenses) | Filing Fee |
|---|---|
| $.01 to $1,000 | $50 |
| $1,000.01 to $2,500 | $75 |
| $2,500.01 to $5,000 | $175 |
| $5,000.01 to $10,000 | $325 |
| $10,000.01 to $25,000 | $425 |
| $25,000.01 to $50,000 | $600 |
| $50,000.01 to $100,000 | $975 |
| $100,000.01 to $500,000 | $1,425 |
| $500,000.01 to $1,000,000 | $1,740 |
| $1,000,000.01 to $5,000,000 | $2,025 |
| Over $5,000,000 | $2,300 |
| Non-Monetary/Not Specified | $1,600 |

(2) If the claim does not request or specify money damages, the Director may determine that the filing fee should be more or less than the amount specified in the schedule above, but in any event, the amount of the filing fee may not be less than $50 or more than $2,300.

(3) An associated person who requests expungement of customer dispute information under the Code must pay the Non-Monetary/Not Specified filing fee under Rule 13900(a)(1). If the associated person adds a monetary claim to the expungement request, the filing fee shall be the Non-Monetary/Not Specified filing fee or the applicable filing fee provided in Rule 13900(a)(1), whichever is greater.

(4) The Director may defer payment of all or part of the filing fee on a showing of financial hardship. If payment of the fee is not deferred, failure to pay the required amount will result in a deficiency under Rule 13307.

**(b) Fees for Claims Filed by Members**

(1) Members filing a claim, counterclaim, cross claim, or third party claim must pay a filing fee in the amount indicated in the schedule below. Failure to pay the required amount will result in a deficiency under Rule 13307.

**Fees for Claims Filed by Members**

| Amount of Claim (exclusive of interest and expenses) | Filing Fee |
|---|---|
| $.01 to $1,000 | $225 |
| $1,000.01 to $2,500 | $350 |
| $2,500.01 to $5,000 | $525 |
| $5,000.01 to $10,000 | $750 |
| $10,000.01 to $25,000 | $1,050 |
| $25,000.01 to $50,000 | $1,450 |
| $50,000.01 to $100,000 | $1,750 |
| $100,000.01 to $500,000 | $2,125 |
| $500,000.01 to $1,000,000 | $2,650 |
| $1,000,000.01 to $5,000,000 | $3,550 |
| Over $5,000,000 | $4,200 |
| Non-Monetary/Not Specified | $1,800 |

(2) If the claim does not request or specify money damages, the Director may determine that the filing fee should be more or less than the amount specified in the schedule above, but in any event, the filing fee may not be less than $225 or more than $4,200.

**(c) Partial Refund of Filing Fee**

(1) If a claim is settled or withdrawn more than 10 days before the date that the hearing on the merits under Rule 13600 is scheduled to begin, a party paying a filing fee will receive a partial refund of the filing fee in the amount indicated in the schedule below, less any other fees or costs assessed against the party under the Code, including any hearing session fees assessed under Rule 13902. No refund will be paid if FINRA receives notice that a claim is settled or withdrawn within 10 days of the date that the hearing on the merits under Rule 13600 is scheduled to begin.

**Partial Refund for Settlement or Withdrawal More Than 10 Days Before Hearing on the Merits**

| Amount of Claim (exclusive of interest and expenses) | Refund |
|---|---|
| $.01 to $1,000 | $25 |
| $1,000.01 to $2,500 | $50 |
| $2,500.01 to $5,000 | $125 |
| $5,000.01 to $10,000 | $250 |
| $10,000.01 to $25,000 | $300 |

| $25,000.01 to $50,000 | $450 |
| $50,000.01 to $100,000 | $750 |
| $100,000.01 to $500,000 | $1,125 |
| $500,000.01 to $1,000,000 | $1,300 |
| $1,000,000.01 to $5,000,000 | $1,400 |
| Over $5,000,000 | $1,500 |
| Non-Monetary/Not specified | $1,200 |

(2) If the claim does not request or specify money damages, and the Director determines that the hearing session fee should be a different amount than the amount specified in the schedule in Rule 13902, the amount of the refund will be the amount of the hearing session fee determined by the Director, less any fees or costs assessed against the party under the Code, including any hearing session fees assessed under Rule 13902.

**(d) Reimbursement of Filing Fees**

In the award, the panel may order a party to reimburse another party for all or part of any filing fee paid.

Amended by SR-FINRA-2020-035 eff. April 19, 2021.
Amended by SR-FINRA-2020-005 eff. Sept. 14, 2020.
Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-49, 20-25, 21-04.

# 13901. Member Surcharge

(a) A surcharge in the amount indicated in the schedule below will be assessed against each member that:

(1) Files a claim, counterclaim, cross claim, or third party claim under the Code;

(2) Is named as a respondent in a claim, counterclaim, cross claim, or third party claim filed and served under the Code; or

(3) Employed, at the time the dispute arose, an associated person who is named as a respondent in a claim, counterclaim, cross claim, or third party claim filed and served under the Code.

**Member Surcharge**

| **Amount of Claim** (exclusive of interest and expenses) | **Surcharge** |
|---|---|
| $.01 to $5,000 | $150 |
| $5,000.01–$10,000 | $325 |
| $10,000.01–$25,000 | $450 |
| $25,000.01–$50,000 | $750 |

| $50,000.01–$100,000 | $1,100 |
|---|---|
| $100,000.01–$250,000 | $1,700 |
| $250,000.01–$500,000 | $2,025 |
| $500,000.01–$1,000,000 | $2,625 |
| $1,000,000.01–$5,000,000 | $3,200 |
| $5,000,000.01–$10,000,000 | $3,850 |
| Over $10,000,000 | $4,325 |
| Non-Monetary/Not Specified | $2,000 |

(b) If the claim does not request or specify money damages, the Director may determine that the member surcharge should be more or less than the amount specified in the schedule above, but in any event the amount of the member surcharge may not be less than $150 or more than $4,325.

(c) If an associated person files a request for expungement of customer dispute information pursuant to Rule 13302, the member surcharge shall be the Non-Monetary/Not Specified member surcharge under Rule 13901(a)(1). If the associated person adds a monetary claim to the expungement request, the member surcharge shall be the Non-Monetary/Not Specified member surcharge or the applicable surcharge provided in Rule 13901(a)(1), whichever is greater.

(d) If the claim is filed by the member, the surcharge is due when the claim is filed. If the claim is filed against the member, or against an associated person employed by the member at the time of the events giving rise to the dispute, the surcharge is due when the Director serves the Claim Notification Letter or the initial statement of claim in accordance with Rule 13300.

(e) If a claim is filed by an associated person pursuant to paragraph (c), the surcharge is due when the Director serves the Claim Notification Letter or the initial statement of claim in accordance with Rule 13300.

(f) No member shall be assessed more than a single surcharge in any arbitration. The panel may not reallocate a surcharge paid by a member to any other party.

(g) The Director may also refund or waive the member surcharge in extraordinary circumstances.

Amended by SR-FINRA-2020-035 eff. April 19, 2021.
Amended by SR-FINRA-2020-005 eff. Sept. 14, 2020.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-49, 17-03, 20-25, 21-04.

# 13902. Hearing Session Fees, and Other Costs and Expenses

### (a) Hearing Session Fees

(1) Hearing session fees will be charged for each hearing session. The total amount chargeable to the parties for each hearing session is based on the amount in dispute, as specified in the schedule below. In the award, the panel will determine the amount of each hearing session fee that each party must pay.

**Hearing Session Fees**

| Amount of Claim (exclusive of interest and expenses) | Hearing Session W/ One Arbitrator | Hearing Session W/ Three Arbitrators |
|---|---|---|
| Up to $2,500 | $50 | N/A |
| $2,500.01 to $5,000 | $125 | N/A |
| $5,000.01 to $10,000 | $250 | N/A |
| $10,000.01 to $25,000 | $450 | N/A |
| $25,000.01 to $50,000 | $450 | $600 |
| $50,000.01 to $100,000 | $450 | $750 |
| $100,000.01 to $500,000 | $450 | $1,125 |
| $500,000.01 to $1,000,000 | $450 | $1,325 |
| $1,000,000.01 to $5,000,000 | $450 | $1,435 |
| Over $5,000,000 | $450 | $1,575 |
| Non-Monetary / Not Specified | $450 | $1,150 |

(2) If the claim does not request or specify money damages, the Director may determine that the hearing session fee should be more or less than the amount specified in the schedule above, but in any event the hearing session fee shall not be less than $50 or more than $1,575 for each hearing session.

(3) If there is more than one claim in a proceeding, the amount of hearing session fees will be based on the largest claim in the proceeding. If any claims are joined or combined under Rules 13312, 13313, or 13314, the amount of those claims will be aggregated and they will be treated as one claim for purposes of this paragraph.

(4) The fee for each hearing session in which the sole topic is the determination of a request for expungement of customer dispute information shall be the Non-Monetary/Not Specified fee under Rule 13902(a)(1) for a hearing session with three arbitrators. If a request for expungement of customer dispute information includes a monetary claim, the hearing session fee shall be the Non-Monetary/Not Specified fee for a hearing session with three arbitrators or the applicable hearing session fee provided in Rule 13902(a)(1), whichever is greater. The arbitrator or panel shall assess the hearing session fees against the party or parties requesting expungement.

**(b) Payment of Hearing Session Fees**

(1) The panel may assess the hearing session fees in the award, or may require the parties to pay hearing session fees during the course of the arbitration. The total amount that the panel may require the parties to pay for each hearing session during the course of an arbitration may not exceed the total amount chargeable to the parties for each hearing session under the schedule to paragraph (a) of this rule.

(2) Any interim hearing session fee payments made by a party under this rule will be deducted from the total amount of hearing session fees assessed against that party in the award. If the amount of interim payments is more than the amount assessed against the party in the award, the balance will be refunded to that party.

(3) In the award, the amount of one hearing session fee will be deducted from the total amount of hearing session fees assessed against the party who paid the filing fee. If this amount is more than any fees, costs, and expenses assessed against this party under the Code, the balance will be refunded to the party.

**(c) Assessment of Other Costs and Expenses in Award**

In its award, the panel must also determine the amount of any costs and expenses incurred by the parties under the Code or that are within the scope of the agreement of the parties, and which party or parties will pay those costs and expenses.

**(d) Assessment of Hearing Session Fees, Costs, and Expenses in Case of Settlement or Withdrawal**

If a claim is settled or withdrawn:

- The parties will be subject to an assessment of hearing session fees for hearing sessions already held.

- If FINRA receives a settlement or withdrawal notice 10 days or fewer prior to the date that the hearing on the merits under Rule 13600 is scheduled to begin, parties that paid a filing fee under Rule 13900 will not be entitled to any refund of the filing fee.

- The parties will also be responsible for any fee or costs incurred under Rules 13502, 13513, 13601, or 13606 in connection with such hearings. If a case is settled or withdrawn and the parties' agreement fails to allocate such fees and costs, the fees and costs will be allocated as provided by Rule 13701(b).

**(e) Refund Payments**

Any refunds of fees or costs incurred under the Code will be paid directly to the named parties, even if a non-party made a payment on behalf of the named parties.

Amended by SR-FINRA-2020-035 eff. April 19, 2021.
Amended by SR-FINRA-2020-005 eff. Sept. 14, 2020.
Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2009-075 eff. May 3, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 10-16, 14-49, 20-25, 21-04.

# 13903. Process Fees Paid by Members

(a) Each member that is a party to an arbitration in which more than $25,000, exclusive of interest and expenses, is in dispute must pay non-refundable process fee, due at the time the parties are sent arbitrator lists in accordance with Rule 13403(b), as set forth in the schedule below.

### Process Fee Schedule

| Amount of Claim (exclusive of interest and expenses) | Process Fee |
|---|---|
| $.01–$25,000 | $0 |
| $25,000.01–$50,000 | $1,750 |
| $50,000.01–$100,000 | $2,250 |
| $100,000.01–$250,000 | $3,250 |
| $250,000.01–$500,000 | $3,875 |
| $500,000.01–$1,000,000 | $5,225 |
| $1,000,000.01–$5,000,000 | $6,375 |
| $5,000,000.01–$10,000,000 | $7,050 |
| Over $10,000,000 | $7,300 |
| Non-Monetary/Not Specified | $3,850 |

(b) If an associated person of a member is a party, the member that employed the associated person at the time the dispute arose will be charged the process fees, even if the member is not a party.

(c) If an associated person files a request for expungement of customer dispute information pursuant to Rule 13302, the process fee shall be the Non-Monetary/Not Specified fee under Rule 13903(a). If the associated person adds a monetary claim to the expungement request, the process fee shall be the Non-Monetary/Not Specified fee or the applicable surcharge provided in Rule 13903(a)(1), whichever is greater.

(d) The panel may not reallocate to any other party any process fees paid by a member.

(e) No member shall be assessed more than one process fee in any arbitration.

---

Amended by SR-FINRA-2020-035 eff. April 19, 2021.
Amended by SR-FINRA-2020-005 eff. Sept. 14, 2020.
Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-49, 20-25, 21-04.

---

# 13904. Awards

(a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

(c) The Director will serve the award on each party, or the representative of the party.

(d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

(e) The award shall contain the following:

(1) The names of the parties;

(2) The name of the parties' representatives, if any;

(3) An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;

(4) A summary of the issues, including the type(s) of any security or product, in controversy;

(5) The damages and other relief requested;

(6) The damages and other relief awarded;

(7) A statement of any other issues resolved;

(8) The allocation of forum fees and any other fees allocable by the panel;

(9) The names of the arbitrators;

(10) The dates the claim was filed and the award rendered;

(11) The number and dates of hearing sessions;

(12) The location of the hearings; and

(13) The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

**(g) Explained Decisions**

(1) This paragraph (g) applies only when all parties jointly request an explained decision.

(2) An explained decision is a fact-based award stating the general reason(s) for the arbitrators' decision. Inclusion of legal authorities and damage calculations is not required.

(3) Parties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 13514(d).

(4) The chairperson of the panel will be responsible for writing the explained decision.

(5) The chairperson will receive an additional honorarium of $400 for writing the explained decision, as required by this paragraph (g).

(6) This paragraph (g) will not apply to simplified cases decided without a hearing under Rule 13800 or to default cases conducted under Rule 13801.

(h) All awards shall be made publicly available.

(i) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(j) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. Absent specification to the contrary in the award, when arbitrators order opposing parties to make payments to one another, the monetary awards shall offset, and the party assessed the larger amount shall pay the net difference. An award shall bear interest from the date of the award:

(1) If not paid within 30 days of receipt;

(2) If the award is the subject of a motion to vacate which is denied; or

(3) As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

---

Amended by SR-FINRA-2018-012 eff. Feb. 21, 2018.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2016-015 eff. Oct. 24, 2016.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. Apr. 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16, 16-36, 17-03.

---

# 13905. Submissions After a Case Has Closed

(a) Parties may not submit documents to arbitrator(s) in cases that have been closed except under the following limited circumstances:

(1) as ordered by a court;

(2) at the request of any party within 10 days of service of an award or notice that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or

(3) if all parties agree and submit documents within 10 days of (1) service of an award or (2) notice that a matter has been closed.

(b) Parties must make requests under this rule in writing to the Director and must include the basis relied on under this rule for the request. The Director will forward documents submitted pursuant to paragraph (a)(1), along with any responses from other parties, to the arbitrators. The Director will determine if submissions made pursuant to paragraphs (a)(2) and (a)(3) comply with the grounds enumerated in the rule. If the Director determines that the request complies with paragraphs (a)(2) and (a)(3), the Director will forward the documents, along with any responses from other parties, to the arbitrators. The arbitrators may decline to consider requests that the Director forwards to them under paragraphs (a)(2) and (a)(3).

(c) Unless the arbitrators rule within 10 days after the Director forwards the documents to the arbitrators pursuant to a request made under paragraphs (a)(2) and (a)(3), the request shall be deemed considered and denied.

(d) Requests under this rule do not extend the time period for payment of any award pursuant to Rule 13904.

Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
Adopted by SR-FINRA-2008-005 eff. Nov. 24, 2008.

**Selected Notice:** 08-62.

©2022 FINRA. All Rights Reserved.

FINRA IS A REGISTERED TRADEMARK OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.