IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, )<br> )<br>    Plaintiff/Counter-Defendant, )<br> )<br>    v. )<br> )<br>JENNIFER TAYLOR and FAIRHAVEN )<br>WEALTH MANAGEMENT, LLC, )<br> )<br>    Defendants/Counter-Claimants. )<br>_____) | Case No. 1:20-cv-2133 |

**PLAINTIFF'S COMBINED MEMORANDUM OF LAW AND
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") moves pursuant to FED. R. CIV. P. 15(a) for leave to file a Second Amended Complaint to remove Jennifer Taylor as a Defendant and to withdraw its claims against Jennifer Taylor. Fidelity seeks leave to file its Second Amended Complaint in the form attached hereto as **Exhibit 1**.

On March 8, 2022, counsel for Defendants confirmed that, while they do not agree with all of the background recitals contained herein, Defendants do not oppose the relief requested in this Motion.

In support of its Motion, Fidelity states as follows:

**RELEVANT PROCEDURAL POSTURE**

1. Fidelity initiated this action on April 3, 2020, seeking a preliminary injunction to prevent Defendant Taylor, a former Fidelity Vice President and Financial Consultant, from using Fidelity's confidential and trade secret information to solicit Fidelity customers to transfer their business to her at her new firm, Fairhaven Wealth Management, LLC ("Fairhaven").

FP 43397823.4

2. Simultaneously, Fidelity filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") against Defendant Taylor, because after the injunctive relief phase, Fidelity and Taylor are required to arbitrate the merits of this dispute under the FINRA rules and regulations pursuant to FINRA Rule 13200.

3. After conducting some expedited discovery that unveiled Fairhaven's involvement in Taylor's misconduct, Fidelity moved, and this Court granted Fidelity's request, to amend its Complaint to assert claims against Fairhaven. Fairhaven is not a FINRA member and therefore it is not required to submit to arbitration before FINRA Dispute Resolution, Inc.

4. Consequently, on or about November 4, 2020, Fidelity filed an Amended Complaint adding Fairhaven as a Defendant and asserting claims for misappropriation of trade secrets, unfair competition, tortious interference with existing business relations, and unjust enrichment, as well as a request for injunctive relief against Fairhaven. (Doc. 61).

5. More than a year has passed in the meantime, which exceeds the duration of the restrictive covenant signed by Taylor with Fidelity.

6. As a result, Fidelity is no longer seeking to enjoin solicitation; however, Fidelity still seeks an order requiring Taylor and Fairhaven to return Fidelity's customer and other confidential and trade secret information so that they will be unable to further misuse that information to aid their campaign to divert Fidelity customers to Fairhaven.

7. However, in light of the passage of time, and given the pendency of the arbitration action in FINRA, Fidelity determined it is best to move forward with its claims against Defendant Taylor before a FINRA panel of arbitrators, where it can pursue its claims against Taylor for damages along with its request for an order requiring return of any Fidelity confidential and trade secret business information.

8.      As such, and as set forth at length in Fidelity's response to Defendants' Motion to Dismiss and Motion to Void Request for Preliminary Injunction as Moot (Docs. 104 and 105), on January 10, 2022, FINRA Dispute Resolution asked the parties if this matter can proceed on a regular arbitration route, and Fidelity acquiesced to FINRA's request to move forward with the arbitration proceedings against Taylor.

9.      However, because Fairhaven is not a FINRA member, subject to the FINRA rules and regulations including the requirement to submit to arbitration at FINRA, Fidelity cannot pursue any of its claims or injunctive relief against Fairhaven at FINRA arbitration.

10.      Accordingly, Fidelity seeks leave to amend its Complaint to remove Taylor as a defendant in this litigation, and to withdraw all claims asserted against Defendant Taylor, only, while continuing to pursue its claims against Fairhaven before this Court. To be clear, Fidelity does so not because it is abandoning any of its claims against Taylor on their merits, but to the contrary, given the passage of time, Fidelity is simply opting to forego preliminary injunctive relief and move forward with prosecution of its claims to seek its final remedies before the arbitration panel in the already-pending FINRA arbitration action.

## ARGUMENT AND AUTHORITIES

**I.    Legal Standard**

In the Seventh Circuit, "Rule 15(a) is the proper vehicle for adding or dropping parties and claims." *Coons v. Yum! Brands, Inc.*, No. 21-CV-45, 2021 WL 6286147, at *1 (S.D. Ill. Nov. 30, 2021); *see also Renaud v. City of Chicago*, No. 12-CV-09758, 2013 WL 2242304, at *3 (N.D. Ill. May 21, 2013) ("Because Rule 41(a) only applies to dismissal of an entire action, and Plaintiff appears to seek dismissal of only his federal claims, we will treat his response as a motion to amend under Rule 15(a).").

3

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Soltys v. Costello*, 520 F. 3d 737, 743 (7th Cir. 2008). "By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits." *Dugan v. Selco Indus., Inc.*, 1997 WL 701336 (N.D. Ill. 1997)("This liberal policy toward amendments is aimed at advancing one of Rule 15's underlying purposes, specifically, the adjudication of claims on their merits rather than on procedural technicalities.") (*citing* 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1471 (2d ed.1987)).

This rule has been further explained by the U.S. Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), where the Supreme Court stated that only a limited set of improper reasons should provide the basis for denial of leave to amend:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman*, 371 U.S. at 182. Thus, leave to file an amended complaint should be freely given and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant or futility. *Perkins v. Silverstein*, 939 F. 2d 463, 471-72 (7th Cir. 1991); *Sides v. City of Champaign*, 496 F. 3d 820, 825 (7th Cir. 2007). "Even where significant, 'delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party.'" *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992)(*citing Textor v. Bd. of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983)).

**II.     The Proposed Amendment is in the Interest of Justice and Will Not Cause Prejudice**

Here, Fidelity's proposed amendment of the Complaint is in the interest of justice and will not result in undue prejudice to any party. As set forth at length in Fidelity's response to Defendants' Motion to Dismiss and Motion to Void Request for Preliminary Injunction as Moot (Docs. 104 and 105), Fidelity recently agreed to FINRA's request to move forward with the arbitration proceedings in this matter. Fidelity agreed to this course because Fidelity's Motion for a Preliminary Injunction has been pending for long enough that Defendant Taylor's contractual non-solicit period has expired and Fidelity recognizes that it can pursue its claims, and obtain its remedies, before a FINRA arbitration panel. This course will also streamline the remaining aspects of the court action that remains pending against Defendant Fairhaven, thereby conserving the Court's resources.

The Court should also grant Fidelity's request to amend because none of the circumstances are present that should cause any deviation from the free allowance of amendments in cases. There is no evidence of undue delay, bad faith or dilatory motive on the part of Fidelity, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to either of the Defendants by virtue of the allowance of the amendment, or futility of the amendment. Fidelity has filed this motion within a reasonable time after acquiescing to FINRA's request to move forward with the arbitration proceedings in this matter. Further, there is no prejudice to either of the Defendants as Taylor will be relieved of the request for relief pending against her in this action (indeed Fidelity's request for preliminary injunction has already been withdrawn, so this amendment particularly makes sense in light of that), and Fairhaven will simply continue on as it has been, with no change in the claims brought against it.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff Fidelity Brokerage Services LLC respectfully requests that the Court enter an Order granting it leave to file its Second Amended Complaint, and for such other and further relief as the Court deems just under the circumstances.

Dated: March 9, 2022                                    Respectfully submitted,

FISHER & PHILLIPS LLP

/s/ *Susan M. Guerette*
Susan M. Guerette (admitted *pro hac vice*)
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
TEL: (610) 230-2133
FAX: (610) 230-2151
sguerette@fisherphillips.com

Joel W. Rice
Franklin Z. Wolf
10 South Wacker Drive, Suite 3450
Chicago, IL 60606
TEL: (312) 346-8061
FAX: (312) 346-3179
jrice@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of March 2022, the foregoing document was filed via the Court's electronic filing system, which sent notice to the following:

Christopher Griesmeyer
Zachary Mulcrone
Greiman, Rome & Griesmeyer, LLC
Two N. LaSalle, Suite 1601
Chicago, Illinois 60602

COUNSEL FOR DEFENDANTS

                               /s/ Susan Guerette
                               Attorney for Plaintiff

FP 43397823.4