IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER TAYLOR, FAIRHAVEN WEALTH MANAGEMENT, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | Case No. 1:20-cv-2133 |
| | ) | |
| JENNIFER TAYLOR, FAIRHAVEN WEALTH MANAGEMENT, LLC, | ) ) ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIDELITY BROKERAGE SERVICES LLC, | ) ) | |
| | ) | |
| Counter-Defendant. | ) | |

**COUNTERCLAIMANTS' MOTION TO COMPEL**

Counterclaimants, Fairhaven Wealth Management, LLC ("Fairhaven") and Jennifer Taylor ("Taylor"), hereby move to compel discovery responses from Counter-Defendant, Fidelity Brokerage Services, LLC ("Fidelity").

I. INTRODUCTION

Ms. Taylor and Fairhaven's discovery requests have been pending for more than a year – since **November 19, <u>2020</u>**. Counterclaimants timely served written and oral discovery requests shortly after filing their counterclaims in November of 2020. The Court then stayed all "merits discovery" pending Fidelity's preliminary injunction motion. In January of this year, Fidelity voluntarily withdrew its request for a "Rule 13804" injunction before FINRA, thus mooting its

preliminary injunction. Accordingly, on March 4, 2022, in response to Counterclaimants' motion (Dkt. 101), Fidelity formally withdrew its pending preliminary injunction motion, allowing merits discovery to finally move forward. (Dkt. 107). Now that the stay on merits discovery has been lifted, however, Fidelity *still* refuses to answer the merits discovery Counterclaimants propounded more than fifteen (15) months ago.

Instead, Fidelity believes the Court should now stay *this entire lawsuit*, pending resolution of their FINRA arbitration, which has only just now begun (and for which no arbitrators have been appointed). Fidelity's position is entirely untenable. There is no basis to stay this lawsuit, because *none* of the claims asserted by any of the parties in this action can be arbitrated before FINRA – they can only be resolved in this Court:

- Fidelity's complaint against Fairhaven cannot be arbitrated, because Fairhaven is not a FINRA-member firm;

- Fairhaven's counterclaim against Fidelity cannot be arbitrated, for the same reason; and

- Ms. Taylor's counterclaim against Fidelity cannot be arbitrated, because employment discrimination claims are exempt from FINRA arbitration.

One must keep in mind that Ms. Taylor is the *victim* of employment discrimination here. She experienced both sex and age-based discrimination at Fidelity, which then retaliated against her for complaining about it. (Dkt. 71, at 1-23). Ms. Taylor should not be further punished by having her lawsuit stayed, simply because Fidelity was able to easily "win the race to the courthouse" by hastily filing its FINRA arbitration action before Ms. Taylor had received her statutory right-to-sue letter from the EEOC.

Nor should Fairhaven, a small investment advisory firm, be punished by its competitor – one of the largest financial institutions the world, with more than **$4.2 *trillion*** in assets under management – simply because Fairhaven hired a former Fidelity advisor. Instead, Fairhaven

2

should be allowed to proceed with its counterclaims in this case, independent of the FINRA arbitration that Fidelity filed against Ms. Taylor. Counterclaimants therefore respectfully request the Court to order Fidelity to respond to all outstanding discovery requests within thirty (30) days.

## II. Procedural Background

The Court initially allowed "expedited" discovery in connection with Fidelity's motion for preliminary injunction. Fidelity then stretched that "expedited" discovery for a tortuous period of eight (8) months. After Ms. Taylor and Fairhaven filed counterclaims and served non-expedited, merits-based discovery, the Court stayed all non-expedited discovery pending resolution of the preliminary injunction motion. Fidelity has now withdrawn its preliminary injunction motion, but takes the position that it still does not need to answer Counterclaimants' discovery requests.

### A. Fidelity's "Expedited" Preliminary Injunction Discovery

Fidelity's original complaint in this action asserted claims against only Ms. Taylor for, *inter alia*, her alleged breach of contractual and fiduciary duties. (Dkt. 1). The only relief sought by Fidelity was a preliminary injunction, to aid its contemporaneously-filed FINRA arbitration action. Thus, the sole purpose of this action was originally to determine whether injunctive relief is proper. On May 22, 2020, the Court granted Fidelity's request for expedited discovery in support of its preliminary injunction motion. (Dkts. 17, 29, 30). The Court allowed the parties three days to serve document requests, seven days to respond to document requests, and ten days after the completion of written discovery to take depositions. (*Id.*).

#### 1. Fidelity Staunchly Fought Production

On June 2, 2020, Ms. Taylor timely satisfied all of her discovery obligations, and produced the documents Fidelity had requested. (Fidelity later clarified its requests, and Ms. Taylor timely supplemented her production several days later, on June 5, 2020, and June 9, 2020.) Fidelity,

3

however, did not respond in kind. Instead, Fidelity refused to produce nearly all of the documents Ms. Taylor requested: it timely produced just five (5) documents, forcing Ms. Taylor to move to compel. (Dkt. 42). After the parties briefed the issue, the Court ordered Fidelity to produce most of the documents it was withholding, and to do so by July 2, 2020. (Dkt. 53). Although Fidelity produced some additional documents on July 2, 2020, its production was incomplete. On July 28, 2020, following a lengthy Rule 37.2 discovery conference, Fidelity eventually agreed to produce some of the documents it was withholding (specifically, all calendar entries post-dating March 6, 2020). It has been nearly two years, and Fidelity *still* has not produced those documents.

### 2. **Fidelity Obtained Pre-Suit Discovery from Fairhaven**

As part of the expedited discovery process, the Court allowed Fidelity to serve a third-party subpoena upon Ms. Taylor's employer, Fairhaven, which was not yet a party to this action. (Dkts. 17, 29, 30). Fidelity used that expedited discovery to harass its competitor, Fairhaven, and to try and strongarm Ms. Taylor into settling on unreasonable terms.

On or about May 27, 2020, Fidelity served Fairhaven with its third-party subpoena. (Dkt. 58-1). During the summer of 2020, Fairhaven agreed to produce all of the documents Fidelity sought. By August 14, 2020, Fairhaven had produced around 3,000 pages of documents in response to the subpoena. Fidelity believed that Fairhaven was withholding documents, but Fairhaven confirmed that it did not have within its possession, custody or control any additional documents to produce. Nevertheless, on October 29, 2020, Fidelity moved to compel documents that Fairhaven had already confirmed did not exist. (Dkt. 58). In response, the Court ordered Fairhaven to produce any documents it was withholding or confirm in writing that it had no additional documents to produce. (Dkt. 67). Fairhaven, in fact, had no additional documents, as it had repeatedly told Fidelity. (Dkt. 70).

### 3. **<u>Fidelity Habitually Delayed "Expedited" Depositions</u>**

Fidelity continually delayed the "expedited" depositions of its employees. On May 29, 2020, Ms. Taylor noticed the depositions of Fidelity's affiants, Charles Meyers and Scott Marshall, for June 9 and June 11, 2020. On June 1, 2020, Fidelity began a campaign of deposition delay and avoidance by demanding that Ms. Taylor "pre-clear" her intended deposition topics with Fidelity's counsel in advance, before either Mr. Meyers or Mr. Marshall would be produced, despite that neither were designated Rule 30(b)(6) witnesses. Fidelity's unjustified demand necessitated a series of more than a dozen e-mails between June 1, 2020, and June 8, 2020, as well as another Local Rule 37.2 discovery conference. During this back-and-forth, Ms. Taylor agreed to postpone her depositions of Mr. Meyers and Mr. Marshall until the resolution of her then-pending motion to compel.

After the Court's ruling on the motion to compel, and Fidelity's supplemental production on July 2, 2020, Fidelity *still* refused to allow the depositions of either Mr. Meyers or Mr. Marshall to proceed. Instead, Fidelity pressured Ms. Taylor's employer (Fairhaven) to require her to agree to a stipulated injunction which, in turn, prompted a settlement dialogue. After still more back-and-forth with Fidelity's counsel, Ms. Taylor's counsel finally wrote on September 11, 2020: "[i]f Fidelity is not interested in discussing settlement, then ignore the attached [proposal] and let me know when you and Messrs. Meyers and Marshall are available for depositions." Fidelity refused to provide dates and continued to delay.

On December 2, 2020, the parties filed status reports on the progress of expedited discovery. (Dkt. 73; Dkt. 74). The following day, the Court ordered that the depositions of Ms. Taylor and Fidelity's employees (Mr. Marshall and Mr. Meyers) be completed by January 15, 2021. (Dkt. 75). The parties completed the depositions by that deadline.

### B. FAIRHAVEN AND MS. TAYLOR HAVE NOT BEEN ALLOWED TO CONDUCT MERITS-BASED DISCOVERY ON THEIR CLAIMS

In the midst of all the discovery disputes described above, Fidelity filed an amended complaint on November 4, 2020, re-asserting its same claims against Ms. Taylor, adding a claim for civil conspiracy, and adding her new employer, Fairhaven, as an additional defendant. (Dkt. 61). In addition to seeking injunctive relief against both defendants, Fidelity sought monetary damages (both compensatory and punitive) from Fairhaven under theories of misappropriation of trade secrets, unfair competition, tortious interference, unjust enrichment, and civil conspiracy. (*Id*.). Because Fairhaven is not a FINRA-member firm, Fidelity's claims against Fairhaven **_cannot_** be arbitrated before FINRA. Fidelity's Amended Complaint, thus, grossly expanded the scope of this action from a limited preliminary injunction proceeding to a full case on the merits.

On November 18, 2020, Ms. Taylor and Fairhaven filed separate answers to the amended complaint. (Dkt. 71; Dkt. 72). Along with their respective answers, Ms. Taylor and Fairhaven each asserted a variety of counterclaims against Fidelity. (Dkt. 71; Dkt. 72). As explained below, these counterclaims cannot be arbitrated before FINRA, and can only be resolved in this Court.

#### 1. Ms. Taylor's Counterclaims

In 2018, Fidelity assigned a new branch manager to Ms. Taylor's office; the manager then embarked upon a campaign of discrimination and harassment based on her sex/gender (female) and age (over 40). (Dkt. 71, at 1-23). When Ms. Taylor complained about this discrimination and harassment to Fidelity's management, her branch manager began retaliating against her and, in early 2020, constructively discharged her. (*Id.*). After she joined Fairhaven, Fidelity continued its campaign of retaliation against Ms. Taylor by, among other things, refusing to provide her contact information to former clients (in violation of its own policies and FINRA rules); cutting off Ms. Taylor's access to "Wealthscape" (a Fidelity application that helps manage Fairhaven

6

client accounts custodied through Fidelity); filing this lawsuit and ancillary FINRA action; and otherwise tortiously interfering with her employment relationship with Fairhaven. (*Id.*).

On November 18, 2020, the same day her answer to the amended complaint was due, Ms. Taylor received her Notice of Right to Sue from the EEOC. (Dkt. 71 at ¶ 20). Accordingly, on that date, Ms. Taylor asserted her now-ripe counterclaims for, *inter alia*:

- Sex discrimination in violation of Title VII and the IHRA;
- Age discrimination in violation of the ADEA, Title VII and IHRA; and
- Retaliation under the ADEA, Title VII and IHRA. (Dkt. 71).[1]

Importantly, Ms. Taylor's statutory employment counterclaims are not subject to FINRA arbitration, and ***must*** be adjudicated in this federal court lawsuit. Ordinarily, claims between member firms (such as Fidelity) and associated persons (like Ms. Taylor) are subject to FINRA's mandatory arbitration rules. (FINRA Rule 13200(a)). However, the FINRA Code of Arbitration Procedure expressly states that statutory employment claims – such as Ms. Taylor's Title VII counterclaims – ***cannot be arbitrated before FINRA*** unless all parties agree to do so:

(a) Statutory Employment Discrimination Claims

"A claim alleging employment discrimination, including sexual harassment, in violation of a statute, is not required to be arbitrated under the Code. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose…

(FINRA Rule 13201(a)).

In this case, neither Ms. Taylor nor Fidelity have agreed to arbitrate her Title VII claims; consequently, those claims can only be resolved in this Court.

---

[1] In this action, Ms. Taylor has also asserted common law tortious interference counterclaims. However, now that Fidelity has chosen to move forward with its FINRA arbitration, Ms. Taylor does not intend to pursue those claims here. She will pursue only her statutory employment counterclaims in this action.

## 2. **Fairhaven's Counterclaims**

Fairhaven is a small, independent registered investment advisory firm that previously custodied its client accounts with Fidelity. During the course of this lawsuit (prior to naming Fairhaven as a party), Fidelity engaged in an unlawful extortion scheme against its competitor. More specifically, Fidelity threatened that if Ms. Taylor defended herself in this lawsuit and refused to agree to an injunction against her, Fidelity would (i) kick Fairhaven off of Fidelity's investment platform, forcing Fairhaven to re-custody all of its client accounts with another brokerage firm; (ii) solicit Fairhaven's clients to cease doing business with Fairhaven; and (iii) sue Fairhaven. Ms. Taylor refused to agree to an injunction; so, on November 4, 2020, Fidelity followed through on its threats. It added Fairhaven to this lawsuit, provided a 60-day notice of termination, and informed Fairhaven that it would be soliciting Fairhaven's clients to cease working with Fairhaven. (*See generally* Dkt. 72).

Based on that conduct, in its answer to the amended complaint, Fairhaven asserted counterclaims for:

- Breach of contract;
- Violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act;
- Unfair competition;
- Breach of fiduciary duty;
- Tortious interference with business relationships;
- Unjust enrichment;
- Civil conspiracy; and
- Injunctive relief. (Dkt. 72).

Because Fairhaven is not a FINRA-member firm, its counterclaims against Fidelity (like Fidelity's claims against Fairhaven) can ***only*** be resolved in this federal lawsuit.

### 4. Counterclaimants' (regular, non-expedited) Merits-Discovery

Based on the counterclaims, the parties require discovery concerning, among other things, the circumstances surrounding Fidelity's alleged sex/gender discrimination, harassment, and retaliation. This will include oral and written discovery concerning workplace complaints, disciplinary records, Fidelity's investigation into discriminatory conduct, comparative performance, compensation, and personnel files, Fidelity's decision to threaten Fairhaven, Fidelity's decision to kick Fairhaven off Fidelity's platform and Fidelity's breach of fiduciary duties and interference with clients. The parties will also require oral and written discovery on the issue of "pre-text" concerning any legitimate non-retaliatory reasons proffered by Fidelity concerning its actions, which will include the facts and circumstances of other financial consultants who left Fidelity and engaged in conduct that is similar to (or worse than) the conduct allegedly engaged in by Taylor, including Fidelity's post-employment conduct vis-a-vis those employees.

Accordingly, on November 19, 2020, Fairhaven served Fidelity with Rule 33 interrogatories and Rule 34 requests, along with a Rule 30 deposition notice. Similarly, Ms. Taylor served Fidelity with Rule 33 interrogatories and Rule 34 requests, along with a Rule 30 deposition notice – all focused solely on her ***non-arbitrable*** statutory employment counterclaims.

### 5. The Court Stays Non-Expedited Discovery

When Fidelity amended its complaint in November 2020, it had yet to complete the "expedited" discovery in support of its preliminary injunction motion (which was originally supposed to be completed by mid-June 2020). In its December 2, 2020, discovery status report, Fidelity took the same position it takes now – i.e., that Counterclaimants' non-expedited discovery requests were premature, and that non-expedited discovery should be stayed until after completion of the entire FINRA arbitration action. (Dkt. 74 at 2-3).

Fidelity based that position on a statement the Court made in a November 2, 2020, minute entry – *before* Ms. Taylor and Fairhaven had filed any counterclaims in this proceeding. At that time, the scope of this lawsuit was limited to Fidelity's request for a preliminary injunction; thus, the Court reasonably stated that it "expects to set a briefing schedule on the plaintiff's preliminary injunction motion and to stay further proceedings pending the arbitration of Fidelity's claims against defendant Taylor." (Dkt. 60). A month later, however, Fairhaven had been joined as a Defendant, this matter had expanded from a request for a preliminary injunction to a full case on the merits, and Ms. Taylor and Fairhaven had filed counterclaims. It was wholly unreasonable for Fidelity to take the position that the Court's earlier comments about the anticipated trajectory of this case were set in stone, no matter how drastically the circumstances changed.

Rather than stay discovery until after the completion of the FINRA arbitration (as Fidelity had requested), the Court, on December 3, 2020, stayed discovery *only* until completion of the preliminary injunction motion.[2] (Dkt. 75) ("No discovery concerning the Plaintiff's claim against Fairhaven or the Defendants' counterclaims will be allowed before completion of the 'expedited' discovery that has previously been authorized and completion of briefing on the pending motion for preliminary injunction."). In other words, the Court has already rejected the type of stay Fidelity now believes it is entitled to.

### C. THE PENDING (REGULAR, NON-EXPEDITED) MERITS-BASED DISCOVERY

On March 26, 2021, the parties finished briefing Fidelity's preliminary injunction motion. (Dkt. 84; Dkt. 89; Dkt. 93). On January 12, 2022, Fidelity abandoned its request for Rule 13804 injunctive relief before FINRA, mooting its then-pending motion for preliminary injunction. (Dkt.

---

[2] The Court also directed that "[d]epositions authorized as part of expedited discovery will not include questions pertaining to the counterclaims; deponents in 'expedited' depositions will therefore be subject to further deposition on issues relevant to the counterclaims." (Dkt. 75).

10

101, 107, 108). Fidelity moved to withdraw its preliminary injunction motion and, on March 7, 2022, the Court granted that motion. (Dkt. 107; Dkt. 108). Accordingly, by March 7, 2022, there was no question that (a) the earlier "expedited" discovery had been completed, and (b) any possible briefing on the preliminary injunction motion was completed. Pursuant to the Court's December 3, 2020, order, the discovery stay is now lifted and non-expedited, merits-based discovery may now proceed. (Dkt. 75).[3]

### D. THE PARTIES' LOCAL RULE 37.2 CONFERENCE

On March 8, 2022, Counterclaimants' counsel attempted to schedule a Local Rule 37.2 Conference with Fidelity's lead trial counsel, Susan Guerette, to discuss the issues raised in this motion. Eventually, Ms. Guerette agreed to conduct a telephonic Local Rule 37.2 conference with Counterclaims' lead trial counsel, Chris Griesmeyer, on March 17, 2022. During that call, Fidelity stated that it would not respond to Counterclaimants' merits-based discovery requests, and took the position that this entire lawsuit should be stayed until after Fidelity has completed its FINRA arbitration action against Ms. Taylor.[4]

We explained that there would be no basis to stay discovery once again in this matter, let alone any reason to do so pending the outcome of the *FINRA arbitration* between Fidelity and Ms. Taylor. Fidelity's claims against Fairhaven cannot be arbitrated before FINRA, Fairhaven's claims against Fidelity cannot be arbitrated before FINRA, and Ms. Taylor's Title VII claims cannot be arbitrated before FINRA. Nonetheless, although it could provide no authority for its position, Fidelity's counsel refused to budge. Consequently, after consultation by telephone

---

[3] In its December 3, 2020, Minute Order, the Court also stated that it "will address further discovery scheduling and supervision after briefing on the motion for preliminary injunction has been completed." (Dkt. 75). The Court has not yet set any deadlines by which time this discovery must be completed.

[4] Of course, while refusing to answer Counterclaimants' discovery, Fidelity's counsel has recently taken the inconsistent position that *Fidelity* should be allowed to "commence discovery" on its claims against Ms. Taylor. (Dkt. 105 at 4).

11

between the parties' respective trial counsel, and good faith attempts to resolve their differences, the parties are unable to reach an accord. Counterclaimants must now seek relief from the Court.

### III. LEGAL ANALYSIS

The Court should not grant another stay of discovery. The party seeking a discovery stay does not have an automatic right to a stay. *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 1:13-CV-02009-TWP, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015) (declining to stay discovery). Instead, *the party seeking a stay* – i.e., Fidelity – bears the burden of establishing that there is good cause to stay discovery. *AOT Holding AG v. Archer Daniels Midland Co.*, No. 19-2240, 2020 WL 1472266, at *1 (C.D. Ill. Jan. 22, 2020) (declining to stay discovery); FED. R. CIV. P. 26(c). Here, Fidelity *has not moved* for another stay, much less satisfied the burden of establishing good cause for a stay.

Even if Fidelity had moved for a stay – or, if it does so prior to the Court's March 23, 2022, status hearing, Fidelity could not possibly satisfy its burden. "Courts in this circuit have considered the following factors when deciding whether to stay an action: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *AOT Holding*, 2020 WL 1472266, at *1 (quoting *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) (declining to stay discovery)). None of these factors weighs in favor of a stay.

First, Fairhaven and Ms. Taylor would be prejudiced by another stay of discovery in this lawsuit. A further stay may, for instance, cause memories of witnesses to fade. *See AOT Holding*, 2020 WL 1472266, at *1. Indeed, one of the key individuals Fidelity claims Fairhaven improperly solicited was an elderly man then residing in a memory home (presumably with deteriorating

12

memory). Similarly, individuals might continue to leave Fidelity's employ, in which case their knowledge of the circumstances at issue might be lost to Fidelity for Rule 30(b)(6) purposes. And, to the extent Fidelity is seeking prejudgment interest, that would continue to mount.

Moreover, Rule 1 requires that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, **speedy**, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added). The 1993 Advisory Committee Notes to Rule 1 also emphasize that courts should "ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Accordingly, "when extreme, 'delay itself may be considered prejudicial'…." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 139 (1st Cir. 1985)); *see also Ernst v. City of Chicago*, No. 08 C 4370, 2012 WL 27594, at *2 (N.D. Ill. Jan. 5, 2012) ("there is a point where delay, itself, becomes prejudicial"). Counterclaimants served their discovery requests fifteen (15) months ago. Any further delay would be extreme and, thus, prejudicial in itself.

Second, a stay of discovery will not simplify the issues. The FINRA arbitration will have no effect on any of the claims currently pending in this Court. Moreover, "a stay of discovery is generally appropriate only when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing … or pending resolution of qualified immunity claims." *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (declining to stay discovery). Here, there is no threshold issue dispositive of this whole case. While Fidelity has moved to dismiss the counterclaims, Fairhaven *has not* moved to dismiss Fidelity's claim against it. Thus, there is no question that this case will remain pending – and require will discovery – no matter the outcome of Fidelity's motions to dismiss the counterclaims, and no matter the outcome of the FINRA arbitration.

13

Third, staying discovery would not reduce the burden of litigation. Fidelity's claims against Fairhaven, Fairhaven's counterclaims against Fidelity, and Ms. Taylor's Title VII counterclaims against Fidelity will all remain pending no matter the outcome of the FINRA arbitration. Similarly, Fidelity's claim against Fairhaven will remain pending no matter the outcome of Fidelity's motions to dismiss the counterclaims. The discovery Fidelity will seek on that claim, and the discovery Fairhaven has sought regarding its affirmative defenses to that claim, overlaps almost entirely with the counterclaim-related discovery. "Where," as here, "a stay of discovery is unlikely to significantly expedite the litigation, and may actually slow it down, [the court] will decline to interfere." *New England*, 2013 WL 690613, at *2 (quotations omitted).

In short, if Fidelity had sought a discovery stay, it would not have met its burden of showing "good cause" for a stay. There is no reason for this Court to continue delaying discovery on claims that could never be arbitrated before FINRA, and can only be resolved in this lawsuit.

## IV. CONCLUSION

WHEREFORE, Defendants/Counterclaimants, Jennifer Taylor ("Taylor") and Fairhaven Wealth Management, LLC ("Fairhaven"), respectfully request that the Court enter an order:

A. Requiring Fidelity to respond to Counterclaimant's pending discovery requests within thirty (30) days; and

B. Granting any further relief the Court deems just and reasonable.

Dated: March 17, 2022                 Respectfully submitted,

                                             **JENNIFER TAYLOR and FAIRHAVEN WEALTH MANAGEMENT, LLC Defendants/Counter-Plaintiffs**

                                             By: /s/ *Christopher S. Griesmeyer*
                                                       One of Their Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing ***Counterclaimants' Motion to Compel*** with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

| | |
|---|---|
| Joel W. Rice | Susan M. Guerette |
| Franklin Z. Wolf | FISHER & PHILLIPS, LLC |
| FISHER & PHILLIPS, LLC | 150 N. Radnor Chester Road, Suite C300 |
| 10 South Wacker Drive, Suite 3450 | Radnor, PA 19087 |
| Chicago, Illinois 60606 | sguerette@fisherphillips.com |
| jrice@fisherphillips.com | |
| fwolf@fisherphillips.com | |

    /s/ Christopher S. Griesmeyer
Christopher S. Griesmeyer (ARDC No. 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com